# Exhibit A

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

THE ESTATE OF MARY MASSINO

vs.

ABINGTON TOWNSHIP

NO. 2026-07837

### NOTICE TO DEFEND – CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

RECV'D MCSO MONTCO.PA
2026 MAY -7 A 9:11

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

THE ESTATE OF MARY MASSINO

vs.

ABINGTON TOWNSHIP

NO. 2026-07837

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: DONALD BENEDETTO, ESQ., ID: 309199

Self-Represented (Pro Se) Litigant ☐

Class Action Suit    ☐ Yes    ☒ No

MDJ Appeal    ☐ Yes    ☒ No        Money Damages Requested ☐

Commencement of Action:        Amount in Controversy:

Complaint

Case Type and Code

Miscellaneous: _____

Other

Other:    VIOLATION OF PA CONSTITUTION

2026 MAY -7 A 9:11 RECV'D MCSO MONTCO PA

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

GAMBURG & BENEDETTO, LLC.
Donald Benedetto (309199)
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
P: 215.567.1486

IN THE PENNSYLVANIA COURT OF COMMON PLEAS
MONTGOMERY COUNTY, CIVIL TRIAL DIV.

| | |
|---|---|
| LORENZO DI NATALE as ADMINISTRATOR of the ESTATE OF MARY MASSINO 518 Central Avenue Glenside PA, 19083 | COURT OF COMMON PLEAS CIVIL ACTION NO: |
| Plaintiff, | |
| v. | |
| ABINGTON TOWNSHIP, and CHRISTOPHER PLATZ, in his official and individual capacity as Abington Township Fire Marshall. 1176 Old York Road Abington, PA 19001 | |
| Defendants. | |

**COMPLAINT**

A. **INTRODUCTION.**

1. This is an action brought under 42 U.S.C. §1983 and the laws of the State of

Pennsylvania to hold Abington Township and the Fire Marshal Christopher Platz in his official

and individual capacity accountable for their unreasonable, unlawful, reckless and callous

violation of Plaintiff's rights.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.    The purpose of Article I, Section 8 of the Pennsylvania Constitution is to prevent unreasonable invasions of private property and personal privacy by governmental officials. Article I, Section 8 requires a higher standard for issuing an "administrative warrant" to search a home than does the Fourth Amendment as interpreted in Camara v. Municipal Court, 387 U.S. 523 (1967).

3.    Article I, Section 8 of the Pennsylvania Constitution as interpreted under the holding in Rivera v. Borough of Pottstown (Pa Cmwlth., No 722 C.D. 2019) requires individualized probable cause of a code violation before the issuance of an administrative search warrant.

4.    The First Amendment of the U.S. Constitution protects our fundamental rights to express ourselves, to gather with other people, and to protest our government, among other rights.

5.    The Fourth Amendment of the U.S. Constitution prohibits government officials from making unreasonable searches and seizures of persons, houses, papers and effects.

6.    Defendants have obtained a second Ex Parte Administrative Search Warrant which is based on prior retaliatory violations that were issued when Plaintiff refused an interior inspection pursuant to First, Fourth and Fourteen Amendment rights of the United States Constitution as well as, Article I, Section 8 of the Pennsylvania Constitution.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

## B. THE PARTIES, JURISDICTION AND VENUE.

7.     Plaintiff, Lorenzo Di Natale as Administrator of the Estate of Mary Massino, located at 518 Central Avenue, Glenside PA, 19083, has custody of the properties which is the subject of the instant Ex Parte Administrative Search Warrant located in Abington Township Montgomery County

8.     Defendants Abington Township is a municipality duly organized and existing under the laws of the Commonwealth of Pennsylvania with offices located at 1176 Old York Road, Abington, Pennsylvania.19001 and Christopher Platz in his individual and official capacity as Abington Township Fire Marshal is employed by the municipality.

9.     This Court has jurisdiction over this matter pursuant to 42 Pa. Cons. Stat. 931. Venue is proper in the 38th Judicial District of the Unified Judicial System of Pennsylvania (Montgomery County) Court of Common Pleas under 42 Pa. Cons. Stat. 931 and Pennsylvania Rules of Civil Procedure 1006(a)(1) and 2103(b) because: all currently known Defendants are government entities or officials located within Montgomery County, Defendants may be served in Montgomery County, the cause of action arose and transactions or occurrences took place in Montgomery County, and Plaintiffs are residents/ have property in Montgomery County and were harmed there.

## C.   FACTUAL BACKGROUND.

10.     Abington Township, situated in Montgomery County Pennsylvania maintains a vacant property ordinance (Abington Township Ordinance 2097) that requires vacant properties be registered and inspected. See Exhibit "A".

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

11.    Under the Ordinance, all owners of vacant properties are subject to annual inspections to determine compliance with various building code standards, however it is the policy and custom of Abington Township NOT to require interior inspections under this ordinance "interior inspections are only to be done at the owners request".

12.    Under the Ordinance, "At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations". See Section-126-4 E. Inspection, Exhibit "A".

13.    On or about January 23, 2025 Abington Township announced the "reorganization of the Vacant Property Board".  Defendant, Fire Marshal Christopher Platz spoke at the meeting with respect to the policies and custom of the Vacant Property Board:

"The plan is to notify commercial property owners with a letter stating their property is vacant and must be registered, or if it is on the watch list, inform them that if the property becomes 60% vacant, they will need to register. Registering properties can be done online, and when they are registered, the property will need to go through an initial inspection from our Building Inspector, Property Maintenance Inspector and Fire Inspector. The team will assess the property as to the scope of work to make sure the building is in safe condition and able to be utilized, and that assessment will be done annually.
       The property maintenance team will do general status updates on the exterior of the propertyto make sure the property is not becoming an eyesore and generally in good condition. An internal inspection will not be done unless the property owner requests it".

See Exhibit 'B",January 23, 2025 VPB Minutes.

14.    On or about March of 2025, the Estate of Mary Massino received vacant property registration requests for five (5) properties belonging to the Estate of Mary Massino.

15.    While the five (5) properties belonging to the Estate of Mary Masino are vacant, they have working utilities, a fire monitoring service with direct communication to fire and police departments, and all are secured and current to date with respect to taxes and utility payments.

16.    On or about April 11, 2025 the Estate of Mary Massino, by its representative Lorenzo Di Natale registered five (5) properties as vacant properties pursuant to Ordinance 2097 (vacant property registration), in person at the Municipal Township Building of Abington Township.

17.    At the time of registration, Plaintiff, Administrator Lorenzo Di Natale was met by Defendant Fire Marshal Christopher Platz, who accepted the registrations and commented that "the properties need to be sold or rented because they have been sitting around for too long as they have been abandoned for fifteen (15) years and are an eyesore". Defendant Platz additionally commented "this is going to start to hurt now" referring to the registration fees associated with vacant property registration which increase with time.

18.    On or about April 22, 2025 Defendant, Fire Marshal Christopher Platz while attending the Vacant Property Board meeting acknowledged that the Estate of Mary Massino registered five properties (5) under Ordinance 2097 (vacant property registration) and unprompted by any questions addressed the properties by name:

"the Estate of The Messina properties located at the corner of Jenkintown and Tyson Avenue may need some attention soon, although the property owner submitted his applications. The vacant review process was explained to the owner; however, he may need some constructive feedback.

See Exhibit "C", April 22, 2025 VPB Minutes.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

19.    On or about June 19, 2025 the "constructive feedback" that Defendant Fire Marshal Christopher Platz referenced at the April Vacant Property Board Meeting did not take the form mandated under Abington Township Ordinance 2097, but instead took the form of repeated demands for interior inspections of the properties pursuant to the properties being registered under Ordinance 2097 (Vacant property registration), See Exhibit "D", email of June 19th, 2025.

20.    The mandates of Abington Township Ordinance 2097 require an inspection be performed of registered properties and owners advised of any violations found. Defendant, Fire Marshal Christopher Platz never advised Plaintiff of any violations or problems pertaining to the registered properties and as such, no notice of violations or an order to correct such violations was ever issued.

21.    Plaintiff, never received a "team assessment of the properties" that Defendant Fire Marshal Christopher Platz promised when he spoke at the "reorganization of the Vacant Property Board" indicating that the properties had violations, problems or were unsafe because the properties did not have violations, have any problems and were not unsafe. See Exhibit "B", January 23, 2025 VPB Minutes.

22.    Defendant, Fire Marshal Christopher Platz insisted to Plaintiff, Lorenzo Di Natale that an interior inspection must be performed under Ordinance 2097 (vacant property registration) once vacant properties are registered despite Plaintiff questioning the need for such an inspection due to the properties being violation free. See Exhibit "D", email of June 19th, 2025.

23.    Defendant, Fire Marshal Christopher Platz's position in his email response of June 19th, 2025 to Plaintiff, Lorenzo Di Natale was in direct contradiction to his earlier

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

proclamation concerning the policy and custom voiced at the reorganization of the Vacant Property Board meeting that "interior inspections under Abington Township Ordinance 2097 are not performed unless requested by the owner of the properties". See Exhibit 'B', January 23, 2025 VPB Minutes.

24.    Defendant, Fire Marshal Christopher Platz's demands for interior inspections of the properties, despite contrary policy and custom which he voiced, coupled with a complete lack of any notice of violations issued by a "team assessment of the properties" is indicative of a deliberate indifference to the rights of the Plaintiff and a complete lack of probable cause that would warrant an interior search of the properties.

25.    On or about June 26, 2025, the numerous demands for interior inspections by Defendant, Fire Marshal Christopher Platz, coupled with the lack of any notice of violations pursuant to the mandates of Abington Township Ordinance 2097 prompted an email from Plaintiff, Lorenzo Di Natale to Mr. Yoni Hirt, Chairman of the Vacant Property Board titled "in the interest of transparency". See Exhibit "E", email of June 26, 2025.

26.    Plaintiff, Lorenzo Di Natale advised Mr. Hirt of Defendant Fire Marshal Christopher Platz's conduct and questioned why an interior inspection of "the Properties" was being demanded by the Fire Marshal when the properties that were registered are violation free and Defendant, Fire Marshal Christopher Platz himself stated that pursuant to policy and custom "an internal inspection will not be done unless the property owner requests it". See Exhibit "E", email of June 26, 2025.

27.    While speaking to Mr. Yoni Hirt, Chairman of the Vacant Property Board by telephone to Mr. Di Natale, Mr. Hirt indicated that he had no idea why this was happening but that the properties did not appear "blighted" and did not see a need for their discussion at Vacant Property Board meetings.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

28. Mr. Yoni Hirt, Chairmain of the Vacant Property Board, asked for and received permission to share the email that was delivered to him by Plaintiff at the Vacant Property Board meeting that was scheduled on June 26, 2025. Thereafter, all demands for access to the properties of the Estate of Mary Massino to conduct an interior inspection by Defendant, Fire Marshal Christopher Platz ceased and the properties belonging to the Estate of Mary Massino were no longer mentioned at Vacant Property Board meetings by Defendant Platz.

29. Approximately two (2) months later Lorenzo Di Natale contacted Melissa A. Osbourne of the Abington Township Solicitor's Office and advised Ms. Osbourn that while doing due diligence to sell the properties belonging to the Estate of Mary Massino, he noticed an open case (Case #2022-06292) which was drawing negative attention by potential purchasers. Plaintiff, Lorenzo Di Natale noted that the preliminary injunction requested in the case by Abington Township seeking interior access to the properties based on alleged code violations and structural deficiencies had been "dismissed with prejudice", and questioned why the case was still open since the properties had been violation free for years.

30. Ms. Osbourne advised Plaintiff, Lorenzo Di Natale that she had to check with Defendant, Fire Marshal Christopher Platz for approval to close the case since it involved alleged property code violations.

31. Eventually, Case #2022-06292 was closed by the Abington Township Solicitor's office with the approval of Defendant Fire Marshal Christopher Platz.

32. Plaintiff, Lorenzo Di Natale was not advised (verbally or in writing) by Defendant Fire Marshal Christopher Platz, or Assistant Solicitor Melissa Osbourne of any notice of code

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

violations or other issues pertaining to any of the properties of the Estate of Mary Massino during this entire period and no notices of violations were filed of record.

33.     On or about February 11, 2026 Fire Marshal Christopher Platz again demanded an interior inspection of the properties belonging to the Estate of Mary Massino premised on a "Fire Inspection". See Exhibit "F", email of February 11, 2026.

34.     Defendant, Fire Marshal Christopher Platz did not have an administrative search warrant, nor did the circumstances involve an active fire or immediate, exigent emergency. In fact, all the properties had been violation and problem free for years and Plaintiff was never informed that any violations or problems were present.

35.     Plaintiff, Lorenzo Di Natale, sent an email inquiry to Mr. Yoni Hirt, Chairman of the Vacant Property Board asking if he was aware of any problems with the registered properties of the Estate of Mary Massino that could prompt a request for an interior inspection. See Exhibit "G".

36.     Mr. Yoni Hirt, Chairmain of the Vacant Property Board replied that Defendant, Fire Marshal Christopher Platz had not mentioned the registered properties pertaining to the Estate of Mary Massino in any of the meetings that had taken place since Plaintiff, Lorenzo Di Natale's previous email in June of 2025. See Exhibit "G".

37.     Plaintiff, Lorenzo Di Natale, as Administrator of the Estate of Mary Massino informed Defendant, Fire Marshal Christopher Platz that the owner did not consent to an interior inspection and questioned the need for an interior inspection since the properties were violation free and compliant in all legal respects.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

38.     Defendant Fire Marshal Christopher Platz did not respond to Lorenzo Di Natale's email requesting clarification of the "fire inspection" and instead obtained an Ex Parte Administrative Search Warrant to search the interior of all the registered vacant properties belonging to the Estate of Mary Massino.

39.     The Ex Parte Administrative Search Warrant obtained by Defendant Fire Marshal Christopher Platz contained no violations in its probable cause section, and, no mention of a "fire inspection" Instead, the reason noted for the Administrative Search Warrant as "delayed and refused access"…and that an "inspection was warranted under Ordinance 2097 (Vacant property registration). See Exhibit "H", first Ex Parte Administrative Search Warrant.

40.     Plaintiff, Lorenzo Di Natale was forced to hire an attorney to contest the Ex Parte Administrative Search Warrant seeking to perform an interior inspection of all of the Estate's properties based solely on the refusal of Lorenzo Di Natale as Administrator of the Estate of Mary Massino to grant access to the properties as directed by the owner.

41.     Defendant, Fire Marshal Christopher Platz subsequently, immediately withdraw the Ex Parte Administrative Search Warrant based on Plaintiff's refusal to grant access to the Properties. See Exhibit "I", email of March 13, 2026.

42.     Defendant's conduct of obtaining an Ex Parte Administrative Search Warrant which was subsequently immediately withdrawn was a retaliatory action which was taken by Defendant Fire Marshal Platz solely for Plaintiff, Lorenzo Di Natale as Administrator of the Estate of Mary Massino exercising his Fourth Amendment right to refuse entry, with no probable cause or legitimate purpose other than to intimidate and harass Plaintiff.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

43.        On March 23, 2026 Defendant, Fire Marshal Christopher Platz subsequently issued forty-eight (48) notices of violations to the Estate of Mary Massino c/o Plaintiff Lorenzo Di Natale, stating they must be complied with by April 05, 2026 and additionally warning that an interior inspection of the properties was expected no later than April 17, 2025. See Exhibit "J", email of March 23, 2026.

44.        Defendant, Fire Marshal Christopher Platz, also issued six (6) violations to a garage located at 475 Tyson Avenue, Glenside, PA 19038 which is not registered as a vacant property but is owned by the Estate of Mary Massino. See Exhibit "J", email of March 23, 2026.

45.        The issuance of forty-eight (48) notices of violations was a retaliatory action taken by the Defendant, Fire Marshal Christopher Platz solely for Plaintiff, Lorenzo Di Natale as Administrator of the Estate of Mary Massino exercising his Fourth Amendment right to refuse entry without a warrant and challenging the baseless Ex Parte Administrative Search Warrant which was subsequently immediately withdrawn.

46.        Despite compliance with the alleged forty-eight (48) notices of violations issued by Defendant Fire Marshal Christopher Platz and Plaintiff informing Defendant that allegations that the buildings were found to be structurally unsound were proven false by an engineer, Defendant, Fire Marshal Christopher Platz continued his harassment of The Estate of Mary Massino, via Plaintiff Lorenzo Di Natale, stating he expected to conduct an interior inspection of the properties that were cited as he "is extremely concerned as to the structural safety of the property". See Exhibit "K", email of April 17, 2026.

47.        Defendant Fire Marshal Christopher Platz  not only threatened additional violations if an interior inspection is not authorized by Lorenzo Di Natale as Administrator of the

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Estate of Mary Massino but also stated that he would obtain a second Administrative Search Warrant: "If an inspection as noted is not authorized and completed by end of business on Friday, April 24th, I will proceed with seeking an Administrative Search Warrant based on the conditions noted in the NOV's and any other as appropriate". See email Exhibit "K", email of April 17, 2026.

48.     Despite the additional threats, On April 23, 2026 Lorenzo Di Natale advised Defendant Fire Marshal Christopher Platz that an interior inspection of the properties is not consented to.

49.     Defendant, Fire Marshal Christopher Platz then obtained a second Ex Parte Administrative Search Warrant which is based on prior retaliatory violations that were issued when Plaintiff refused an interior inspection pursuant to First, Fourth and Fourteen Amendment rights of the United States Constitution as well as, Article I, Section 8 of the Pennsylvania Constitution. See second Administrative Search Warrant, Exhibit "L".

### D.    INJURY TO PLAINTIFF.

50.     Defendant, Fire Marshal Christopher Platz has been targeting and harassing Plaintiff since the properties were registered as vacant properties pursuant to Township Ordinance 2097 on April 11, 2025.

51.     Defendant, Fire Marshal Christopher Platz's demands for an interior inspection of the registered properties have been baseless as not a single notice of violation or request to abate a violation has ever been issued pursuant to the mandates of Township Ordinance 2097, Section-126-4 E. Inspection. See Exhibit "A".

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

52.    Defendant, Fire Marshal Christopher Platz has now issued retaliatory notices of violations against the lawfully registered properties based on Plaintiff exercising Pennsylvania and United States Constitutional rights to decline a warrantless interior inspection and continues to do so. See Exhibit "H".

53.    Plaintiff does not want Township inspectors to enter properties as they are not open to the public and lawfully registered under Township Ordinance 2097, Section-126-4 E. Inspection. See Exhibit "A".

54.    Plaintiff does not want Township inspectors to enter properties as it is the policy of Abington Township NOT to require interior inspections under this ordinance "interior inspections are only to be done at the owners request." See Exhibit "B".

55.    Even if it was the policy of Abington Township to conduct interior inspections of properties under Abington Township Ordinance 2097, Section-126-4 E. Inspection, Article I, Section 8 of the Pennsylvania Constitution ,as interpreted under the holding in Rivera v. Borough of Pottstown (Pa Cmwlth., No 722 C.D. 2019) requires individualized probable cause of a code violation before the issuance of an administrative search warrant, not merely the refusal of the owner as stated in the probable cause section of the first ex parte administrative search warrant that was issued by the Defendant, Fire Marshal Christopher Platz.

56.    Plaintiff does not want Township employees to continue to issue retaliatory Administrative Search Warrants and Notices of Violations when the Plaintiff exercises its Pennsylvania and United States Constitutional rights in refusing an interior inspection of their properties. See Exhibit "H".

57.    Plaintiff has already had to fend off an unsupported attempt to search these properties in 2022. The result of the Petition that was filed by Abington Township at that time

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

seeking injunctive relief and interior inspections was a dismissal with prejudice. See Case# 2022-06292 ABINGTON TOWNSHIP v. MARY MASSINO.

58.    Defendant, Fire Marshal Christopher Platz has already advanced five (5) baseless reasons to Plaintiff in an attempt to secure his collateral objective of an interior inspection of the properties despite there being no violations against any of the properties until Plaintiff refused an internal inspection.

59.    Defendant, Fire Marshal Christopher Platz has stated to Plaintiff that "interior inspections under Ordinance 2097 (Vacant Property Registry) are warranted" despite publicly stating that interior inspections are not performed under that Ordinance or the Vacant Property Board's objectives. See Exhibit "D", email of June 19th, 2025.

60.    Defendant, Fire Marshal Christopher Platz has stated to Plaintiff that a "fire inspection was due" as the reason for an interior inspection but then curiously failed to include that on his first Ex Parte Administrative Search Warrant which was subsequently immediately withdrawn and instead stated "Ordinance 2097" on the Ex Parte Administrative Search Warrant as the reasoning for the request. See Exhibit "F", email of February 11, 2026.

61.    Defendant, Fire Marshal Christopher Platz, issued forty-eight (48) retaliatory violations and stated that "an interior inspection of the properties was expected no later than April 17, 2025". See Exhibit "J", email of March 23, 2026.

62.    Defendant, Fire Marshal Christopher Platz subsequently issued another demand for an interior inspection of the properties but this time added that he "is extremely concerned as to the structural safety of the property" based on the forty-eight (48) retaliatory Notices of Violations that were issued when Plaintiff refused his demand for an interior inspection of the properties. See Exhibit "K", email of April 17, 2026.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

63.    Defendant, Fire Marshal Christopher Platz has now made good on his threats stated in his email of April 17, 2026 and has obtained a second Ex Parte Administrative Search Warrant to search sic (6) properties. See Exhibit "L".

64.    The Ex Parte Administrative Warrants were submitted to the Honorable District Judge Juanita A. Price for approval.

65    Defendant, Fire Marshal Christopher Platz based the Ex Parte Administrative Search Warrants on deliberate falsehoods designed to make the properties appear dilapidated and non-compliant to current code standards in an attempt to secure interior access to the properties of the Estate of Mary Massino via the Ex Parte Administrative Search Warrants.

66.    Defendant, Fire Marshal Christopher Platz based the Ex Parte Administrative Search Warrants on conditions he knew to be falsehoods as they had previously been addressed weeks earlier and informed of such via emails from Plaintiff, Lorenzo Di Natale and subsequent inspections by the Fire Marshal's office.

67.    The current condition of the properties of the Estate of Mary Massino bear no resemblance whatsoever to those depicted in the Ex Parte Administrative Search Warrants that Defendant submitted to the Honorable District Judge Juanita A. Price for approval. See Exhibit "M".

68.    Without a judgment declaring the conduct of Abington Township and Defendant, Fire Marshal Christopher Platz in his individual and official capacity as Abington Township Fire Marshal to be illegal and an injunction against their enforcement authorized, Plaintiffs will be subjected to pretextual code violations, repeated attempts to obtain warrants, and to unconstitutional searches and retaliatory actions.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

69.     Plaintiff has a right under Article I, Section 8 of the Pennsylvania Constitution to an independent judicial determination that the Township has individualized probable cause to search their private property, which must consist of individualized suspicion that the law has been violated within the targeted property, before Defendants are allowed to intrude into and search Plaintiff's private property under the Ordinance.

70.     The conduct of Abington Township and Christopher Platz in his individual and official capacity as Abington Township Fire Marshal, as applied by Defendants against Plaintiffs, have violated or imminently threaten to violate Article I, Section 8 of the Pennsylvania Constitution as the only reason basis for the request of the second Ex Parte Administrative Search Warrant by Defendants is rooted in the retaliatory violations issued to the Plaintiff when the Plaintiff asserted his rights under Article I, Section 8 of the Pennsylvania Constitution to refuse the demand for an interior inspection of the properties belonging to the Estate of Mary Massino.

71.     The conduct of Abington Township and Christopher Platz in his individual and official capacity as Abington Township Fire Marshal, as applied by Defendants against Plaintiffs, have violated or imminently threaten to violate the First Amendment of the United States Constitution, as the only basis for the request of the second Ex Parte Administrative Search Warrant by Defendants is rooted in the retaliatory violations issued to the Plaintiff when the Plaintiff asserted his First Amendment right under the United States Constitution to refuse an interior inspection of the properties belonging to the Estate of Mary Massino which are not open to the public.

72.     The conduct of Abington Township and Christopher Platz in his individual and official capacity as Abington Township Fire Marshal, as applied by Defendants against Plaintiffs, have violated or imminently threaten to violate the Fourth Amendment of the United States Constitution, as the only basis for the request of the second Ex Parte Administrative Search

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Warrant by Defendants is rooted in the retaliatory violations issued to the Plaintiff when the Plaintiff asserted his First Amendment right under the United States Constitution to refuse an interior inspection of the properties belonging to the Estate of Mary Massino which are not open to the public.

73.    Plaintiff has no adequate legal, administrative, or other remedy by which to prevent or minimize the irreparable harm to their constitutional rights caused or imminently threatened by the inspection requests, as applied by Defendants.

74.    Plaintiff has suffered and continues to suffer emotional and financial distress as a direct and proximate cause of the callous acts of Defendants their agents, employees, servants, and representatives.

75.    Unless Defendants, their agents, employees, servants, and representatives are permanently enjoined from enforcing such requirements except in accordance with the traditional individualized probable cause standard of Article I, Section 8 of the Pennsylvania Constitution, Plaintiffs will continue to suffer, and be imminently threatened by, great and irreparable harm consisting of the deprivation of their rights guaranteed by Article I, Section 8 of the Pennsylvania Constitution.

76.    Unless Defendants, their agents, employees, servants, and representatives are permanently enjoined from enforcing such requirements except in accordance with the First and Fourth Amendments To the United States Constitution, Plaintiffs will continue to suffer, and be imminently threatened by, great and irreparable harm consisting of the deprivation of their rights to oppose an interior inspection of their properties without retaliatory conduct as guaranteed by The United States Constitution.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## E.   CAUSES OF ACTION.

## COUNT I.

## 42 U.S.C. § 1983 Retaliation for Exercise of Fourth Amendment Rights Against Defendant Fire Marshal Christopher Platz in his individual capacity.

77.    Plaintiff incorporates paragraphs 1-76.

78.    Defendant, Fire Marshal Christopher Platz was at all relevant times a state actor and person acting under color of state law within the meaning of 42 U.S.C. § 1983 because he is employed by Abington Township, Montgomery County Pennsylvania.

79.    The Fourth Amendment of the United States Constitution protects individuals against unreasonable searches and seizures, including by administrative officials.

90.    It is clearly established that a property owner has the right to refuse a warrantless, non-consensual interior administrative inspection.

91.    Defendant Fire Marshal Christopher Platz, acting under color of law, retaliated against Plaintiff for exercising his Fourth Amendment constitutional right to deny access to the properties for a warrantless inspection.

92.    Defendant, Fire Marshal Christopher Platz's retaliation against Plaintiff consisted of first obtaining an Ex Parte Administrative Search Warrant premised only on Plaintiff's refusal to allow access to the properties, which was subsequently immediately withdrawn when Plaintiff was forced to hire an attorney at a substantial fee to contest it. See Exhibit "H", first Ex Parte Administrative Search Warrant.

93.    Defendant, Fire Marshal Christopher Platz's retaliation additionally consisted of issuing forty-eight (48) notices of violations against properties owned by the Estate of Mary

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Massino and threatening to issue additional violations if an interior inspection of the properties was not agreed to. See Exhibit "J", email of April 17, 2026.

94.   The premise of the Plaintiff's claim of retaliation by Defendant Fire Marshal Christopher Platz is supported by the sheer number of alleged notice of violations issued to properties which were previously violation free, the nature of the alleged notice of violations which contained a renewed demand for access to inspect the properties, and the timing of the alleged notices of violations which coincided within a few days of Plaintiff refusing access to the properties.

95.   Defendant Fire Marshal Christopher Platz's actions were reckless, callous and the direct and proximate cause of violations of Plaintiff's Pennsylvania and United States Constitutional, and other legal rights as well as, pain, suffering, mental distress, anguish, humiliation, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## COUNT II.

### 42 U.S.C. § 1983 Retaliation for Excercise of First Amendment rights against Defendant Fire Marshal Christopher Platz in his individual capacity.

96.   Plaintiff incorporates paragraphs 1-95.

97.   The First Amendment of the United States Constitution protects our fundamental rights to express ourselves, to gather with other people, and to protest our government, among other rights.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

98.    Refusing consent to an unlawful search constitutes protected speech/conduct under the First Amendment of the United States Constitution.

99.    It is clearly established that an individual has a right to speak and be heard with respect to matters of public concern.

100.    Submitting inquiries to the Vacant Property Board concerning the conduct of Defendant Fire Marshal Christopher Platz in the interest of transparency is a matter of public concern and constitutes protected speech/conduct under the First Amendment.

101.    Defendant, Fire Marshal Christopher Platz's retaliation against Plaintiff consisted of first obtaining an Ex Parte Administrative Search Warrant premised only on Plaintiff's refusal to allow access to the properties, which was subsequently immediately withdrawn when Plaintiff was forced to hire an attorney at a substantial fee to contest it. See Exhibit "H", first Ex Parte Administrative Search Warrant.

102.    Defendant, Fire Marshal Christopher Platz's retaliation additionally consisted of issuing forty-eight (48) notices of violations against properties owned by the Estate of Mary Massino and threatening to issue additional notices of violations if an interior inspection of the properties was not agreed to. See Exhibit "K", email of April 17, 2026.

103.    Plaintiff's act of Submitting inquiries to the Vacant Property Board concerning the conduct of Defendant Fire Marshal Christopher Platz in the interest of transparency is a matter of public concern and was a motivating factor in Defendant Fire Marshal Christopher Platz's, retaliatory conduct as described above.

104.    The premise of the Plaintiff's claim of retaliation by Defendant Fire Marshal Christopher Platz is supported by the sheer number of alleged notice of violations issued to properties which were previously violation free, the nature of the alleged notice of violations

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

which contained a renewed demand for access to inspect the properties, and the timing of the alleged notices of violations which coincided within a short time of submitting an email to the Vacant Property Board and refusing Defendants' demand for access to the properties for an interior inspection.

105. Defendant Fire Marshal Christopher Platz's retaliatory actions were taken to chill, deter, and punish Plaintiff for speaking out and protecting the privacy of the Estate of Mary Massino and voicing matters of public concern.

106. A reasonable person in Plaintiff's position would be deterred from exercising their Constitutional rights due to Defendant, Fire Marshal Christopher Platz's retaliatory actions.

107. Defendant Fire Marshal Christopher Platz's actions were the direct and proximate cause of violations of Plaintiff's Pennsylvania and United States Constitutional, and other legal rights as well as pain, suffering, mental distress, anguish, humiliation, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## COUNT III.

### Wrongful use of Civil Proceedings against Defendant Fire Marshal Christopher Platz in his individual capacity.

108. Plaintiff incorporates paragraphs 1-107.

109. Defendant, Fire Marshal Christopher Platz was at all relevant times a state actor and person acting under color of state law within the meaning of 42 U.S.C. § 1983 because he is employed by Abington Township, Montgomery County, Pennsylvania.

110. Defendant Fire Marshal Christopher Platz obtained an Ex Parte Search Warrant against Plaintiff, while knowing the charges were baseless and lacked probable cause. The

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

proceedings were subsequently terminated in Plaintiff's favor when the Ex Parte Administrative Search Warrant was immediately withdrawn in a manner indicative of Plaintiff's innocence, Defendant Platz's recklessness and the Administrative Search Warrant's lack of merit.

111.   By the time the Ex Parte Administrative Search Warrant was withdrawn by Defendant, Fire Marshal Christopher Platz, Plaintiff had suffered mental anguish, humiliation and legal expenses.

112.   Defendant Fire Marshal Christopher Platz acted intentionally and with malice and knowing disregard for Plaintiff's established constitutional right to refuse an interior inspection of the properties belonging to the Estate of Mary Massino as Defendant Platz did not even have the courtesy to respond to Plaintiff when he questioned the demand for an interior inspection via email. See Exhibit "F", email of February 11, 2026.

113.   Defendant Fire Marshal Christopher Platz's actions were reckless, callous and the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including mental distress, anguish, humiliation, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## COUNT IV.

### Abuse of process against Defendant Fire Marshal Christopher Platz in his individual capacity.

114.   Plaintiff incorporates paragraphs 1-113.

115.   Defendant, Fire Marshall Christopher Platz was at all relevant times a state actor and person acting under color of state law within the meaning of 42 U.S.C. § 1983 because he is employed by Abington Township, Montgomery County Pennsylvania.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

116. Defendant Fire Marshal Christopher Platz, without proper excuse or justification, improperly utilized the judicial process to retaliate against Plaintiff for exercising his constitutional rights.

117. Defendant Fire Marshal Christopher Platz first obtained a baseless Ex Parte Administrative Search Warrant. When the warrant was contested, he withdrew it immediately. Defendant Platz then issued numerous retaliatory notices of violations with the collateral objective being to compel entry into the properties or face yet more judicial actions which were threatened in the form of a Second Administrative Warrant which was obtained.

118. In so doing, the Defendant, Fire Marshal Christopher Platz inflicted harm on Plaintiff through the use of the judicial process to obtain an ultimate collateral objective of entry into the properties owned by the Estate of Mary Massino.

119. Defendant Fire Marshal Christopher Platz's actions were reckless, callous and the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including mental distress, anguish, humiliation, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## F.  REQUEST FOR RELIEF.

WHEREFORE, Plaintiff requests that this Court:

a.    Declare that the acts and omissions of the Defendants described herein violated the Fourteenth, Fourth and First Amendments of the United States Constitution;

b.    Enter a preliminary and permanent injunction prohibiting Defendants from retaliating

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

against Plaintiff for exercising their rights to refuse an interior inspection of the properties belonging to the Estate of Mary Massino;

c.     Enter a preliminary and permanent injunction prohibiting Defendants from seeking warrants to conduct interior inspections under Abington Township Ordinance 2097, Section-126-4 E or other similar programs with less than traditional, individualized probable cause as guaranteed by Article I, Section 8 of the Pennsylvania Constitution or based on retaliatory conduct.

d.     Award compensatory damages in an amount to be proven at trial;

e.     Award punitive damages against Defendant Fire Marshal Christopher Platz in his individual capacity;

f.     Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

g.     Grant such other relief as this Court deems just and proper.

/S/Donald Benedetto
GAMBURG & BENEDETTO
By: Donald Benedetto, Esquire
Atty. I.D. #309199
1500 JFK Blvd., Suite 1203
Philadelphia, PA 19102
(215) 567-1486
(215) 940-6661 (fax)
ATTORNEY FOR PLAINTIFF:
Lorenzo Di Natale as Administrator
Of the Estate of Mary Massino

Dated: April 30, 2026.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE PENNSYLVANIA COURT OF COMMON PLEAS
MONTGOMERY COUNTY, CIVIL TRIAL DIV.

LORENZO DI NATALE as
ADMINISTRATOR of the
ESTATE OF MARY MASSINO

Plaintiff,

v.

ABINGTON TOWNSHIP, and
CHRISTOPHER PLATZ, in
his official and individual
capacity as Abington
Township Fire Marshall.

Defendants.

COURT OF COMMON PLEAS

CIVIL ACTION NO:

## ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Complaint to enjoin Defendants Abington Township, and Christopher Platz, in his official

and individual capacity as Abington Township Fire Marshall from conducting interior

inspections of registered vacant properties without individualized suspicion that the law has

been violated within the targeted property, AND retaliating against Plaintiff for exercising their

rights to refuse an interior inspection of the properties under the Pennsylvania and United States

Constitution. Plaintiff's request is GRANTED.

BY THE COURT:

_____
J.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE PENNSYLVANIA COURT OF COMMON PLEAS
MONTGOMERY COUNTY, CIVIL TRIAL DIV.

| | |
|---|---|
| LORENZO DI NATALE as ADMINISTRATOR of the ESTATE OF MARY MASSINO<br><br>Plaintiff, | COURT OF COMMON PLEAS<br><br>CIVIL ACTION NO: |
| v. | |
| ABINGTON TOWNSHIP, and CHRISTOPHER PLATZ, in his official and individual capacity as Abington Township Fire Marshall.<br><br>Defendants. | |

## CERTIFICATION OF SERVICE

I, Donald Benedetto, Esq., do hereby certify on this date that I caused the foregoing

Complaint to be served upon:

        Rufus A. Jennings, Esquire
        Clarke Gallagher Barbiero Amuso & Glassman Law
        1300 VIRGINIA DR STE 405
        FORT WASHINGTON, PENNSYLVANIA 19034

                        /S/Donald Benedetto

Dated: April 30, 2026.

Case# 2026-07837-0 Docketed at Montgomery County Prothonotary on 04/30/2026 1:09 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

Lorenzo Di Natale, as Administrator of the Estate of Mary Massino being duly sworn according to law, deposes and says that the foregoing statements are true and correct to the best of his knowledge, information, and belief, and he understands that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Sec. 4909, relating to unsworn falsification to authorities.

/S/Lorenzo Di Natale
Lorenzo Di Natale, Esquire
as Administrator of the Estate
of Mary Massino

Dated: April 30, 2026.

EXHIBIT "A"

TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

ORDINANCE NO. 2097

AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY –
VACANT PROPERTIES"

WHEREAS, the Township of Abington is a Township of the First Class, duly organized
and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

WHEREAS, pursuant to section 1502.44 of the First Class Township Code of the
Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority
to enact and amend provisions of the Abington Township Code ("Code") at any time it deems
necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and
comfort of the Township and the inhabitants thereof; and

WHEREAS, pursuant to section 1502.10 of the First Class Township Code of the
Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority
to take all needful means for securing the safety of persons or property within the Township; and

WHEREAS, the Board of Commissioners of the Township of Abington has determined
that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health,
safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and
the inhabitants thereof.

NOW, THEREFORE, the Board of Commissioners of the Township of Abington does
hereby ENACT and ORDAIN as follows:

1.  Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in
    Exhibit "A" attached hereto.

2.  All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

- 3. This Ordinance shall become effective five (5) days after enactment.

ORDAINED AND ENACTED this _9th_ day of _July_ , 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

Exhibit "A"

## §126-1.        Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings. The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

## §126-2.        Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

  A. "Boarded" – A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

  B. "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

  C. "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same. For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

  D. "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E.  "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F.  "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.   Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.   Registration Statement and Fees; Local Agent

A.  Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1.  For purposes of this Ordinance, the following shall also be applicable:

    i.  If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

    ii.  If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

    iii.   If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

    iv.   If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

    v.   If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

    vi.   If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2. Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3. Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B. Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C. Registration Fees

{00311254;v4}

1. There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2. A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3. A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4. A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5. For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D. Waiver of Registration Fee.

1. Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

   i. The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

   ii. The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

      iii.   The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

      iv.   All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2.   The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above. The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3.   At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors. It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E.  Inspection.    At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

## §126-5.     Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice. On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

## §126-6.     Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

## §126-8.     Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

### §126-9.    Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

### §126-10.    Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable. This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

### §126-11.    Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

### §126-12.    Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

Case 2:26-cv-03216   Document 1-1   Filed 05/12/26   Page 40 of 398

# EXHIBIT "B"

# ABINGTON TOWNSHIP

# MARCH 27, 2025



# VACANT PROPERTY REVIEW BOARD

# TOWNSHIP OF ABINGTON

*VACANT PROPERTY REVIEW BOARD*

## AGENDA
## March 27, 2025
## 5:00 PM

There are two ways for the public to participate in the meeting: online or by phone. Residents can access the meeting online, by a computer, iPad, iPhone or Android at https://us06web.zoom.us/j/85353339569. This link will enable residents to hear the meeting and see presentations. There will be no video capabilities. Residents, who are unable to join online, can listen to the meeting by calling 1-929-436-2866 and entering the meeting ID number 853-5333-9569 when prompted.

**CALL TO ORDER**

**CONSIDER APPROVAL OF MINUTES**

a.  Motion to approve the Minutes from the Vacant Property Review Board Meeting of January 23, 2025.

**UNFINISHED BUSINESS**

**NEW BUSINESS**

a. Update on Registrations - *Chris Platz*
b. Review of the Vacant Property Review Board Map -*Chris Platz*

**PUBLIC COMMENT**

**ADJOURNMENT**

2

## BOARD POLICY ON PUBLIC PARTICIPATION

### *For Information Purposes Only*

The Township shall conduct business in accordance with the Commonwealth of Pennsylvania Laws governing the conduct of public meetings and only establish guidelines that shall govern public participation at meetings consistent with the law.

Each commenter shall:

- Direct their comments to the Presiding Officer;
- Speak from the podium or into a microphone designated by the presiding officer;
- State their name for the record;
- Either orally or in writing provide their address for the record;
- Have a maximum of three minutes to make their comments. Each commenter when speaking to a specific agenda item, is to keep their comments relative to that identified agenda item;
- Speak one time per agenda item;
- When commenting on non-agenda items, the commenter is to keep their comments related to matters of the Township of Abington, Montgomery County, Pennsylvania.
- State a question to the Presiding Officer after all commenters have spoken, and;
- Be seated after speaking or upon the request of the presiding officer;
- Not engage in debate, dialogue or discussion;
- Not disrupt the public meeting, and;
- Exercise restraint and sound judgement in avoiding the use of profane language, and the maligning of others.

Vacant Property Review Board Meeting                                    January 23, 2025

The stated meeting of the Vacant Property Review Board of the Township of Abington was held on Thursday, January 23, 2025 via webinar.

**CALL TO ORDER:**          5:03 p.m.

**ROLL CALL:**              Present: Commissioner Spiegelman, Yoni Hirt, Richard
                            Goldstone
                            Excused: Michael Schlaghaufer

                            Also Present: Chris Platz, Fire Marshal

**PRESENTATION:** None.

**UNFINISHED BUSINESS:**

Reorganization of the Vacant Property Review Board –

Commissioner Spiegelman said this is the reorganization of the VPRB that was created by the adoption of Ordinance No. 2098 on July 9, 2015, and at that time, this body was formed along with a registry of vacant properties. The ordinance mandates that commercial property owners must report when their properties become vacant and there is a vacancy registry and vacancy fee they must pay until their property is occupied again.

The purpose of the ordinance and the creation of this body was to create a mechanism to disincentivize commercial properties from sitting unoccupied for a long time and property owners need to pay a fee until it becomes occupied. Property owners can request a waiver from paying the fee and appeal to the Vacant Property Review Board for an evaluation.

Fire Marshal Platz said we have a substantial number of commercial properties that need attention, and the ordinance applies to commercial or mixed-use properties only. When 60% or more of the property becomes vacant, it needs to be registered within 45 days, and if not, there is a $500 fee, which increases to $1,000, and after a year, it increases to $1,500. Every six months after it is a $500 fee. The property owner can request a waiver from paying the fee if they are in the process of renovating or it is up for sale, and this is to encourage property owners to maintain and keep it occupied.

VPRB also determines whether a property meets the definition of blight and then makes a recommendation to the Redevelopment Authority and any other relevant entities to certify it as blight.

1

4

In bringing back the VPRB, proposed are new measures and a new process to be more proactive. There is a list of 44 properties that are vacant, partially vacant, some we are keeping an eye on, and one or two that have been vacant but recently became occupied. There is approximately 130,000 sq. ft. of viable space within these properties that could be rented out.

The plan is to notify commercial property owners with a letter stating their property is vacant and must be registered, or if it is on the watchlist, inform them that if the property becomes 60% vacant, they will need to register. Registering properties can be done online, and when they are registered, the property will need to go through an initial inspection from our Building Inspector, Property Maintenance Inspector and Fire Inspector. The team will assess the property as to the scope of work to make sure the building is in safe condition and able to be utilized, and that assessment will be done annually.

The property maintenance team will do general status updates on the exterior of the property to make sure the property is not becoming an eyesore and generally in good condition. An internal inspection will not be done unless the property owner requests it.

This process is to be more proactive. We understand properties become vacant; however, if we encourage the property owners and find ways to help them be successful, it will ultimately make the Township more successful.

Commissioner Spiegelman said providing information online that is easily accessible is a service that could provide a great opportunity for those who may be looking for a more affordable or adaptable space for their small businesses.

Kate Collins, resident, commented that she lives in Ward 13, and the beer distributor has always been an eyesore as well as a few properties in Keswick Village.

Commissioner Spiegelman replied that he attended the recently held Economic Development Corporation meeting and Keswick Village is one of the first projects they are undertaking.

Mr. Goldstone asked about the past process in helping to get property occupied. Also, he asked for a copy of the ordinance to review.

Fire Marshal Platz said the ordinance has existed since 2015 and it is online under the Abington Township e-code. In the past, properties were handled on a case-by-case basis, and our Fire Inspectors inspect vacant properties annually. This new process and the unification of entities will help put these properties on the forefront.

2

5

**NEW BUSINESS:**

Re-organization of Chair –

Commissioner Spiegelman made a MOTION, seconded by Mr. Goldstone to nominate Mr. Yoni Hirt as Chairman of the Vacant Property Review Board.

Mr. Yoni Hirt was appointed as Chairman of the VPRB by unanimous vote of 3-0.

**CONSIDER APPROVAL OF MINUTES:**

Mr. Hirt made a MOTION, seconded by Commissioner Spiegelman to approve the minutes from Vacant Property Review Board Meeting of September 22, 2022.

MOTION was ADOPTED 3-0.

**PUBLIC COMMENT:** None.

**ADJOURNMENT:** 5:55 p.m.

Respectfully submitted,

Liz Vile, Recording Secretary

3

6

Case 2:26-cv-03216   Document 1-1   Filed 05/12/26   Page 47 of 398

# EXHIBIT "C"

# ABINGTON TOWNSHIP

# MAY 22, 2025



# VACANT PROPERTY REVIEW BOARD

# TOWNSHIP OF ABINGTON

## *VACANT PROPERTY REVIEW BOARD*

### AGENDA
### May 22, 2025
### 5:00 PM

Webinar Information:

Join by computer, tablet or application: https://us06web.zoom.us/j/85353339569
Join by telephone: 1-929-436-2866 and entering the meeting ID number 853-5333-9569
when prompted.
Meeting ID: 853-5333-9569

**CALL TO ORDER**

**ROLL CALL**

**CONSIDER APPROVAL OF MINUTES**

    a.    Motion to approve the Minutes from the Vacant Property Review Board Meeting of April 24, 2025.

**PRESENTATION**

**UNFINISHED BUSINESS**

**NEW BUSINESS**

    a.    Update on submittals and inspections - *Chris Platz*

**PUBLIC COMMENT**

**ADJOURNMENT**

## BOARD POLICY ON PUBLIC PARTICIPATION

### *For Information Purposes Only*

The Township shall conduct business in accordance with the Commonwealth of Pennsylvania Laws governing the conduct of public meetings and only establish guidelines that shall govern public participation at meetings consistent with the law.

Each commenter shall:

- Direct their comments to the Presiding Officer;
- Speak from the podium or into a microphone designated by the presiding officer;
- State their name for the record;
- Either orally or in writing provide their address for the record;
- Have a maximum of three minutes to make their comments. Each commenter when speaking to a specific agenda item, is to keep their comments relative to that identified agenda item;
- Speak one time per agenda item;
- When commenting on non-agenda items, the commenter is to keep their comments related to matters of the Township of Abington, Montgomery County, Pennsylvania.
- State a question to the Presiding Officer after all commenters have spoken, and;
- Be seated after speaking or upon the request of the presiding officer;
- Not engage in debate, dialogue or discussion;
- Not disrupt the public meeting, and;
- Exercise restraint and sound judgement in avoiding the use of profane language, and the maligning of others.

3

Vacant Property Review Board Meeting                                    April 24, 2025

The stated meeting of the Vacant Property Review Board of the Township of Abington was held on Thursday, April 24, 2025 via webinar with Chairman Yoni Hirt presiding.

**CALL TO ORDER:**     5:02 p.m.

**ROLL CALL:**          Present: Chairman Yoni Hirt, Commissioner Spiegelman, Richard Goldstone

                        Also Present: Fire Marshal Chris Platz

**CONSIDER APPROVAL OF MINUTES:**

Mr. Hirt made a MOTION, seconded by Commissioner Spiegelman to approve the minutes from the Vacant Property Review Board Meeting of March 27, 2025.

MOTION was ADOPTED 3-0.

**PRESENTATION:** None.

**UNFINISHED BUSINESS:** None.

**NEW BUSINESS:**

Update on submittals and inspections:

Mr. Platz reported that the following vacant commercial property owners registered with the Township, and he provided their current status.

486 Tyson Avenue
490 Tyson Avenue
2602 Jenkintown Road
2606 Jenkintown Road
2608 Jenkintown Road
2818 Limekiln Pike
721 Cheltena Avenue
1850 Old York Road
1900 Old York Road
907 Township Line Road
1776 Old York Road
1407 Old York Road
1626 Old York Road

1

**4**

1642 Old York Road
1646 Old York Road

Mr. Hirt said aside from annual inspections, what is the process to determine occupancy?

Mr. Platz replied our Fire Inspections perform annual inspections of all commercial properties in the Township, and we have property maintenance inspectors touring the various wards and responding to concerns from citizens. Our property maintenance team has begun a new initiative where they will be proactively taking walking tours to keep our commercial areas looking good.

Mr. Hirt asked about notifying the owners of the property if something was found.

Mr. Platz replied they will be issued a notice of violation, and the timeframe depends on the violation in terms of how easy or difficult it is to remedy the situation. 30 days is the usual timeframe, but ultimately, our goal is compliance.

The Messina properties located at the corner of Jenkintown and Tyson Avenue may need some attention soon, although the property owner submitted his applications. The vacant review process was explained to the owner; however, he may need some constructive feedback. Also, the owner indicated that the properties have been listed for sale.

Mr. Hirt questioned whether there is still a conflict with the ownership of the Messina property.

Mr. Platz replied there is an arbiter involved with the internal family discussions.

Mr. Goldstone asked for the exact address of the property.

Mr. Platz replied there are five properties: 486 and 490 Tyson Avenue and 2602, 2606 and 2608 Jenkintown Road.

Mr. Goldstone asked about the transit-oriented development property near SEPTA.

Mr. Platz replied that property is located at 2610 Jenkintown Road and not part of the Messina property. He previously spoke with Ms. Hamm, Director of Community Development, about affordable housing through development.

Mr. Goldstone agreed that property could be affordable to the workforce with the proper mix of housing and suggested inviting Ms. Hamm to a VPRB meeting to discuss it further.

Mr. Platz agreed.

2

5

**ADJOURNMENT:**                    5:30 p.m.

Respectfully submitted,

Liz Vile, Recording Secretary

# EXHIBIT "D"

4/27/26, 2:22 PM                                    Yahoo Mail - Re: Vacant Property Inspections

**From:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Sent:** Thursday, June 19, 2025 5:24:44 PM
**To:** Christopher Platz <cplatz@AbingtonPA.gov>
**Subject:** Re: Vacant Property Inspections

Mr. Platz,

I had a discussion with the owner with respect to your request to do an interior inspection of the property.

I mentioned the discussion we had last week where you told me the property had been "abandoned for the last (15) years" and that you requested an inspection.

The owner, replied that the property is not abandoned and asked if I informed you of the following:

1. Taxes are paid up to date.

2. Utilities are functional and fully paid up to date.

3. The property is fully secure with a working alarm system which directly contacts authorities in the event of a problem.

4. There are no code violations on the property and any and all requests for maintenance or issues are are promptly resolved.

5. The property is not blighted, as it is well painted, clean and maintained.

I informed the owner that you are aware of all the above and the owner replied "so what is the inspection needed for?"

With this question in mind, kindly advise for the reason that an inspection is required so that I can advise the owner and move things along.

Regards,

Lorenzo Di Natale

On Thursday, June 19, 2025 at 10:00:39 AM EDT, Christopher Platz <cplatz@abingtonpa.gov> wrote:

Lorenzo,

We had discussed previously setting up the inspections for the vacant properties, but I have yet to hear back about a date. What does next Monday, Tuesday, or Wednesday look like for you? I'm estimating it will take approximately an hour.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Thursday, June 19, 2025 23:55
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Vacant Property Inspections

Abington Township Chapter 126-4 E
*Inspection. At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.*

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

## Re: Vacant Property Inspections

From:  Christopher Platz (cplatz@abingtonpa.gov)

To:    lorenzo_dinatale@yahoo.com

Date:  Friday, June 20, 2025 at 08:24 AM EDT

Lorenzo,

I sent that brief note off last night to provide you with quick information to move this forward.

To provide more details, per the Vacant Property Registry, the property is to be inspected at the time of registration. That was the code that I cited in my previous email.

While I appreciate them stating that the property has no violations, that is for our team to determine, thus, the reason for the inspection.

As to the note of abandonment, I stated that it was vacant. It does meet the terms of a vacant property per our ordinance. Per the ordinance, Vacant is defined as: "A building or structure subject to the provisions of this chapter in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent nontransient basis. For purposes of this chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied." So, the property certainly meets that definition since to my understanding there are zero businesses/residents within the buildings.

For blight, that is a determination for the Vacant Property Review Board to make. They are the ones to certify if a property is blighted and make the appropriate recommendations.

As discussed, the Vacant Property Registration was established with the purpose of "protecting the public health, safety and welfare by monitoring the number of vacant nonresidential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings." These are exactly the reasons I mentioned as to why we require these registrations and inspections.

Again, I still have availability next Monday, Tuesday, and Wednesday to complete these inspections.

Please let me know if you have any further questions.

Thank you,

Chris


**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

# EXHIBIT "E"

## Re: Massino Properties

From:   Lorenzo DiNatale (lorenzo_dinatale@yahoo.com)

To:     yonihirt@gmail.com

Date:   Wednesday, June 25, 2025 at 09:42 PM EDT

Mr. Hirt,

I would respectfully request that you wait until the meeting is over.

I will attend via phone.

Sharing prior to the meeting may prevent individuals from speaking freely and openly.

Regards,

Lorenzo Di Natale

Yahoo Mail: Search, Organize, Conquer

> On Wed, Jun 25, 2025 at 8:41 PM, Philly Attorney
> <yonihirt@gmail.com> wrote:
>
> I
>
> Understood. Do I have your mission to share this with the VPR Board?
>
> Also please feel free to join the VPRB meeting tomorrow at 5pm via Zoom. Link can be found on the Township website.
>
> Best,
>
> Yoni Hirt
>
> On Wed, Jun 25, 2025, 8:34 PM Lorenzo DiNatale <lorenzo_dinatale@yahoo.com> wrote:
>
>> Mr. Hirt,
>>
>> It was a pleasure speaking with you today.
>>
>> Thank you for taking the time to listen.

As discussed, in an effort to promote full transparency I am providing the following which I do not believe the Vacant Property Review Board has ever been made aware of:

I have attached the Complaint with preliminary injunction which was filed in 2022 against the Massino Properties.

I have attached a letter to the law firm which filed the Complaint advising that the Complaint was without merit and why it was without merit.

The requested injunction was dismissed with prejudice as the docket indicates.

It is important to note that since the Complaint was filed in 2022, I was contacted one (1) time by Mr. Platz with concerns at the Massino properties when a breaking and entering into the properties was reported (email is copied and attached for your review)..

The issues mentioned in that email were all immediately addressed within 5 days to the satisfaction of Mr. Platz. No outstanding issues exist and no new issues have been brought to my attention since then.

Now, Mr. Platz wishes to conduct a fire inspection by entering the Massino properties.

As annual fire inspections for this section of Abington Township are conducted in January and Mr. Platz has refused to provide reasons to the owner for the immediate need to access and inspect the Massino Properties, which are mixed use and not open to the public, I can only assume this is a pretextual investigation with the hope of finding violations in an attempt to cite the owner and pressure the owner to sell the building (email is copied and attached for your review).

This is already being done via vacant property registration. When I personally turned in the registrations to Mr. Platz, he commented "this is gonna start to hurt now" meaning financially.

As you know, the purpose of the Vacant Property Review Board is to identify vacant properties so that they can be returned to useful income producing properties that benefit the community and generate revenue.

Why are the owners of vacant properties never asked to attend one of these meetings? I have certainly never been asked to attend since 2022 (when I stepped in) and neither has the owner of the Massino properties.

Is it better instead to conduct pretextual investigations which hopefully create violations that can then help label these properties blighted, abandoned, or non-compliant, while telling the community that the owners are not cooperating, so that these properties can be addressed in a different manner?

Fortunately, the family disagreement that has prevented the Massino properties from moving in a direction consistent with the objectives of the Vacant Property Review Board have been resolved and that objective is actively being pursued.

Thank you again for your time.

Regards,

Lorenzo Di Natale

4/27/26, 2:33 PM

Yahoo Mail - Re: Massino Properties

# EXHIBIT "F"

## Re: Fire Inspections

From:  Lorenzo DiNatale (lorenzo_dinatale@yahoo.com)

To:    cplatz@abingtonpa.gov

Date:  Wednesday, February 18, 2026 at 08:25 PM EST

Mr. Platz,

Pardon my delay in responding but I wanted to check my notes with Ms. Osborne from Clark Gallagher Barbiero Amuso & Glassman Law pertaining to annual fire inspections which you are requesting.

My records indicate that after registering (as vacant) the "Jenkintown/ Tyson properties" (usually referred to as the "Massino properties" by you) I spoke to Ms. Osborne with respect to an "open" Complaint filed by Abington Township in Montgomery County Court  pertaining to alleged "code violations" that was causing problems with potential buyers of the "Jenkintown/ Tyson properties".

The Complaint was filed in May of 2022 and while the Preliminary Injunction that was requested by Abington Township was dismissed with prejudice on August 1, 2022, the Complaint remained open until it was withdrawn on June 26, 2025 at my insistence.

By now you are probably asking yourself what does this have to do with your request for an annual fire inspection?

When I spoke to Mrs. Osborne several months ago, she advised me that she had to check with you (Mr. Platz) first before withdrawing the "open" Complaint.

When Ms. Osbourne again spoke to me she advised that after speaking with you she would withdraw the Complaint, but also advised that you were seeking to perform a yearly fire inspection and needed access to the "Jenkintown/ Tyson properties".

My reply to Ms. Osbourne was that the annual fire inspection request was obviously agenda based/ pretextual, as Abington Township has been increasing the pressure on the owner to sell the buildings. Additionally, annual fire inspections for the Ward where the "Jenkintown/ Tyson properties" are located were not scheduled for an annual fire inspection. Moreover, the "Jenkintown/ Tyson properties" are not open to the public and interior inspections of vacant building are only done at the request of the owner as published in Township literature describing the "inspection process".

As it turns out, I never heard back from anyone on the issue since then, until now.

Annual fire inspections in the Ward with the "Jenkintown/ Tyson properties" (usually referred to as the "Massino properties" by you) are not scheduled for anytime in the near future. Additionally, interior inspections of vacant building are only done at the request of the owner as published in Township literature describing the "inspection process".

Keeping this in mind, I get the feeling that this is again agenda based/ pretextual in nature, designed to put pressure on the owner to sell these properties.

3/1/26, 3:48 PM                                            Yahoo Mail - Re: Fire Inspections

The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately.

Mr. Platz, am I incorrect?

As I have always stated and always done, I am happy to work with Abington Township and yourself with any issues that may arise with respect to "Jenkintown/ Tyson properties" but only within lawful bounds that balance my client's property rights with the interests of the community and Abington Township.

I look forward to hearing from you on this matter.

Regards,

Lorenzo Di Natale

On Wednesday, February 11, 2026 at 04:36:55 PM EST, Christopher Platz <cplatz@abingtonpa.gov> wrote:

Lorenzo,

Hope all is well.

It has been quite some time since we completed our annual fire inspections at the Jenkintown/Tyson properties. I'd like to get a date scheduled with you to complete these. Do you have some time potentially the week of February 23rd to complete this?

Thank you,

Chris

Chris Platz

*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

Case 2:26-cv-03216   Document 1-1   Filed 05/12/26   Page 68 of 398

# EXHIBIT "G"

## Re: Jenkintown and Tyson Avenue properties (AKA Massino properties)

From:   Lorenzo DiNatale (lorenzo_dinatale@yahoo.com)

To:     yonihirt@gmail.com

Date:   Thursday, February 19, 2026 at 03:49 PM EST

Thank you.

Yahoo Mail: Search, Organize, Conquer

> On Thu, Feb 19, 2026 at 3:47 PM, Y
> <yonihirt@gmail.com> wrote:
>
> I
>
> Mr. DiNatalie,
>
> Chris Platz has not made any comment on these properties or brought up any further issue since we last discussed.
>
> If you have questions about open violations please contact Abington Code enforcement- Chris Platz at cplatz@abingtonpa.gov.
>
> Best,
>
> Yoni Hirt
>
> On Thu, Feb 19, 2026, 1:56 PM Lorenzo DiNatale <lorenzo_dinatale@yahoo.com> wrote:
>> Mr. Hirt,
>>
>> I hope this email finds you well.
>>
>> It's been some time since I last reached out to you.
>>
>> I am simply checking to see if there are any issues with respect to the above properties that I should be aware of.
>>
>> I have not been contacted with respect to any violations or complaints.
>>
>> I have attempted to check the postings for the VPRB but I am unable to view the minutes as it looks as if they have not been updated.
>>
>> Regards,

Lorenzo Di Natale
610 525-4506

# EXHIBIT "H"

| APPLICATION DATE | Commonwealth of Pennsylvania COUNTY OF MONTGOMERY Application for Administrative Search Warrant and Authorization | WARRANT CONTROL NO. |
|---|---|---|
| DOCKET NO. | | ISSUED TO DISTRICT/UNIT |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & CODE SERVICES - 1176 OLD YORK RD ABINGTON, PA | 267-536-1089 |
|---|---|---|---|
| NAME AND AFFIANT | IDENTIFICATION NO. | AGENCY - DISTRICT/UNIT - ADDRESS | PHONE NUMBER |

STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED | BRT/OPA #

SEE ADDENDUM

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED. PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE. (Be specific):

MULTIPLE VACANT OR PARTIALLY VACANT STRUCTURES TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY (if proper name is unknown, give alias and/or description):

ESTATE OF JOSEPH JR & MARY R MASSINO

VIOLATION OF STATUTE OR ORDINANCE. (Describe conduct or specify statute). | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED

ABINGTON TOWNSHIP ORDINANCE 2097:
§ 126-4 E. INSPECTION.

### PROBABLE CAUSE AFFIDAVIT

PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

Properties listed have been vacant, fully or partially, for numerous years. A property representative submitted applications to the Township on April 11, 2025, when notified they have failed to comply with the ordinance, attesting to the status of the properties above as vacant as described in the Abington Township Vacant Property Registration Ordinance. As part of the ordinance, it states that "At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations." He has since delayed and refused access to enter the property on numerous occasions, even though the ordinance states that upon registration an inspection is to be conducted. The Township has attempted to work with them in order to conduct inspections, but has been met with resistance through the date of this filing.

☑ 1 ___ ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.CS. § 4904 relating to unsworn falsification to authorities

Date: 02/20/2026

_____
SIGNATURE OF AFFIANT

APPROVED BY TOWNSHIP SOLICITOR

| Melissa A. Osborne | Melissa A. Osborne | 2/25/2026 | |
|---|---|---|---|
| NAME OF ASSISTANT TWP SOLICITOR | SIGNATURE OF ASSISTANT TWP SOLICITOR | DATE | FILE NUMBER |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that reasonable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP - FIRE & CODE SERVICES 1176 OLD YORK RD ABINGTON, PA | 02/20/2026 |
|---|---|---|---|
| NAME AND AFFIANT | SIGNATURE OF AFFIANT | AGENCY - DISTRICT/UNIT - ADDRESS | DATE |

### TO BE COMPLETED BY THE ISSUING AUTHORITY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 26 DAY OF February 20 26

MDJ 38-1-0117

| SIGNATURE OF ISSUING AUTHORITY | TITLE | OFFICE ADDRESS | SEAL |
|---|---|---|---|

### ADMINISTRATIVE SEARCH WARRANT

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found reasonable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

☑ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than_____

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than_____

☑ This Warrant shall be returnable to Judicial Officer J. Price

Issued under my hand this 26 day of February 2026, at 3:27 PM o'clock. (Issue time must be stated)

MDJ 38-1-0F    1/2030

| Signature of Issuing Authority | Title (Court of Common Pleas Judge, Municipal Court Judge, Other) | Date Commission Expires |
|---|---|---|

1 of 2

ADMINISTRATIVE SEARCH WARRANT APPLICATION
ADDENDUM

STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED

| PARCEL ID | ADDRESS |
|---|---|
| 30-00-33404-00-1 | 2602 JENKINTOWN RD GLENSIDE, PA 19038 |
| 30-00-33408-00-6 | 2606 JENKINTOWN RD GLENSIDE, PA 19038 |
| 30-00-33412-00-2 | 2608 JENKINTOWN RD GLENSIDE, PA 19038 |
| 30-00-69140-00-4 | 490 TYSON AVE GLENSIDE, PA 19038 |
| 30-00-69136-00-8 | 486 TYSON AVE GLENSIDE, PA 19038 |

*All properties listed are owned by the same entity.

VIOLATION OF STATUTE OR ORDINANCE. (Describe conduct or specify statute):

§ 126-4 E. Inspection. *At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.*

Chris Platz
Fire Marshal
Abington Township
1176 Old York Road
Abington, PA 19001

2/26/26

38-1-05

2 of 2

# EXHIBIT "I"

## Fw: Estate of Massino v. Abington Township

From:  Don Benedetto (don@gamburglaw.com)

To:    lorenzo_dinatale@yahoo.com

Date:  Friday, March 13, 2026 at 03:55 PM EDT

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Jennings, Rufus A <rjennings@goldbergsegalla.com>
**Sent:** Friday, March 13, 2026 2:17:49 PM
**To:** Don Benedetto <don@gamburglaw.com>
**Cc:** Murphy, Edward J., Jr. (Ed) <emurphy@goldbergsegalla.com>
**Subject:** Estate of Massino v. Abington Township

Mr. Benedetto,

I represent Abington Township in this matter. Please be advised that, this afternoon, Fire Marshal Platz formally withdrew the administrative warrant in this matter. A copy of the withdrawn warrant is attached. This renders the claims in the Complaint and Motion for Injunction moot.

Please advise the Court that this matter is now moot and should be closed.

If you have any questions, please do not hesitate to call me.

Very truly yours,

Rufus

Rufus A. Jennings, Esq.
Partner

**DIRECT** 267.519.6813 | **CELL** 610.357.1988
**EMAIL** rjennings@goldbergsegalla.com | website bio | goldbergsegalla.com

1700 Market Street, Suite 3232, Philadelphia, PA 19103-3907
**FAX** 267.519.6801

# GOLDBERGSEGALLA

CALIFORNIA | CONNECTICUT | DELAWARE | FLORIDA | ILLINOIS | MARYLAND
MISSOURI | NEW JERSEY | NEW YORK | NORTH CAROLINA | PENNSYLVANIA

Privileged attorney-client communication / attorney's work product. This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.

 IMG_1824.jpeg
4.5 MB

| APPLICATION DATE | | Commonwealth of Pennsylvania COUNTY OF MONTGOMERY | | WARRANT CONTROL NO. |
| --- | --- | --- | --- | --- |
| DOCKET NO. | | | | ISSUED TO DISTRICT/UNIT |
| | | Application for Administrative Search Warrant and Authorization | | |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & CODE SERVICES - 1176 OLD YORK RD ABINGTON PA | 267-536-1089 |
| --- | --- | --- | --- |
| NAME AND AFFIANT | IDENTIFICATION NO. | AGENCY - DISTRICT/UNIT - ADDRESS | PHONE NUMBER |

| STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED SEE ADDENDUM | | BRT/OPA # |
| --- | --- | --- |

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED. PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE (Be specific)

MULTIPLE VACANT OR PARTIALLY VACANT STRUCTURES TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY (If proper name is unknown, give alias and/or description):
ESTATE OF JOSEPH JR & MARY R MASSINO

| VIOLATION OF STATUTE OR ORDINANCE. (Describe conduct or specify statute): ABINGTON TOWNSHIP ORDINANCE 2097: § 126-4 E, INSPECTION. | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED |
| --- | --- |

### PROBABLE CAUSE AFFIDAVIT

PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

Properties listed have been vacant, fully or partially, for numerous years. A property representative submitted applications to the Township on April 11, 2025, when notified they have failed to comply with the ordinance, attesting to the status of the properties above as vacant as described in the Abington Township Vacant Property Registration Ordinance. As part of the ordinance, it states that "At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations." He has since delayed and refused access to enter the property on numerous occasions, even though the ordinance states that upon registration an inspection is to be conducted. The Township has attempted to work with them in order to conduct inspections, but has been met with resistance through the date of this filing.

☑ 1 _____ ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 02/20/2026 _____

_____
SIGNATURE OF AFFIANT

**APPROVED BY TOWNSHIP SOLICITOR**

| Melissa A. Osborne | *Melissa A. Osborne* | 2/25/2026 | |
| --- | --- | --- | --- |
| NAME OF ASSISTANT TWP SOLICITOR | SIGNATURE OF ASSISTANT TWP SOLICITOR | DATE | FILE NUMBER |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that reasonable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP - FIRE & CODE SERVICES - 1176 OLD YORK RD ABINGTON PA | 02/20/2026 |
| --- | --- | --- | --- |
| NAME AND AFFIANT | SIGNATURE OF AFFIANT | AGENCY - DISTRICT/UNIT - ADDRESS | DATE |

TO BE COMPLETED BY THE ISSUING AUTHORITY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 26 DAY OF February 20 26

| MDJ 38-1-0117 | | |
| --- | --- | --- |
| SIGNATURE OF ISSUING AUTHORITY | TITLE | OFFICE ADDRESS | SEAL |

### ADMINISTRATIVE SEARCH WARRANT

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found reasonable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

☑ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than_____

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than_____

☑ This Warrant shall be returnable to Judicial Officer J. File

Issued under my hand this 26 day of Feb 2026 at 3:27 PM o'clock. (issue time must be stated)

MDJ 38-1-0F

| | Title (Court of Common Pleas Judge, Municipal Court Judge, Other) | 1/2030 Date Commission Expires |
| --- | --- | --- |

Withdrawn 3/13/2026

*Chris Platz*

142

# EXHIBIT "J"

## Properties in Violation of Abington Township Code

From:  Christopher Platz (cplatz@abingtonpa.gov)

To:     lorenzo_dinatale@yahoo.com

Date:  Monday, March 23, 2026 at 06:07 PM EDT

Lorenzo,

Attached please find Notices of Violations/Orders to Correct for six (6) properties located in the vicinity of Jenkintown Road and Tyson Avenue which are listed as owned by Joseph Massino Jr & Mary Massino. I am sending to you as the executor of the Estate of Mary Massino.

These conditions have been found to exist at the property and are violations of the Abington Township Property Maintenance Code or other regulations as noted within the documents.

All violations are to be corrected in the timeframe provided within the notice.

Additionally, we seek to, within the two business weeks following the "Required Date of Compliance/Correction" deadline, complete both an internal and external inspection of the associated properties to 1) verify that these noted violations have been corrected, and 2) ensure that there are no other violations present around or within the property/structures. Due to the conditions the properties/structures have been found in, there are significant concerns as to the conditions of the structures that warrant a thorough exterior and interior evaluation to ensure the continued safety of the community around these properties, as well as ensuring they are maintained in a safe, clean, secure, compliant manner as required by the code.

Should a further exterior and interior inspection be denied and/or not permitted to occur between April 6th and April 17th, 2026, we will proceed with seeking an Administrative Search Warrant. We hope to avoid this step as safety and code compliance is our goal through collaboration, but we will act in order to protect the Abington Township community.

Please confirm receipt of these notices and let me know if you have any questions.

Thank you,

**Chris**

about:blank                                                                                                                              1/2

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

 20260323 NOV 2606 Jenkintown Rd.pdf
216 KB

 20260323 NOV 475 Tyson Ave.pdf
208.1 KB

 20260323 NOV 486 Tyson Ave.pdf
207.3 KB

 20260323 NOV 490 Tyson Ave.pdf
210 KB

 20260323 NOV 2602 Jenkintown Rd.pdf
214.9 KB

 20260323 NOV 2608 Jenkintown Rd.pdf
222.2 KB

 20260323 NOV 2606 Jenkintown Rd.pdf
216 KB

 20260323 NOV 475 Tyson Ave.pdf
208.1 KB

 20260323 NOV 486 Tyson Ave.pdf
207.3 KB

 20260323 NOV 490 Tyson Ave.pdf
210 KB

 20260323 NOV 2602 Jenkintown Rd.pdf
214.9 KB

 20260323 NOV 2608 Jenkintown Rd.pdf
222.2 KB



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**      ESTATE OF MARY MASSINO

**Care Of**      LORENZO DINATALE

**Address**      518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**      490 TYSON AVE GLENSIDE, PA 19038

**Parcel**      30-00-69140-00-4

## 3) DESCRIPTION OF VIOLATION

1) SIGNIFICANT HOLE AND DETERIORATION ON SOUTHERN METAL WALL

*THIS HOLE AND THE DETERIORATION LEADS TO SIGNIFICANT CAUSE FOR CONCERN AS TO THE OVERALL CONDITIONS OF THE STRUCTURE. THE DETERIORATION LEADS TO POTENTIAL NEGATIVE AFFECTS ON THE STRUCTURAL STABILITY OF THE WALL BEHIND BEING EXPOSED TO THE ELEMENTS, AND THE LARGE HOLE LEADS TO A SIGNIFICANT LIKELYHOOD OF RODENTS HARBORAGE WITHIN THE STRUCTURE.

You are therefore ordered to:    Repair and/or replace wall materials.

Any replacement/removal of wall/siding requires permits.

Code Section(s) in Violation:    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to:    Remove weeds from the property.

Code Section(s) in Violation:    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) DILAPIDATED FENCE IN REAR OF PROPERTY – FALLING APART, IN STATE OF DISREPAIR

You are therefore ordered to:   Repair existing fence.

Any replacement/removal of fence requires permits.

Code Section(s) In Violation:   **2024 IPMC 302.7 Accessory structures.** Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

## 4) HOLES IN EAVES AND MISSING FASCIA OF ROOF

You are therefore ordered to:   Repair and/or replace fascia and eave materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:   **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

## 5) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:   Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:   **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

### 6) PARKING LOT IN STATE OF DISREPAIR

You are therefore ordered to:   Repair/replace driveway to state of proper repair, no significant holes or damage, creating an area free from hazards.

All driveway replacement/overlays require a permit.

Code Section(s) in Violation:   **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

### 7) FRONT WALL ADJACENT TO DOOR SOUTHEAST DOOR IN STATE OF DISREPAIR

You are therefore ordered to:   Repair/replace the wall and make safe. Extensive wear of grout/general deterioration

Code Section(s) in Violation:   **2024 IPMC 302.7 Accessory structures.** Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

### 8) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to:   Install compliant address numbers

Code Section(s) in Violation:   **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

**4) REQUIRED DATE OF COMPLIANCE/CORRECTION:**          **04/05/2026**



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

### 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**    ESTATE OF MARY MASSINO

**Care Of**    LORENZO DINATALE

**Address**    518 CENTRAL AVE GLENSIDE, PA 19038

### 2) PROPERTY LOCATION

**Address**    486 TYSON AVE GLENSIDE, PA 19038

**Parcel**    30-00-69136-00-8

### 3) DESCRIPTION OF VIOLATION

1) SIGNIFICANT HOLE IN ROOF, DETERIORATED ROOF, AND MISSING RIDGE VENT COVER

*THIS HOLE AND THE EXTREME AMOUNT OF DETERIORATION LEADS TO SIGNIFICANT CAUSE FOR CONCERN AS TO THE OVERALL CONDITIONS OF THE STRUCTURE. USING AERIAL IMAGING I CAN SEE THAT THE RIDGE VENT COVER WENT MISSING PRIOR TO MARCH 3, 2022. THE HOLE AND DETERIORATION ARE SEEN BACK FOR NEARLY 10 YEARS.

You are therefore ordered to:    Repair and/or replace fascia and eave materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

**2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:...

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

3.   Structures or components thereof have deterioration or distress that appears to reduce their load-carrying capacity.

## 2) TREE/WEEDS GROWING ON ROOF OF STRUCTURE

You are therefore ordered to:   Remove weeds/a tree from the roof of the structure.

Code Section(s) in Violation:   **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) DILAPIDATED FENCE IN REAR OF PROPERTY – FALLING APART, IN STATE OF DISREPAIR

You are therefore ordered to:   Repair existing fence.

Any replacement/removal of fence requires permits.

Code Section(s) in Violation:   **2024 IPMC 302.7 Accessory structures.** Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

## 4) HOLES IN EAVES AND MISSING FASCIA OF ROOF

You are therefore ordered to:   Repair and/or replace fascia and eave materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:   **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

## 5) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to:   Install compliant address numbers

Code Section(s) in Violation:   **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

## 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:        04/05/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**　　ESTATE OF MARY MASSINO

**Care Of**　　LORENZO DINATALE

**Address**　　518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**　　475 TYSON AVE GLENSIDE, PA 19038

**Parcel**　　30-00-68524-00-8

## 3) DESCRIPTION OF VIOLATION

1) MULTIPLE SIGNIFICANT CRACKS ON THE NORTHERN WALL.

*ON THE NORTHERN WALL, THERE ARE SIGNIFICANT CRACKS PRESENT LEADING TO CONCERNS OF STRUCTURAL STABILITY AS WELL AS WEATHER PENETRATION INTO THE STRUCTURE.

You are therefore ordered to:　Properly secure property in accordance with International Property Maintenance Code.

Code Section(s) in Violation:　**2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

…

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

…

6. Exterior walls that are not anchored to supporting and supported elements or are not plumb and free of holes, cracks or breaks and loose or rotting materials, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects.

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

## 2) WEEDS OVERGROWTH IN REAR OF PROPERTY

**You are therefore ordered to:**    Remove weeds from the property.

**Code Section(s) in Violation:**    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) TRASH/DEBRIS ON PROPERTY

**You are therefore ordered to:**    Remove all trash/debris from the property.

**Code Section(s) in Violation:**    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

## 4) ROOF/FASCIA/EAVES DETERIORATED WITH NUMEROUS HOLES

**You are therefore ordered to:**    Repair/replace roof/fascia elements that are worn/damaged/missing.

Replacement of/modifications to roofing/siding requires a permit.

**Code Section(s) in Violation:**    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

## 5) FRONT DOOR AND GARAGE FRAMES WITH LARGE HOLES/OPENINGS

**You are therefore ordered to:**    Repair/replace door/garage frames and supporting structures.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

Alterations to door size/dimensions/structure requires a permit.

Code Section(s) in Violation:    **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

6) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to:    Install compliant address numbers

Code Section(s) in Violation:    **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

**4) REQUIRED DATE OF COMPLIANCE/CORRECTION:**        **04/05/2026**

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**      ESTATE OF MARY MASSINO

**Care Of**         LORENZO DINATALE

**Address**         518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**         2608 JENKINTOWN ROAD GLENSIDE, PA 19038

**Parcel**          30-00-33412-00-2

## 3) DESCRIPTION OF VIOLATION

1) DEMOLITION WITHOUT PERMITS – REAR 2ND STORY DECK

*A REAR DECK WAS REMOVED WITHOUT PERMITS SOMETIME BETWEEN JUNE 28, 2022 AND MARCH 7, 2023, AS VERIFIED BY AERIAL IMAGING. THERE HAVE BEEN NO PERMITS SUBMITTED OR INSPECTIONS CONDUCTED. THE STRUCTURE NOW LACKS A SECOND FLOOR REAR EXIT, RESULTING IN A SIGNIFICANT LIFE SAFETY HAZARD, SPECIFICALLY IN SITUATIONS OF FIRE RESPONSE. ADDITIONALLY, THE REMOVAL APPEARS INCOMPLETE/NON-COMPLIANT AS THERE ARE SIGNIFICANT HOLES LEFT IN THE WALL LEADING TO DETERIORATION OF THE GROUT IN THE WALL AND POTENTIAL STRUCTURAL DAMAGE FROM EXPOSURE.

You are therefore ordered to:    Properly secure property in accordance with International Property Maintenance Code.

Code Section(s) in Violation:    **34 Pa. Code § 403.42. Permit requirements and exemptions.** (a) An owner or authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a commercial building, structure and facility or to erect, install, enlarge, alter, repair, remove, convert or replace any electrical, gas, mechanical, or plumbing system regulated by the Uniform Construction Code shall first apply to the building code official and obtain the required permit under § 403.42a (relating to permit application).

**2024 IPMC 301.3 Vacant structures and land.** Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe,



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.

## 2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to:   Remove weeds from the property.

Code Section(s) in Violation:   **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:   Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:   **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

## 4) REAR WALL BRICK GROUT MISSING

You are therefore ordered to:   Repair/replace wall elements that are worn/damaged/missing.

Apply proper sealant/protective treatments.

Code Section(s) in Violation:   **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

**2024 IPMC 304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

5) BASEMENT ACCESS DOORS WITH UNEVEN SURFACES AND RUST – TRIPPING HAZARD, RODENT ACCESS

You are therefore ordered to:  Repair/replace basement access doorway.

Alterations to door size/dimensions/structure requires a permit.

Code Section(s) in Violation:  **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

**2024 IPMC 304.16 Basement hatchways.** Every basement hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.

6) REAR FASCIA OF ROOF SIGNIFICANTLY ROTTED/DETERIORATED

You are therefore ordered to:  Repair and/or replace fascia materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:  **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

### 7) REAR WINDOW FRAMES AND DOOR/DOOR FRAME DETERIORATED

You are therefore ordered to: Repair/replace window and door frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

### 8) REAR BUMP OUT STRUCTURE/DOORWAY DETERIORATED

You are therefore ordered to: Repair/replace window and door frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation: **2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

**2024 IPMC 304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

### 9) REAR BASEMENT WINDOW DETERIORATED/EXPOSED

You are therefore ordered to: Repair/replace window and door frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

**2024 IPMC 304.17 Guards for basement windows.** Every basement window that is openable shall be supplied with rodent shields, storm windows or other approved protection against the entry of rodents.

10) FRONT OF STRUCTURE HAS EXPOSED WIRING

You are therefore ordered to:    Remove/repair/make safe the exposed electrical wiring. Any modifications to or removal of electrical wiring/equipment will require a permit.

Code Section(s) in Violation:    **2024 IPMC 605.1 Installation.** Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.

## 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:        04/05/2026

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1.  You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2.  If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3.  The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**     ESTATE OF MARY MASSINO

**Care Of**     LORENZO DINATALE

**Address**     518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**     2606 JENKINTOWN ROAD GLENSIDE, PA 19038

**Parcel**     30-00-33408-00-6

## 3) DESCRIPTION OF VIOLATION

### 1) OPEN WINDOWN IN REAR OF STRUCTURE

*THE PROPERTY HAS BEEN REPORTED AS VACANT WITH NO LISTED OCCUPANTS. THERE ARE TWO DOORS AND/OR WINDOWS THAT HAVE BEEN BOARDED UP, HOWEVER THERE IS AN OPEN WINDOW IN THE REAR OF THE PROPERTY. WITH THE GRAFFITI PRESENT, THERE ARE INDICATIONS THAT THE PROPERTY IS NOT SECURE, AND IS AN ATTRACTIVE NUSIANCE TO THE PUBLIC. THIS RAISES CONCERNS AS TO IF THERE IS ILLEGAL OCCUPANCY WITHIN THE STRUCTURE AND/OR IF THE CONDITIONS WITHIN THE STRUCTURE ARE SUITABLE FOR HABITATION.

You are therefore ordered to:     Properly secure property in accordance with International Property Maintenance Code.

Code Section(s) in Violation:     **2024 IPMC 301.3 Vacant structures and land.** Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.

### 2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to:     Remove weeds from the property.

Code Section(s) in Violation:     **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

### 3) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:    Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

### 4) REAR SOUTH WEST WALL BRICK GROUT SIGNIFICANTLY MISSING

You are therefore ordered to:    Repair/replace wall elements that are worn/damaged/missing.

Apply proper sealant/protective treatments.

Code Section(s) in Violation:    **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

### 5) REAR WALL HAS LARGE GRAFFITI DRAWING ON IT

You are therefore ordered to:    Remove graffiti from wall

Code Section(s) in Violation:    **2024 IPMC 302.9 Defacement of property.** A person shall not willfully or wantonly damage, mutilate or deface any exterior surface of any structure or building on any private or public property by placing thereon any marking, carving or graffiti.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

It shall be the responsibility of the owner to restore said surface to an approved state of maintenance and repair.

## 6) REAR FASCIA OF ROOF SIGNIFICANTLY ROTTED/DETERIORATED

You are therefore ordered to: Repair and/or replace fascia materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation: **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

## 7) REAR WINDOW AND DOOR BOARDED

You are therefore ordered to: Remove boarding and secure window and door properly to prevent unwanted access.

If door/window itself or supporting materials are damaged/deteriorated, replace as appropriate.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

## 8) REAR WINDOW FRAMES DETERIORATED

You are therefore ordered to: Repair/replace window frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

## 9) REAR LADDER SECURED TO WALL THAT IS DEEMED POTENTIALLY UNSAFE

You are therefore ordered to: Repair/replace wall to ensure that ladder is properly secure to wall to ensure safe operations.

Code Section(s) in Violation: **2024 IPMC 304.10 Stairways, decks, porches and balconies.** Every exterior stairway, deck, porch and balcony, and all appurtenances



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

attached thereto, shall be maintained structurally sound, in good repair, with proper anchorage and capable of supporting the imposed loads.

**2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight

## 10) REAR LADDER AND WALKWAY BLOCKED BY SIGNIFICANT WEEDS AND DEBRIS

You are therefore ordered to: Remove all obstructions to ensure proper egress.

Code Section(s) in Violation: **2024 IPMC 702.1 General.** A safe, continuous and unobstructed path of travel shall be provided from any point in a building or structure to the public way. Means of egress shall comply with the code under which the building was constructed.

## 11) FRONT OF STRUCTURE HAS EXPOSED WIRING

You are therefore ordered to: Remove/repair/make safe the exposed electrical wiring. Any modifications to or removal of electrical wiring/equipment will require a permit.

Code Section(s) in Violation: **2024 IPMC 605.1 Installation.** Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.

## 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:           04/05/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**     ESTATE OF MARY MASSINO

**Care Of**          LORENZO DINATALE

**Address**          518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**          2602 JENKINTOWN ROAD GLENSIDE, PA 19038

**Parcel**           30-00-33404-00-1

## 3) DESCRIPTION OF VIOLATION

1) MISSING ROOF FLASHING ON FRONT OF STRUCTURE

*MISSING ROOF FLASHING CAN LEAD TO THE ENTRANCE OF RAIN AND OTHER ENVIRONMENTAL FACTORS, LEADING TO SIGNIFICANT CAUSE FOR CONCERN AS TO THE OVERALL CONDITIONS OF THE STRUCTURE. RAIN ENTRANCE OVER TIME LEADS TO ROT, MOLD, AND POTENTIAL DISLODGEMENT OF STRUCTURAL ELEMENTS DUE TO WATER FREEZING.

You are therefore ordered to:   Repair and/or replace roof materials.

Any replacement/removal of roofing materials requires permits.

Code Section(s) in Violation:   **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

**2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

Existing Building Code, the International Residential Code or the International Building Code:

...

7.    Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of deterioration, fatigue or without proper anchorage and incapable of supporting all nominal loads and resisting all load effects.

## 2) WEEDS OVERGROWTH IN REAR OF PROPERTY AND ON ROOF

You are therefore ordered to:    Remove weeds from the property.

Code Section(s) in Violation:    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:    Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

## 4) PARKING LOT IN STATE OF DISREPAIR

You are therefore ordered to:    Repair/replace driveway to state of proper repair, no significant holes or damage, creating an area free from hazards.

All driveway replacement/overlays require a permit.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

Code Section(s) in Violation: **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

### 5) JENKINTOWN ROAD SIDE-DOOR BRICK GROUT MISSING, PAINT PEELING

You are therefore ordered to:  Repair/replace wall elements that are worn/damaged/missing.

Apply proper sealant/protective treatments.

Code Section(s) in Violation: **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

**2024 IPMC 304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

### 6) JENKINTOWN ROAD SIDE WINDOW DAMAGED CAUSING INJURY HAZARD

You are therefore ordered to:  Repair/replace damaged window.

Alterations to window size/dimensions/structure requires a permit.



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

Code Section(s) in Violation:  **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

7) BASEMENT ACCESS DOORS WITH UNEVEN SURFACES – TRIPPING HAZARD, RODENT ACCESS

You are therefore ordered to:  Repair/replace basement access doorway.

Alterations to door size/dimensions/structure requires a permit.

Code Section(s) in Violation:  **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

**2024 IPMC 304.16 Basement hatchways.** Every basement hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.

8) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to:  Install compliant address numbers

Code Section(s) in Violation:  **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

## 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:          04/05/2026

Case 2:26-cv-03216   Document 1-1   Filed 05/12/26   Page 109 of 398

# EXHIBIT "K"

## Re: Properties in Violation of Abington Township Code

From:  Christopher Platz (cplatz@abingtonpa.gov)

To:    lorenzo_dinatale@yahoo.com

Date:  Friday, April 17, 2026 at 03:41 PM EDT


Lorenzo,

Thank you for stopping by yesterday to provide an update. While I appreciate the steps you have taken, and the communication, as mentioned, we still need to complete an inspection of the property, both outside and inside the buildings. The purpose as previously explained is to 1) verify that these noted violations have been corrected, and 2) ensure that there are no other violations present around or within the property/structures. I am extremely concerned as to the structural safety of the property.

As we discussed, the deadline for this inspection was today, April 17th. As agreed upon when we spoke, I acknowledged your steps taken and will therefore allow a 1-week extension on this. If an inspection as noted is not authorized and completed by end of business on Friday, April 24th, I will proceed with seeking an Administrative Search Warrant based on the conditions noted in the NOV's and any other as appropriate.

Please confirm the date for next week when we can complete this inspection.


Thank you,

**Chris**


**Chris Platz**
*Fire Marshal*
Township of Abington - Fire & Emergency Management
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Thursday, April 16, 2026 11:50

**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

Lorenzo,

Please provide me an update on progress made as well as a potential date for our inspection.


Thank you,

**Chris**


**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Wednesday, April 8, 2026 5:27:31 PM
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

Thank you for sending this.

As always, the Township's goal is compliance, and we are willing to work with you, but extensions on times to remedy must be reasonable. Also, we will not issue citations unless progress stops and/or collaboration on resolutions stop.

Additionally, while progress has and continues to be made on remedying the noted violations, we still expect to complete an interior inspection due to the nature of a number of the violations and the conditions of the property. We still expect to complete this during the timeframe provided. Should previously noted violations still remain during this inspection, we can agree to extensions as noted above based on progress made.


Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Sent:** Wednesday, April 8, 2026 17:01
**To:** Christopher Platz <cplatz@AbingtonPA.gov>
**Subject:** Re: Properties in Violation of Abington Township Code

Mr. Platz,

Thank you for speaking with me as a walk in regarding the notice of violations issued with respect to the properties at Tyson and Jenkintown Ave (48 violations).

As I stated during our conversation, I am sending this as confirmation of our discussion and understanding with respect to the notice of violations.

As was discussed:

No Citations will be issued as long as progress is being made on resolving the violations issued.

Any garbage and weeds on the properties have been removed and parking lot patched.

An engineer has evaluated the properties with structural concerns that are slated in the notice of violations and I am awaiting a final report.

Contractors are in the process of being retained for the remaining notice of violations.

I will keep you updated as warranted.

Kindly advise of anything that I neglected to mention.

Regards,

Lorenzo Di Natale

On Tuesday, April 7, 2026 at 01:33:41 PM EDT, Christopher Platz <cplatz@abingtonpa.gov> wrote:

Lorenzo,

Wanting to confirm, does Friday April 10th at 10am work?

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Thursday, April 2, 2026 16:41
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

To be clear, that is Friday April 10th at 10am.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services

1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Thursday, April 2, 2026 16:40
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

Lorenzo,

Thank you for the reply. Would Friday morning work for you? Potentially 10am?

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Sent:** Wednesday, April 1, 2026 17:09
**To:** Christopher Platz <cplatz@AbingtonPA.gov>
**Subject:** Re: Properties in Violation of Abington Township Code

Mr. Platz,

I wanted to confirm receipt of your notice of 48 violations which was emailed to me on March 23, 2026 @ 6:07 p.m. with a compliance date of Sunday April 5th 2026.

I understand from the notice that you desire an inspection between April 6-17 2026.

Based on Easter falling on a Sunday this year I will be back on Wednesday April 8 to address work issues so kindly advise of a date for inspection that works for you from April 9-17 which falls in the date range mentioned in your

email.

Regards,

Lorenzo Di Natale

On Tuesday, March 31, 2026 at 01:18:25 PM EDT, Christopher Platz <cplatz@abingtonpa.gov> wrote:

Lorenzo,

Reaching out to confirm you received this email and see when we can get this inspection scheduled as mentioned below.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Monday, March 23, 2026 18:07
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Properties in Violation of Abington Township Code

Lorenzo,

Attached please find Notices of Violations/Orders to Correct for six (6) properties located in the vicinity of Jenkintown Road and Tyson Avenue which are listed as owned by Joseph Massino Jr & Mary Massino. I am sending to you as the executor of the Estate of Mary Massino.

These conditions have been found to exist at the property and are violations of the Abington Township Property Maintenance Code or other regulations as noted within the documents.

All violations are to be corrected in the timeframe provided within the notice.

Additionally, we seek to, within the two business weeks following the "Required Date of Compliance/Correction" deadline, complete both an internal and external inspection of the associated properties to 1) verify that these noted violations have been corrected, and 2) ensure that there are no other violations present around or within the property/structures. Due to the conditions the properties/structures have been found in, there are significant concerns as to the conditions of the structures that warrant a thorough exterior and interior evaluation to ensure the continued safety of the community around these properties, as well as ensuring they are maintained in a safe, clean, secure, compliant manner as required by the code.

Should a further exterior and interior inspection be denied and/or not permitted to occur between April 6th and April 17th, 2026, we will proceed with seeking an Administrative Search Warrant. We hope to avoid this step as safety and code compliance is our goal through collaboration, but we will act in order to protect the Abington Township community.

Please confirm receipt of these notices and let me know if you have any questions.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

| APPLICATION DATE | **Commonwealth of Pennsylvania**<br>COUNTY OF MONTGOMERY | WARRANT CONTROL NO |
|---|---|---|
| DOCKET NO. | **Application for Administrative Search Warrant and Authorization** | ISSUED TO DISTRICT/UNIT |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD ABINGTON PA | 267-536-1089 |
|---|---|---|---|
| *NAME AND AFFIANT* | *IDENTIFICATION NO.* | *AGENCY - DISTRICT/UNIT - ADDRESS* | *PHONE NUMBER* |

| STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED<br>475 TYSON AVE GLENSIDE, PA 19038  (MONTGOMERY COUNTY PARCEL 30-00-68524-00-8) | BRT/OPA # |
|---|---|

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED. PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE *(Be specific)*

VACANT PROPERTY AND STRUCTURE TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY *(If proper name is unknown, give alias and/or description)*.
ESTATE OF JOSEPH JR & MARY R MASSINO

| VIOLATION OF STATUTE OR ORDINANCE  *(Describe conduct or specify statute)*. | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED |
|---|---|
| ABINGTON TOWNSHIP ORDINANCE 2097 & 2205 | |

**PROBABLE CAUSE AFFIDAVIT**
PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES.

FAILURE TO REGISTER AND COMPLETE INSPECTION AS REQUIRED UNDER VACANT PROPERTY REGISTRATION AND MULTIPLE SIGNIFICANT PROPERTY MAINTENANCE VIOLATIONS.

ATTACHED PAGES DESCRIBE VIOLATIONS AND SUPPORTING CODE.

☑ 34    ADDITIONAL PAGES ARE ATTACHED
I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 04/29/2026

*SIGNATURE OF AFFIANT*

| APPROVED BY TOWNSHIP SOLICITOR | | | |
|---|---|---|---|
| Melissa A. Osborne | *Melissa A. Osborne* | 4/29/2026 | |
| *NAME OF ASSISTANT TWP SOLICITOR* | *SIGNATURE OF ASSISTANT TWP SOLICITOR* | *DATE* | *FILE NUMBER* |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that probable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP FIRE & EMERGENCY MANAGEMENT 1176 OLD YORK RD | 4/29/2026 |
|---|---|---|---|
| *NAME AND AFFIANT* | *SIGNATURE OF AFFIANT* | *AGENCY - DISTRICT/UNIT - ADDRESS* | *DATE* |

**TO BE COMPLETED BY THE ISSUING AUTHORITY**
SWORN TO AND SUBSCRIBED BEFORE ME THIS 29 DAY OF April, 20 26

| | MDJ 38-105 | 17 | |
|---|---|---|---|
| *SIGNATURE OF ISSUING AUTHORITY* | *TITLE* | *OFFICE ADDRESS* | *SEAL* |

**ADMINISTRATIVE SEARCH WARRANT**
TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found probable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

☐ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than _5/1/26_

☑ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than _@3:09pm_

☐ This Warrant shall be returnable to Judicial Officer _____

Issued under my hand this 29 day of April, 20 26 at 3:09 M o'clock. *(Issue time must be stated)*

MDJ 38-1-05

1/2030

| *Signature of Issuing Authority* | *Title (Court of Common Pleas Judge, Municipal Court Judge, Other)* | *Date Commission Expires* |
|---|---|---|

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

I, CHRISTOPHER PLATZ, in my capacity as FIRE MARSHAL for ABINGTON TOWNSHIP, am responsible for the enforcement of applicable building, fire, life safety, and property maintenance codes, including but not limited to PA UCC and adopted Building, Property Maintenance, and Fire Codes.

This application seeks authorization to conduct an inspection of the property located at **475 TYSON AVENUE GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-68524-00-8**) for the purpose of determining compliance with applicable building, property maintenance, fire and life safety regulations, as well as to assess and document the safety of the structure(s) proactively for first responders.

Entry has not been obtained through voluntary means, and an inspection is necessary pursuant to established administrative standards and/or documented conditions as outlined below.

### APPLICABLE ORDINANCES

Under Abington Township's currently adopted ordinances, compliance with a variety of codes and ordinances is required, including but not limited to:

- Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES"
- Abington Township Ordinance 2205: "ORDINANCE REPEALING CHAPTER 98 - "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

These ordinances adopted outline the requirement for the municipality to conduct inspections to confirm compliance with applicable regulations and/or notify appropriate parties of violations found.

Abington Township has adopted a Vacant Property Registry ordinance for "the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof."[1]

### PROPERTY SPECIFIC

On February 12th, 2025, the listed owners of this property, along with dozens of others, received notice via mail that their properties were eligible for and required to be registered in Abington Township's Vacant Property Registry program. Owners were given a 45-day amnesty period to apply to the registry in which the late submittal fee would not be charged as noted in the ordinance. The property owner/representative has not submit an application for this property.

In accordance with Ordinance 2097 Section §126-4 E. Inspection, *"At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations."*[2]

---

[1] Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES", 1

[2] Ibid., 7

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

The identified property is subject to Abington Township's Vacant Property Registry and, as part of the process, an inspection of the premises would be conducted. The premises would be defined as "a tract of land and its component parts (as buildings)"[3], including all buildings and all interior and exterior areas.

The administrator has had multiple discussions with me concerning access to the property and has consistently asserted that the property owners would not permit access to conduct an interior inspection. We further advised that the properties are overdue for their required annual inspection, having no record in recent history of a fire inspection. He indicated that the properties are being properly maintained, as stated in a February 18, 2026, email: "The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately."

On March 19th, 2026, I conducted an exterior assessment from the public right of way. I also sought to gain, and was granted, appropriate access from a representative at 2542 Jenkintown Road to determine compliance of 475 Tyson Avenue in areas not readily visible from the public right of way, but visible from 2542 Jenkintown Road's property. Numerous violations were found to be present.

At **475 TYSON AVENUE GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-68524-00-8**), the following was found in violation of applicable codes and ordinances on March 19, 2026:

1. **Multiple significant cracks on the northern wall**

   On the northern wall, there are significant cracks present leading to concerns of structural stability as well as weather penetration into the structure. One crack extends from the roof line to a window/door frame below, which leads to significant cause for concern as to the overall conditions of the structure and if the wall/structure has shifted. There was also a significant hole at the top of this crack, leading to potential interior damage from exposure to the elements which can lead to deterioration of structural elements including potentially mold, mildew, rot, and structural compromise, as well as damage to interior elements not readily visible from the exterior.

   Code Section(s) in Violation:

   - **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code: ...*
     *4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.*
     ...

---

[3] "Premises." Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/premises. Accessed 24 Apr. 2026.

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

6.  *Exterior walls that are not anchored to supporting and supported elements or are not plumb and free of holes, cracks or breaks and loose or rotting materials, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects.*

### 2. Weeds overgrowth in rear of property

Weeds and trees growing on the rear of structures present a significant risk of dislodging building elements as they grow and expand. Vines were seen pushing in/through/from the roof line of the structure. Trees have been known to push up concrete sidewalks as they grow, so dislodging of wooden roofing and similar structural elements is highly likely when such growth goes unaddressed. The openings created also lead to potential rodent infestation. The overgrowth on the ground also presents potential insect and rodent harborage locations that should be removed.

Code Section(s) in Violation:

- **2024 IPMC 302.4 Weeds.** *Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.*

### 3. Trash/debris on property

Throughout the property there is an accumulation of trash/debris, including a significant pile of what appears to be construction debris and two large liquid totes. Accumulation of trash/debris/garbage/rubbish leads to potential insect and rodent infestations and potential accidental fires among other issues.

Code Section(s) in Violation:

- **2024 IPMC 308.1 Accumulation of rubbish or garbage.** *Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.*

### 4. Roof/fascia/eaves deteriorated with numerous holes

Holes in the roof and/or eaves and deteriorated/missing fascia results in unintended damage to structural elements. Exposure of the rafters will lead to rot and deterioration, as well as potential for animals to find harborage inside of the structure, causing other damages.

Code Section(s) in Violation:

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*
- **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

5. **Front door and garage frames with large holes/openings**

Large holes and openings provide an opportunity for deterioration of structural elements and the interior environment. They also provide the opportunity for rodent and insect infestations. In vacant structures, these infestations are provided an opportunity to grow unchecked.

Code Section(s) in Violation:

- **2024 IPMC 304.13 Window, skylight and door frames.** *Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.*

6. **Property missing address identification numbers**

Property identification is key for emergency response, not only to the specific structures but passersby in the area. Should the building be on fire, delays in properly identifying it could result in catastrophic results from increased exposure to adjacent structures. Also, during incidents like someone collapsing on the sidewalk or a vehicle accident out front, people will be looking for an address to direct emergency services to them. Without proper identification, unnecessary delays can occur.

Code Section(s) in Violation:

- **2024 IPMC 304.3 Premises identification.** *Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).*

The administrator was provided with these violations in a Notice of Violation/Order to Correct dated March 23, 2026, with a date to correct by April 5th, 2026. They were also advised that due to the nature of these violations, an internal inspection was required to evaluate the extent of internal conditions/impacts with completion of such inspection due by April 17th, 2026. Steps were taken to remedy some of the issues, but compliance has not been achieved, and no inspection has been authorized to determine the extent of conditions on the inside. An additional week was provided to schedule the inspection due to improvements made, but the administrator advised on April 23, 2026, that an internal inspection would not be approved.

One of the additional key reasons for finding and correcting violations at vacant/abandoned properties is due to the public safety risk associated with them. According to National Fire Protection Association

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

(NFPA) Research, between 2011-2015, six (6) percent of structure fires occurred within vacant structures, but 13 percent of firefighter injuries occurred in/at vacant structures[4], showing injuries are more than twice as likely at vacant structures than occupied structures. This demonstrates the increased danger of these structures, and that without rigorously evaluating the risk of these structures through inspections, evaluations, and enforcement of codes, we are placing our first responders at an increased risk of harm.

NFPA's published article *Fire and Life Safety Considerations for Vacant Buildings*[5] highlights the means of which to protect first responders and community members when it comes to vacant buildings through NFPA's Fire & Life Safety Ecosystem. By enforcing codes properly, through steps such as reducing fuel load, restricting access, and maintaining fire protection system, and by creating an informed public and regulatory authority, we can work to mitigate some of the risk associated with vacant structures.

Accordingly, I am seeking an Administrative Search Warrant to conduct full exterior and full interior inspections of the listed property, to

1) Evaluate the overall safety and code compliance of the premises due to the existing violations present,

2) Determine the structural safety and general code compliance of the structure(s) due to the conditions noted,

3) To ensure violations found are and will be remediated, and

4) To address potential fire and life safety hazards that may be present which may result in community member and first responder injuries or death through hazard identification and pre-incident planning.

### SUPPORTING DOCUMENTATION:

Exhibit A:    Property Identification

Exhibit B:    Notice of Violation March 23, 2026

Exhibit C:    Photographs

Exhibit D:    Vacant Property Registry Ordinance

Exhibit E:    Property Maintenance Ordinance

---

[4] National Fire Protection Association, Fires in Vacant Buildings (Marty Ahrens ed., 2018), https://content.nfpa.org/-/media/Project/Storefront/Catalog/Files/Research/NFPA-Research/Building-and-life-safety/osvacantbuildings.pdf, 3
[5] National Fire Protection Association, *Vacant buildings* (Mar. 4, 2022)

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT A

**Printable page**

PARID: 300068524008

MASSINO JOSEPH JR & MARY R                                                    475 TYSON AVE

## Parcel

| | |
|---|---|
| TaxMapID | 30339 038 |
| Parid | 30-00-68524-00-8 |
| Land Use Code | 5000 |
| Land Use Description | C - TAXABLE MISCELLANOUS |
| Property Location | 475 TYSON AVE |
| Lot # | |
| Lot Size | 9000 SF |
| Front Feet | 60 |
| Municipality | ABINGTON |
| School District | ABINGTON |
| Utilities | ALL PUBLIC// |

## Owner

| | |
|---|---|
| Name(s) | MASSINO JOSEPH JR & MARY R |
| Name(s) | |
| Mailing Address | 518 CENTRAL AVE |
| Care Of | |
| Mailing Address | |
| Mailing Address | GLENSIDE PA 19038 |

## Current Assessment

| Appraised Value | Assessed Value | Restrict Code |
|---|---|---|
| 47,310 | 47,310 | |

## Estimated Taxes

| | |
|---|---|
| County | 258 |
| Montco Community College | 23 |
| Municipality | 292 |
| School District | 1,824 |
| Total | 2,397 |
| Tax Lien | Tax Claim Bureau Parcel Search |

## Last Sale

| | |
|---|---|
| Sale Date | 22-MAY-2015 |
| Sale Price | $1 |
| Tax Stamps | 0 |
| Deed Book and Page | 5954-02940 |
| Grantor | MASSINO JOSEPH JR |
| Grantee | MASSINO JOSEPH JR & MARY R |
| Date Recorded | 22-MAY-2015 |

## Sales History

| Sale Date | Sale Price | Tax Stamps | Deed Book and Page | Grantor | Grantee | Date Recorded |
|---|---|---|---|---|---|---|
| 05-22-2015 | $1 | 0 | 5954-02940 | MASSINO JOSEPH JR | MASSINO JOSEPH JR & MARY R | 05-22-2015 |
| 10-15-1979 | $1 | 0 | · | | MASSINO JOSEPH JR | |

## Lot Information

| | |
|---|---|
| Lot Size | **9000 SF** |
| Lot # | |
| Remarks | |
| Remarks | |
| Remarks | |

## Commercial Parcel Summary

| | |
|---|---|
| No. of Cards | 1 |
| Land Use Code | 5000 |
| Gross Building Area (Total of all Cards) | |
| Total Living Units | |

## Accessory Structures

| Card | Type | Type | Size | Year Built |
|---|---|---|---|---|
| 1 | RG1 | FRAME OR CB DETACHED GARAGE | 704 | 1958 |

## Assessment History

| Appraised Value | Assessed Value | Restrict Code | Effective Date | Reason | Notice Date |
|---|---|---|---|---|---|
| 47,310 | 47,310 | | | 7.1 VALIDATION | 28-AUG-1997 |
| | 47,310 | | 01-JAN-1998 | REASSESSMENT | |
| | 2,200 | | 01-JAN-1987 | | |

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT B



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**   ESTATE OF MARY MASSINO

**Care Of**   LORENZO DINATALE

**Address**   518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**   475 TYSON AVE GLENSIDE, PA 19038

**Parcel**   30-00-68524-00-8

## 3) DESCRIPTION OF VIOLATION

1) MULTIPLE SIGNIFICANT CRACKS ON THE NORTHERN WALL.

\*ON THE NORTHERN WALL, THERE ARE SIGNIFICANT CRACKS PRESENT LEADING TO CONCERNS OF STRUCTURAL STABILITY AS WELL AS WEATHER PENETRATION INTO THE STRUCTURE.

You are therefore ordered to   Properly secure property in accordance with International Property Maintenance Code.

Code Section(s) in Violation:   **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

...

6. Exterior walls that are not anchored to supporting and supported elements or are not plumb and free of holes, cracks or breaks and loose or rotting materials, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects.

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

### 2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to:    Remove weeds from the property.

Code Section(s) in Violation:    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

### 3) TRASH/DEBRIS ON PROPERTY

You are therefore ordered to:    Remove all trash/debris from the property.

Code Section(s) in Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

### 4) ROOF/FASCIA/EAVES DETERIORATED WITH NUMEROUS HOLES

You are therefore ordered to:    Repair/replace roof/fascia elements that are worn/damaged/missing.

Replacement of/modifications to roofing/siding requires a permit.

Code Section(s) in Violation    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

### 5) FRONT DOOR AND GARAGE FRAMES WITH LARGE HOLES/OPENINGS

You are therefore ordered to:    Repair/replace door/garage frames and supporting structures.



Thomas Hecker, *Board President*
Matthew Valuey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

Alterations to door size/dimensions/structure requires a permit.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

### 6) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to: Install compliant address numbers

Code Section(s) in Violation: **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

### 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:         04/05/2026

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT C

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Hole in the wall on the northern side of structure*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Image of weeds/overgrowth in rear of the property.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 3:



*Image of trash/debris on the property.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Image of exposed eaves.*

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Image of large hole in roof line.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 5:



*Image of large hole in door frame.*

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT D

TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

ORDINANCE NO. 2097

AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY –
VACANT PROPERTIES"

WHEREAS, the Township of Abington is a Township of the First Class, duly organized and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

WHEREAS, pursuant to section 1502.44 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority to enact and amend provisions of the Abington Township Code ("Code") at any time it deems necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof; and

WHEREAS, pursuant to section 1502.10 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority to take all needful means for securing the safety of persons or property within the Township; and

WHEREAS, the Board of Commissioners of the Township of Abington has determined that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof.

NOW, THEREFORE, the Board of Commissioners of the Township of Abington does hereby ENACT and ORDAIN as follows:

1. Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in Exhibit "A" attached hereto.

2. All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

3.  This Ordinance shall become effective five (5) days after enactment.

ORDAINED AND ENACTED this __9th__ day of _____July_____, 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

Exhibit "A"

### §126-1.    Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings. The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

### §126-2.    Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

A. "Boarded" – A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

B. "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

C. "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same. For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

D. "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E. "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F. "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.    Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.    Registration Statement and Fees; Local Agent

A. Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1. For purposes of this Ordinance, the following shall also be applicable:

   i. If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

   ii. If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

      iii.  If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

      iv.  If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

      v.  If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

      vi.  If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2. Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3. Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B. Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C. Registration Fees

{00311254;v4}

1. There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2. A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3. A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4. A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5. For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D. Waiver of Registration Fee.

1. Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

    i. The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

    ii. The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

      iii.  The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

      iv.  All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2.  The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above. The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3.  At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors. It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E.  Inspection.    At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

## §126-5.    Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice. On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

## §126-6.    Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

## §126-8.    Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

## §126-9.    Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

## §126-10.    Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable. This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

## §126-11.    Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

## §126-12.    Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT E



### TOWNSHIP OF ABINGTON
### Ordinance No. 2205

### ORDINANCE REPEALING CHAPTER 98 – "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

**WHEREAS**, the Township of Abington is charged with the responsibility of protecting the health, safety, and welfare of its residents; and

**WHEREAS**, the Township has adopted a property maintenance code that governs the maintenance requirements of all properties within the Township; and

**WHEREAS**, the Board of Commissioners has determined that it is in the best interests of the health, safety and welfare of its residents to update the property maintenance requirements and modify certain standard provisions.

**NOW, THEREFORE, BE IT AND IT IS HEREBY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON AS FOLLOWS:**

**Section 1.**     Repeal of existing provisions. Chapter 98 "Housing Standards," is amended to repeal all provisions therein in their entirety.

**Section 2.**     Amendment of Chapter 98. Chapter 98 – "Housing Standards," is amended to enact the provisions set forth in Exhibit "A" hereto.

**Section 3.**     Severability. Should any section, paragraph, clause or phrase of this Ordinance be declared unconstitutional or invalid by legislation or a court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, and shall remain in full force and effect.

**Section 4.**     Inconsistencies. All prior ordinances, resolutions and/or other official acts or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistencies.

**Section 5.**     Effective Date. This Ordinance shall take effect five (5) days after enactment.

**DULY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON THIS ___ DAY OF ___, 2023.**

ABINGTON TOWNSHIP

*Thomas Hecker*

Thomas Hecker, President
Board of Commissioners

ATTEST:

*Richard J. Manfredi*

Richard J. Manfredi,
Township Manager & Secretary
{01584884;v3}

Exhibit "A"

### § 98-1 Adoption of Standards

The Board of Commissioners of the Township of Abington does hereby enact and ordain by adoption the International Property Maintenance Code of 2021, or the latest version thereof as approved and released by the International Code Council, and the whole thereof, except such portions as are deleted, modified, amended or added by this chapter. The same is hereby adopted and incorporated as fully as if set out at length herein, and from the date on which this chapter takes effect, the provisions thereof shall be controlling within the limits of the Township of Abington.

### § 98-2 Amendments to Standards

The International Property Maintenance Code of 2021 is amended as set forth herein. Such amendments shall be incorporated into any subsequent version of the International Property Maintenance Code as approved and released by the International Code Council without further action by the Board of Commissioners of the Township of Abington.

A. Section 101.1 shall be amended to reference the "Township of Abington."

B. Section 103.1 shall be amended to reference the "Code Enforcement Division of the Township of Abington."

C. Section 110.4 shall be amended to read as follows:

110.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine of not less than $500.00 dollars or more than $1,000.00 dollars.

D. Section 302.4 shall be amended to include a maximum height of ten (10) inches.

E. Section 302.4.1 shall be added and shall read as follows:

302.4.1 Prohibited Use of Defoliants and Herbicides: The use of defoliants, herbicides or similar chemicals to completely or substantially defoliate a parcel, property or lot, whether to avoid having to maintain that parcel, property or lot by mowing, pulling of weeds, etc., or for any other reason, is prohibited. For the purposes of this section, the term "substantially" shall mean 20% or more of any parcel, property or lot, except any greater area as may be approved by the Abington Township Code Enforcement Department. Any such approval shall be in writing, and shall be granted prior to the application of the defoliant, herbicide, or similar chemical.

F. Section 302.8 shall be amended read as follows:

302.8 Motor vehicles. Except as provided for in other regulations, inoperative, unlicensed or uninsured motor vehicles shall not be parked, kept or stored on any premises, and vehicles shall not at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an approved spray booth. Storage, parking, abandonment or keeping of any licensed or unlicensed motor vehicle, vehicle, watercraft, trailer, or any parts thereof shall not be permitted on any lawn or grass area.

{01584884;v3}

Exception: A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and approved for such purposes.

G.  Section 302.8.1 shall be added, and shall read as follows:

302.8.1 Residential property: No residential property is permitted to keep or store any truck more than 18 feet in length, 80 inches in width or more than 8,200 pounds in gross vehicle weight (GVWR) or motor-driven trucks and truck tractors designed to carry personal property or vehicle-servicing equipment, including but not limited to hoists, ladders or towing mechanisms. On streets of residential zoning no commercial vehicles may be parked, kept or stored if more than 80 inches in width and/or more than 11,000 pounds in gross vehicle weight (GVWR). Exception: If making a legitimate delivery to a residential property and the truck is properly and safely parked, the delivery may be completed.

Exception: Vehicles may be repaired in certain districts where repairs are permitted by district regulations.

H.  Section 304.14 shall be amended to read as follows:

304.14 Insect screens. During the period from May 15 to October 15, every door, window and other outside opening required for ventilation of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with approved tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

Exception: Screens shall not be required where other approved means, such as air curtains or insect repellent fans, are employed.

I.  Section 602.3 shall be amended to

602.3 Heat supply. Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 15 to Mayh 15 to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.

Exceptions:

1.  When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.

2.  In areas where the average monthly temperature is above 30°F (-1°C), a minimum temperature of 65°F(18°C) shall be maintained.

J.  Section 602.4 shall be amended to read as follows:

{01584884;v3}

602.4 Occupiable work spaces. Indoor occupiable work spaces shall be supplied with heat during the period from October 15 to May 15 to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.

Exceptions:

1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.

K. Section 606.2 shall read as follows:

606.2 Elevators. In buildings equipped with passenger elevators, not less than ½ of the total number of elevators, rounded up to the next whole number of total elevators, shall be maintained in operation at all times when the building is occupied.

Exception: Buildings equipped with only one elevator shall be permitted to have the elevator temporarily out of service for testing or servicing.

L. Sections 704.8 and 704.9 shall be added and shall read as follows:

704.8 Fire extinguishers in living units. A portable fire extinguisher having a minimum rating of 1-A:10-B:C shall be installed within each dwelling unit. For multi-family dwelling units, compliance with this Section shall be as follows: 25% of all living units on or before December 31, 2023; 50% of all living units on or before December 31, 2024; 75% of all living units on or before December 31, 2025; 100% of all living units on or before December 2026.

704.9 Smoke alarms in rental units. Smoke alarms shall be installed and maintained in accordance with 704.6.1.1 through 704.7 in all living units used for rental purposes.

M. Section 705.1.1 shall be added and shall read as follows:

705.1.1 Carbon monoxide alarms in rental units. Carbon monoxide alarms and carbon monoxide detection systems shall be installed and maintained in all living units used for rental purposes.

{01584884;v3}

| APPLICATION DATE | **Commonwealth of Pennsylvania** COUNTY OF MONTGOMERY | WARRANT CONTROL NO. |
|---|---|---|
| DOCKET NO | Application for Administrative Search Warrant and Authorization | ISSUED TO DISTRICT/UNIT |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANGEMENT - 1176 OLD YORK RD ABINGTON PA | 267-536-1089 |
|---|---|---|---|
| *NAME AND AFFIANT* | *IDENTIFICATION NO.* | *AGENCY · DISTRICT/UNIT · ADDRESS* | *PHONE NUMBER* |

| STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED 486 TYSON AVE GLENSIDE, PA 19038  (MONTGOMERY COUNTY PARCEL 30-00-69136-00-8) | BRT/OPA # |
|---|---|

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED  PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE  *(Be specific)*

VACANT PROPERTY AND STRUCTURE TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY *(If proper name is unknown, give alias and/or description).*
ESTATE OF JOSEPH JR & MARY R MASSINO

| VIOLATION OF STATUTE OR ORDINANCE  *(Describe conduct or specify statute).* | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED |
|---|---|
| ABINGTON TOWNSHIP ORDINANCE 2097 & 2205 | |

### PROBABLE CAUSE AFFIDAVIT
PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES

FAILURE TO COMPLETE INSPECTION AS REQUIRED UNDER VACANT PROPERTY
REGISTRATION AND MULTIPLE SIGNIFICANT PROPERTY MAINTENANCE VIOLATIONS.

ATTACHED PAGES DESCRIBE VIOLATIONS AND SUPPORTING CODE.

☑ 36      ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities

Date 04/29/2026

*SIGNATURE OF AFFIANT*

**APPROVED BY TOWNSHIP SOLICITOR**

| Melissa A. Osborne | *Melissa A. Osborne* | 4/29/2026 | |
|---|---|---|---|
| *NAME OF ASSISTANT TWP SOLICITOR* | *SIGNATURE OF ASSISTANT TWP SOLICITOR* | *DATE* | *FILE NUMBER* |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently Inspected, may be In violation of the Township Code, and that probable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANGEMENT - 1176 OLD YORK RD. | 4/29/2026 |
|---|---|---|---|
| *NAME AND AFFIANT* | *SIGNATURE OF AFFIANT* | *AGENCY · DISTRICT/UNIT · ADDRESS* | *DATE* |

#### TO BE COMPLETED BY THE ISSUING AUTHORITY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29 DAY OF April , 20 26

| | MDJ 38-1-05 | 117 | |
|---|---|---|---|
| *SIGNATURE OF ISSUING AUTHORITY* | *TITLE* | *OFFICE ADDRESS* | *SEAL* |

### ADMINISTRATIVE SEARCH WARRANT

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found probable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

☑ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than 5-1-26 0

☑ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than ___ 3:0pm

☐ This Warrant shall be returnable to Judicial Officer ___

Issued under my hand this 29 day of April , 20 26 , at 3:00 .M o'clock. *(Issue time must be stated)*

| | MDJ 38-1-05 | | 1/2030 |
|---|---|---|---|
| *Signature of Issuing Authority* | *Title* (Court of Common Pleas Judge, Municipal Court Judge, Other) | | *Date Commission Expires* |

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

I, CHRISTOPHER PLATZ, in my capacity as FIRE MARSHAL for ABINGTON TOWNSHIP, am responsible for the enforcement of applicable building, fire, life safety, and property maintenance codes, including but not limited to PA UCC and adopted Building, Property Maintenance, and Fire Codes.

This application seeks authorization to conduct an inspection of the property located at **486 TYSON AVENUE GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-69136-00-8**) for the purpose of determining compliance with applicable building, property maintenance, fire and life safety regulations, as well as to assess and document the safety of the structure(s) proactively for first responders.

Entry has not been obtained through voluntary means, and an inspection is necessary pursuant to established administrative standards and/or documented conditions as outlined below.

### APPLICABLE ORDINANCES

Under Abington Township's currently adopted ordinances, compliance with a variety of codes and ordinances is required, including but not limited to:

- Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES"
- Abington Township Ordinance 2205: "ORDINANCE REPEALING CHAPTER 98 - "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

These ordinances adopted outline the requirement for the municipality to conduct inspections to confirm compliance with applicable regulations and/or notify appropriate parties of violations found.

Abington Township has adopted a Vacant Property Registry ordinance for "the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof."[1]

### PROPERTY SPECIFIC

On February 12th, 2025, the listed owners of this property, along with dozens of others, received notice via mail that their properties were eligible for and required to be registered in Abington Township's Vacant Property Registry program. Owners were given a 45-day amnesty period to apply to the registry in which the late submittal fee would not be charged as noted in the ordinance. The property owner/representative did not apply within that timeline but submitted on April 11th, 2025.

In accordance with Ordinance 2097 Section §126-4 E. Inspection, "*At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.*"[2]

---

[1] Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES", 1

[2] Ibid., 7

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

The identified property administrator/representative was notified, as part of the process, that an inspection of the premises would be conducted. The premises would be defined as "a tract of land and its component parts (as buildings)"[3], including all buildings and all interior and exterior areas.

Since that time, the administrator/applicant has had multiple discussions with me concerning access to the property and has consistently asserted that the property owners would not permit access to conduct an interior inspection. We further advised that the properties are overdue for their required annual inspection, having not been inspected since 2013. He indicated that the properties are being properly maintained, as stated in a February 18, 2026, email: "The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately."

On March 4, 2026, I completed an exterior evaluation of the property from the public right of way, finding numerous violations. This structure is part of a complex of connected buildings, with this parcel's owners owning 5 of the 6 parcels on this corner. I sought to gain, and was granted, appropriate access from the 6th parcel (2610 Jenkintown Road) owner to determine compliance in areas not readily visible from the public right of way, but visible from the 6th parcel's property. On March 19th, 2026, I conducted an investigation of the parcels and found numerous violations present.

At **486 TYSON AVENUE GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-69136-00-8**), the following was found in violation of applicable codes and ordinances on March 19, 2026:

1. **Significant hole in roof, deteriorated roof, and missing ridge vent cover**
   This hole and the extreme amount of deterioration leads to significant cause for concern as to the overall conditions of the structure. Using aerial imaging (NearMap) I can see that the ridge vent cover went missing prior to March 3, 2022. The hole and deterioration are seen as far back as 10 years ago. This level of exposure to the elements can lead to deterioration of roof structural elements including potentially mold, mildew, rot, and structural compromise, as well as damage to interior elements not readily visible from the exterior.

   Code Section(s) in Violation:

   - **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*
   - **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

---

[3] "Premises." Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/premises. Accessed 24 Apr. 2026.

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code: ...*
  - *3. Structures or components thereof have deterioration or distress that appears to reduce their load-carrying capacity.*

2. <u>Tree/weeds growing on roof of structure</u>
   Weeds and trees growing on the roof of structures present a significant risk of dislodging building elements as they grow and expand. Trees have been known to push up concrete sidewalks as they grow, so dislodging of wooden roofing and similar structural elements is highly likely when such growth goes unaddressed. The openings created also lead to potential rodent infestation.

   Code Section(s) in Violation:

   - **2024 IPMC 302.4 Weeds.** *Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.*

3. <u>Dilapidated fence in rear of property – falling apart, in state of disrepair</u>
   In the rear of the property, there is a fence in a state of disrepair. It has been overrun with weeds, dislodging it in several locations, and beginning to fall over. It has begun capturing trash in the fence as well. The fence in this condition, should it fail, would potentially fall onto the SEPTA tracks to the rear, presenting a hazard to those on the train as well as those walking by who would be in the vicinity of the fence should it come in contact with a train and potentially become a projectile.

   Code Section(s) in Violation:

   - **2024 IPMC 302.7 Accessory structures.** *Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.*

4. <u>Holes in eaves and missing fascia of roof</u>
   Holes in the eaves and missing fascia result in unintended damage to structural elements. Exposure of the rafters will lead to rot and deterioration, as well as potential for animals to find harborage inside of the structure, causing other damages.

   Code Section(s) in Violation:

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*
- **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

5. **Property missing address identification numbers**

   Property identification is key for emergency response, not only to the specific structures but passersby in the area. Should the building be on fire, delays in properly identifying it could result in catastrophic results from increased exposure to adjacent structures. Also, during incidents like someone collapsing on the sidewalk or a vehicle accident out front, people will be looking for an address to direct emergency services to them. Without proper identification, unnecessary delays can occur.

   Code Section(s) in Violation:

   - **2024 IPMC 304.3 Premises identification.** *Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).*

The administrator/applicant was provided with these violations in a Notice of Violation/Order to Correct dated March 23, 2026, with a date to correct by April 5th, 2026. They were also advised that due to the nature of these violations, an internal inspection was required to evaluate the extent of internal conditions/impacts with completion of such inspection due by April 17th, 2026. Steps were taken to remedy some of the smaller issues, but compliance has not been achieved, and no inspection has been authorized to determine the extent of conditions on the inside. An additional week was provided to schedule the inspection due to improvements made, but the administrator/applicant advised on April 23, 2026, that an internal inspection would not be approved.

One of the additional key reasons for finding and correcting violations at vacant/abandoned properties is due to the public safety risk associated with them. According to National Fire Protection Association (NFPA) Research, between 2011-2015, six (6) percent of structure fires occurred within vacant structures, but 13 percent of firefighter injuries occurred in/at vacant structures[4], showing injuries are more than twice as likely at vacant structures than occupied structures. This demonstrates the increased danger of these structures, and that without rigorously evaluating the risk of these structures through inspections, evaluations, and enforcement of codes, we are placing our first responders at an increased risk of harm.

---

[4] National Fire Protection Association, Fires in Vacant Buildings (Marty Ahrens ed., 2018), https://content.nfpa.org/-/media/Project/Storefront/Catalog/Files/Research/NFPA-Research/Building-and-life-safety/osvacantbuildings.pdf. 3

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

NFPA's published article *Fire and Life Safety Considerations for Vacant Buildings*[5] highlights the means of which to protect first responders and community members when it comes to vacant buildings through NFPA's Fire & Life Safety Ecosystem. By enforcing codes properly, through steps such as reducing fuel load, restricting access, and maintaining fire protection system, and by creating an informed public and regulatory authority, we can work to mitigate some of the risk associated with vacant structures.

Accordingly, I am seeking an Administrative Search Warrant to conduct full exterior and full interior inspections of the listed property, to

1) Evaluate the overall safety and code compliance of the premises due to the existing violations present,

2) Determine the structural safety and general code compliance of the structure(s) due to the conditions noted,

3) To ensure violations found are and will be remediated, and

4) To address potential fire and life safety hazards that may be present which may result in community member and first responder injuries or death through hazard identification and pre-incident planning.

### SUPPORTING DOCUMENTATION:

Exhibit A:    Property Identification

Exhibit B:    Vacant Property Registration

Exhibit C:    Notice of Violation March 23, 2026

Exhibit D:    Photographs

Exhibit E:    Vacant Property Registry Ordinance

Exhibit F:    Property Maintenance Ordinance

---

[5] National Fire Protection Association, *Vacant buildings* (Mar. 4, 2022)

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT A

**Printable page**

PARID: 300069136008

MASSINO JOSEPH JR & MARY R                                                                 486 TYSON AVE

### Parcel

| | |
|---|---|
| TaxMapID | 30339 011 |
| Parid | 30-00-69136-00-8 |
| Land Use Code | 3320 |
| Land Use Description | I - IND:ONE STORY WHSE/MFG UP TO 15000 S |
| Property Location | 486 TYSON AVE |
| Lot # | |
| Lot Size | 6578 SF |
| Front Feet | 50 |
| Municipality | ABINGTON |
| School District | ABINGTON |
| Utilities | ALL PUBLIC// |

### Owner

| | |
|---|---|
| Name(s) | MASSINO JOSEPH JR & MARY R |
| Name(s) | |
| Mailing Address | 518 CENTRAL AVE |
| Care Of | |
| Mailing Address | |
| Mailing Address | GLENSIDE PA 19038 |

### Current Assessment

| Appraised Value | Assessed Value | Restrict Code |
|---|---|---|
| 60,130 | 60,130 | |

### Estimated Taxes

| | |
|---|---|
| County | 328 |
| Montco Community College | 29 |
| Municipality | 371 |
| School District | 2,318 |
| Total | 3,046 |
| Tax Lien | Tax Claim Bureau Parcel Search |

### Last Sale

| | |
|---|---|
| Sale Date | 22-MAY-2015 |
| Sale Price | $1 |
| Tax Stamps | 0 |
| Deed Book and Page | 5954-02924 |
| Grantor | MASSINO JOSEPH JR |
| Grantee | MASSINO JOSEPH JR & MARY R |
| Date Recorded | 22-MAY-2015 |

### Sales History

| Sale Date | Sale Price | Tax Stamps | Deed Book and Page | Grantor | Grantee | Date Recorded |
|---|---|---|---|---|---|---|
| 05-22-2015 | $1 | 0 | 5954-02924 | MASSINO JOSEPH JR | MASSINO JOSEPH JR & MARY R | 05-22-2015 |
| 10-15-1979 | $1 | 0 | - | | MASSINO JOSEPH JR | |

## Lot Information

| | |
|---|---|
| Lot Size | 6578 SF |
| Lot # | |
| Remarks | L 741-742 |
| Remarks | |
| Remarks | |

## Commercial Parcel Summary

| | |
|---|---|
| No. of Cards | 1 |
| Land Use Code | 3320 |
| Gross Building Area (Total of all Cards) | 1,920 |
| Total Living Units | |

## Commercial Parcel Summary

| Use | Area |
|---|---|
| WAREHOUSE | 1,920 |

## Commercial Card Summary

| | |
|---|---|
| Card | 1 |
| Imp Name | NO BUSINESS NAME |
| Structure Code | 398 |
| Structure | WAREHOUSE |
| Sprinkler | |
| Units | |
| Identical Units | 1 |
| Year Built | 1985 |
| Gross Building Area | |
| Elevator/Escalator | |

## Accessory Structures

| Card | Type | Type | Size | Year Built |
|---|---|---|---|---|
| 1 | PA1 | PAVING ASPHALT PARKING | 4000 | 1985 |
| 1 | FN1 | FENCE - CHAIN LINK | 800 | 1985 |

## Assessment History

| Appraised Value | Assessed Value | Restrict Code | Effective Date | Reason | Notice Date |
|---|---|---|---|---|---|
| 60,130 | 60,130 | | | 0 | 16-MAY-1997 |
| | 60,130 | | 01-JAN-1998 | REASSESSMENT | |
| | 3,200 | | 01-JAN-1987 | | |

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT B



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

## VACANT PROPERTY REGISTRATION FORM
### NON-RESIDENTIAL PROPERTIES ONLY

In accordance with Ordinance 2156 of the Township of Abington, all information requested below must be provided. Please type or print clearly. Only completed forms will be accepted. *Note that this application applies only to nonresidential properties.* Please complete this form and submit it to the Fire & Code Services Department.

**I.    PROPERTY INFORMATION:**

Full Address of the property: 486 Tyson Ave, Glenside PA 19095

Tax Parcel Number: 30x069136008

Date that property was vacated: Unknown
NOTE: PLEASE PROVIDE (ATTACH) DOCUMENTATION.

Total number of buildings on parcel: 1

Total number of units on parcel: 1

Square footage of each unit: Unknown

Number of parking spaces available per building on parcel: Parking in front

**II.    CONTACT INFORMATION:**

Owner's Information:

Lorenzo Di Natale (Administrator)
NAME

P.O. Box 673
ADDRESS:              NUMBER + STREET

Havertown, PA, 19085
CITY         STATE      ZIP

610-525-4506
PHONE: LANDLINE                    CELL

lorenzo_dinatale@yahoo.com
E-MAIL

If the owner is a corporation, LP, LLC, or some other form of partnership, the names, telephone numbers, mailing addresses, and e-mail addresses must be provided for the Chief Executive Officer, the

1



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

Registered Officer(s), and the Managing Partners of the Corporation. Please provide (attach) that information on a separate page. One of the persons listed must reside within the Commonwealth of Pennsylvania.

Designated Agent's Information (THIS SHOULD BE THE EMERGENCY POINT OF CONTACT):

Lorenzo DiNatale
NAME

P.O. Box 673
ADDRESS:        NUMBER + STREET

Havertown,    PA,    19083
CITY        STATE        ZIP

610-525-4506
PHONE: LANDLINE        CELL

lorenzo_dinatale@yahoo.com
E-MAIL

## III.    SUBMISSION:

I hereby attest/swear that the information I have provided on this registration form is accurate and complete to the best of my knowledge.

The Fire & Code Services Department will contact the applicant to schedule mandatory inspections as per the requirements of Ordinance #2156 of the Township of Abington.

Principal Owner's Signature: _George DiNatale_

Date: _4/11/25_

All checks are required to be made payable to the Township of Abington.

If mailing a check, please mail to:    Abington Township
Attn: Fire & Code Services Department
1176 Old York Road
Abington, PA 19001

2



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

---

### THE FOLLOWING IS FOR INTERNAL USE ONLY:

Received by: _____     Date: _____

Permit #: _____     Permit Fee: _____

Check # _____     Receipt #: _____

---

3

1176 Old York Road, Abington PA 19001 | www.abington.org | 267 536 1000 | TTY-1 TD: 9 1 1 | fax 215 884 8371

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT C



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**    ESTATE OF MARY MASSINO

**Care Of**    LORENZO DINATALE

**Address**    518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**    486 TYSON AVE GLENSIDE, PA 19038

**Parcel**    30-00-69136-00-8

## 3) DESCRIPTION OF VIOLATION

1) SIGNIFICANT HOLE IN ROOF, DETERIORATED ROOF, AND MISSING RIDGE VENT COVER

*THIS HOLE AND THE EXTREME AMOUNT OF DETERIORATION LEADS TO SIGNIFICANT CAUSE FOR CONCERN AS TO THE OVERALL CONDITIONS OF THE STRUCTURE. USING AERIAL IMAGING I CAN SEE THAT THE RIDGE VENT COVER WENT MISSING PRIOR TO MARCH 3, 2022. THE HOLE AND DETERIORATION ARE SEEN BACK FOR NEARLY 10 YEARS.

| | |
|---|---|
| You are therefore ordered to: | Repair and/or replace fascia and eave materials. |
| | Any replacement/removal of roof/siding requires permits. |
| Code Section(s) in Violation | **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare. |
| | **2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance. |
| | **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:... |

### CODE ENFORCEMENT DIVION
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

3.    Structures or components thereof have deterioration or distress that appears to reduce their load-carrying capacity.

## 2) TREE/WEEDS GROWING ON ROOF OF STRUCTURE

You are therefore ordered to:    Remove weeds/a tree from the roof of the structure.

Code Section(s) in Violation:    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) DILAPIDATED FENCE IN REAR OF PROPERTY – FALLING APART, IN STATE OF DISREPAIR

You are therefore ordered to:    Repair existing fence.

Any replacement/removal of fence requires permits.

Code Section(s) in Violation:    **2024 IPMC 302.7 Accessory structures.** Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

## 4) HOLES IN EAVES AND MISSING FASCIA OF ROOF

You are therefore ordered to:    Repair and/or replace fascia and eave materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

### 5) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to:   Install compliant address numbers

Code Section(s) in Violation:   **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

### 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:        04/05/2026

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT D

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Aerial Image of roof Deterioration dated 4/7/2026*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Image of trees/weeds growing on roof and into the roof of the structure.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 3;



*Image of fence in the rear.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Image of exposed eaves and fascia.*

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT E

**TOWNSHIP OF ABINGTON**
**MONTGOMERY COUNTY, PENNSYLVANIA**

**ORDINANCE NO. 2097**

**AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY –**
**VACANT PROPERTIES"**

**WHEREAS,** the Township of Abington is a Township of the First Class, duly organized and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

**WHEREAS,** pursuant to section 1502.44 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority to enact and amend provisions of the Abington Township Code ("Code") at any time it deems necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof; and

**WHEREAS,** pursuant to section 1502.10 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority to take all needful means for securing the safety of persons or property within the Township; and

**WHEREAS,** the Board of Commissioners of the Township of Abington has determined that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof.

**NOW, THEREFORE,** the Board of Commissioners of the Township of Abington does hereby **ENACT** and **ORDAIN** as follows:

1. Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in Exhibit "A" attached hereto.

2. All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

3.  This Ordinance shall become effective five (5) days after enactment.

**ORDAINED AND ENACTED** this _9ᵗʰ_ day of _July_ , 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

## Exhibit "A"

### §126-1.    Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings.  The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

### §126-2.    Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

A. "Boarded" – A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

B. "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

C. "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same.  For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

D. "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E. "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F. "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.    Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.    Registration Statement and Fees; Local Agent

A. Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1. For purposes of this Ordinance, the following shall also be applicable:

    i. If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

    ii. If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

    iii.   If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

    iv.   If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

    v.   If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

    vi.   If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2.  Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3.  Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B.  Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C.  Registration Fees

{00311254;v4}

1. There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2. A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3. A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4. A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5. For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D. Waiver of Registration Fee.

1. Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

    i. The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

    ii. The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

    iii.   The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

    iv.   All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2.   The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above. The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3.   At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors. It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E.  Inspection.    At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

### §126-5.    Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice. On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

### §126-6.    Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

### §126-8.    Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

### §126-9.    Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

### §126-10.    Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable. This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

### §126-11.    Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

### §126-12.    Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT F



**TOWNSHIP OF ABINGTON**
**Ordinance No. 2205**

### ORDINANCE REPEALING CHAPTER 98 – "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

**WHEREAS**, the Township of Abington is charged with the responsibility of protecting the health, safety, and welfare of its residents; and

**WHEREAS**, the Township has adopted a property maintenance code that governs the maintenance requirements of all properties within the Township; and

**WHEREAS**, the Board of Commissioners has determined that it is in the best interests of the health, safety and welfare of its residents to update the property maintenance requirements and modify certain standard provisions.

### NOW, THEREFORE, BE IT AND IT IS HEREBY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON AS FOLLOWS:

**Section 1.**    **Repeal of existing provisions.** Chapter 98 "Housing Standards," is amended to repeal all provisions therein in their entirety.

**Section 2.**    **Amendment of Chapter 98.** Chapter 98 – "Housing Standards," is amended to enact the provisions set forth in Exhibit "A" hereto.

**Section 3.**    **Severability.** Should any section, paragraph, clause or phrase of this Ordinance be declared unconstitutional or invalid by legislation or a court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, and shall remain in full force and effect.

**Section 4.**    **Inconsistencies.** All prior ordinances, resolutions and/or other official acts or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistencies.

**Section 5.**    **Effective Date.** This Ordinance shall take effect five (5) days after enactment.

**DULY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON THIS ⌐⌐ DAY OF ⌐⌐⌐⌐ , 2023.**

ABINGTON TOWNSHIP

*Thomas Heckel*

Thomas Hecker, President
Board of Commissioners

ATTEST:

*Richard J. Manfredi*

Richard J. Manfredi,
Township Manager & Secretary

(01584884;v3)

**Exhibit "A"**

### § 98-1  Adoption of Standards

The Board of Commissioners of the Township of Abington does hereby enact and ordain by adoption the International Property Maintenance Code of 2021, or the latest version thereof as approved and released by the International Code Council, and the whole thereof, except such portions as are deleted, modified, amended or added by this chapter. The same is hereby adopted and incorporated as fully as if set out at length herein, and from the date on which this chapter takes effect, the provisions thereof shall be controlling within the limits of the Township of Abington.

### § 98-2  Amendments to Standards

The International Property Maintenance Code of 2021 is amended as set forth herein. Such amendments shall be incorporated into any subsequent version of the International Property Maintenance Code as approved and released by the International Code Council without further action by the Board of Commissioners of the Township of Abington.

    A.  Section 101.1 shall be amended to reference the "Township of Abington."

    B.  Section 103.1 shall be amended to reference the "Code Enforcement Division of the Township of Abington."

    C.  Section 110.4 shall be amended to read as follows:

        110.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine of not less than $500.00 dollars or more than $1,000.00 dollars.

    D.  Section 302.4 shall be amended to include a maximum height of ten (10) inches.

    E.  Section 302.4.1 shall be added and shall read as follows:

        302.4.1 Prohibited Use of Defoliants and Herbicides: The use of defoliants, herbicides or similar chemicals to completely or substantially defoliate a parcel, property or lot, whether to avoid having to maintain that parcel, property or lot by mowing, pulling of weeds, etc., or for any other reason, is prohibited. For the purposes of this section, the term "substantially" shall mean 20% or more of any parcel, property or lot, except any greater area as may be approved by the Abington Township Code Enforcement Department. Any such approval shall be in writing, and shall be granted prior to the application of the defoliant, herbicide, or similar chemical.

    F.  Section 302.8 shall be amended read as follows:

        302.8 Motor vehicles. Except as provided for in other regulations, inoperative, unlicensed or uninsured motor vehicles shall not be parked, kept or stored on any premises, and vehicles shall not at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an approved spray booth. Storage, parking, abandonment or keeping of any licensed or unlicensed motor vehicle, vehicle, watercraft, trailer, or any parts thereof shall not be permitted on any lawn or grass area.



{01584884;v3}

Exception: A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and approved for such purposes.

G.  Section 302.8.1 shall be added, and shall read as follows:

302.8.1 Residential property: No residential property is permitted to keep or store any truck more than 18 feet in length, 80 inches in width or more than 8,200 pounds in gross vehicle weight (GVWR) or motor-driven trucks and truck tractors designed to carry personal property or vehicle-servicing equipment, including but not limited to hoists, ladders or towing mechanisms. On streets of residential zoning no commercial vehicles may be parked, kept or stored if more than 80 inches in width and/or more than 11,000 pounds in gross vehicle weight (GVWR). Exception: If making a legitimate delivery to a residential property and the truck is properly and safely parked, the delivery may be completed.

Exception: Vehicles may be repaired in certain districts where repairs are permitted by district regulations.

H.  Section 304.14 shall be amended to read as follows:

304.14 Insect screens. During the period from May 15 to October 15, every door, window and other outside opening required for ventilation of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with approved tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

Exception: Screens shall not be required where other approved means, such as air curtains or insect repellent fans, are employed.

I.  Section 602.3 shall be amended to

602.3 Heat supply. Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 15 to Mayh 15 to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.

Exceptions:

1.  When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.

2.  In areas where the average monthly temperature is above 30°F (-1°C), a minimum temperature of 65°F (18°C) shall be maintained.

J   Section 602.4 shall be amended to read as follows:

{01584884;v3}

602.4 Occupiable work spaces. Indoor occupiable work spaces shall be supplied with heat during the period from October 15 to May 15 to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.

Exceptions:

1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.

K. Section 606.2 shall read as follows:

606.2 Elevators. In buildings equipped with passenger elevators, not less than ½ of the total number of elevators, rounded up to the next whole number of total elevators, shall be maintained in operation at all times when the building is occupied.

Exception: Buildings equipped with only one elevator shall be permitted to have the elevator temporarily out of service for testing or servicing.

L. Sections 704.8 and 704.9 shall be added and shall read as follows:

704.8 Fire extinguishers in living units. A portable fire extinguisher having a minimum rating of 1-A:10-B:C shall be installed within each dwelling unit. For multi-family dwelling units, compliance with this Section shall be as follows: 25% of all living units on or before December 31, 2023; 50% of all living units on or before December 31, 2024; 75% of all living units on or before December 31, 2025; 100% of all living units on or before December 2026.

704.9 Smoke alarms in rental units. Smoke alarms shall be installed and maintained in accordance with 704.6.1.1 through 704.7 in all living units used for rental purposes.

M. Section 705.1.1 shall be added and shall read as follows:

705.1.1 Carbon monoxide alarms in rental units. Carbon monoxide alarms and carbon monoxide detection systems shall be installed and maintained in all living units used for rental purposes.

{01584884;v3}

# EXHIBIT "K"

## Re: Properties in Violation of Abington Township Code

From:  Christopher Platz (cplatz@abingtonpa.gov)

To:      lorenzo_dinatale@yahoo.com

Date:   Friday, April 17, 2026 at 03:41 PM EDT

Lorenzo,

Thank you for stopping by yesterday to provide an update. While I appreciate the steps you have taken, and the communication, as mentioned, we still need to complete an inspection of the property, both outside and inside the buildings. The purpose as previously explained is to 1) verify that these noted violations have been corrected, and 2) ensure that there are no other violations present around or within the property/structures. I am extremely concerned as to the structural safety of the property.

As we discussed, the deadline for this inspection was today, April 17th. As agreed upon when we spoke, I acknowledged your steps taken and will therefore allow a 1-week extension on this. If an inspection as noted is not authorized and completed by end of business on Friday, April 24th, I will proceed with seeking an Administrative Search Warrant based on the conditions noted in the NOV's and any other as appropriate.

Please confirm the date for next week when we can complete this inspection.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire & Emergency Management
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
Sent: Thursday, April 16, 2026 11:50

**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

Lorenzo,

Please provide me an update on progress made as well as a potential date for our inspection.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Wednesday, April 8, 2026 5:27:31 PM
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

Thank you for sending this.

As always, the Township's goal is compliance, and we are willing to work with you, but extensions on times to remedy must be reasonable. Also, we will not issue citations unless progress stops and/or collaboration on resolutions stop.

Additionally, while progress has and continues to be made on remedying the noted violations, we still expect to complete an interior inspection due to the nature of a number of the violations and the conditions of the property. We still expect to complete this during the timeframe provided. Should previously noted violations still remain during this inspection, we can agree to extensions as noted above based on progress made.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

**From:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Sent:** Wednesday, April 8, 2026 17:01
**To:** Christopher Platz <cplatz@AbingtonPA.gov>
**Subject:** Re: Properties in Violation of Abington Township Code

Mr. Platz,

Thank you for speaking with me as a walk in regarding the notice of violations issued with respect to the properties at Tyson and Jenkintown Ave (48 violations).

As I stated during our conversation, I am sending this as confirmation of our discussion and understanding with respect to the notice of violations.

As was discussed:

No Citations will be issued as long as progress is being made on resolving the violations issued.

Any garbage and weeds on the properties have been removed and parking lot patched.

An engineer has evaluated the properties with structural concerns that are stated in the notice of violations and I am awaiting a final report.

Contractors are in the process of being retained for the remaining notice of violations.

I will keep you updated as warranted.

Kindly advise of anything that I neglected to mention.

Regards,

Lorenzo Di Natale

On Tuesday, April 7, 2026 at 01:33:41 PM EDT, Christopher Platz <cplatz@abingtonpa.gov> wrote:

Lorenzo,

Wanting to confirm, does Friday April 10th at 10am work?

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Thursday, April 2, 2026 16:41
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

To be clear, that is Friday April 10th at 10am.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services

1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Thursday, April 2, 2026 16:40
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Re: Properties in Violation of Abington Township Code

Lorenzo,

Thank you for the reply. Would Friday morning work for you? Potentially 10am?

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

---

From: Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
Sent: Wednesday, April 1, 2026 17:09
To: Christopher Platz <cplatz@AbingtonPA.gov>
Subject: Re: Properties in Violation of Abington Township Code

Mr. Platz,

I wanted to confirm receipt of your notice of 48 violations which was emailed to me on March 23, 2026 @ 6:07 p.m. with a compliance date of Sunday April 5th 2026.

I understand from the notice that you desire an inspection between April 6-17 2026.

Based on Easter falling on a Sunday this year I will be back on Wednesday April 8 to address work issues so kindly advise of a date for inspection that works for you from April 9-17 which falls in the date range mentioned in your

email.

Regards,

Lorenzo Di Natale

On Tuesday, March 31, 2026 at 01:18:25 PM EDT, Christopher Platz <cplatz@abingtonpa.gov> wrote:

Lorenzo,

Reaching out to confirm you received this email and see when we can get this inspection scheduled as mentioned below.

Thank you,

**Chris**

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

**From:** Christopher Platz <cplatz@AbingtonPA.gov>
**Sent:** Monday, March 23, 2026 18:07
**To:** Lorenzo DiNatale <lorenzo_dinatale@yahoo.com>
**Subject:** Properties in Violation of Abington Township Code

Lorenzo,

Attached please find Notices of Violations/Orders to Correct for six (6) properties located in the vicinity of Jenkintown Road and Tyson Avenue which are listed as owned by Joseph Massino Jr & Mary Massino. I am sending to you as the executor of the Estate of Mary Massino.

These conditions have been found to exist at the property and are violations of the Abington Township Property Maintenance Code or other regulations as noted within the documents.

All violations are to be corrected in the timeframe provided within the notice.

Additionally, we seek to, within the two business weeks following the "Required Date of Compliance/Correction" deadline, complete both an internal and external inspection of the associated properties to 1) verify that these noted violations have been corrected, and 2) ensure that there are no other violations present around or within the property/structures. Due to the conditions the properties/structures have been found in, there are significant concerns as to the conditions of the structures that warrant a thorough exterior and interior evaluation to ensure the continued safety of the community around these properties, as well as ensuring they are maintained in a safe, clean, secure, compliant manner as required by the code.

Should a further exterior and interior inspection be denied and/or not permitted to occur between April 6th and April 17th, 2026, we will proceed with seeking an Administrative Search Warrant. We hope to avoid this step as safety and code compliance is our goal through collaboration, but we will act in order to protect the Abington Township community.

Please confirm receipt of these notices and let me know if you have any questions.

Thank you,

Chris

**Chris Platz**
*Fire Marshal*
Township of Abington - Fire and Code Services
1176 Old York Road, Abington, PA 19001
267-536-1089 | cplatz@abingtonpa.gov
www.abingtonpa.gov

| APPLICATION DATE | **Commonwealth of Pennsylvania**<br>COUNTY OF MONTGOMERY | WARRANT CONTROL NO. |
|---|---|---|
| DOCKET NO. | Application for Administrative Search Warrant and Authorization | ISSUED TO DISTRICT/UNIT |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD ABINGTON PA | 267-536-1089 |
|---|---|---|---|
| *NAME AND AFFIANT* | *IDENTIFICATION NO.* | *AGENCY - DISTRICT/UNIT - ADDRESS* | *PHONE NUMBER* |

| STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED<br>490 TYSON AVE GLENSIDE, PA 19038  (MONTGOMERY COUNTY PARCEL 30-00-69140-00-4) | BRT/DPA # |
|---|---|

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED  PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE  *(Be specific):*

## VACANT PROPERTY AND STRUCTURE TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY *(If proper name is unknown, give alias and/or description):*
**ESTATE OF JOSEPH JR & MARY R MASSINO**

| VIOLATION OF STATUTE OR ORDINANCE. *(Describe conduct or specify statute).* | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED |
|---|---|
| **ABINGTON TOWNSHIP ORDINANCE 2097 & 2205** | |

### PROBABLE CAUSE AFFIDAVIT
PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

**FAILURE TO COMPLETE INSPECTION AS REQUIRED UNDER VACANT PROPERTY REGISTRATION AND MULTIPLE SIGNIFICANT PROPERTY MAINTENANCE VIOLATIONS.**

**ATTACHED PAGES DESCRIBE VIOLATIONS AND SUPPORTING CODE.**

☑ 41 ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S § 4904 relating to unsworn falsification to authorities

Date: 04/29/2026

_____
*SIGNATURE OF AFFIANT*

**APPROVED BY TOWNSHIP SOLICITOR**

| Melissa A. Osborne | *Melissa A. Osborne* | 4/29/2026 | |
|---|---|---|---|
| *NAME OF ASSISTANT TWP SOLICITOR* | *SIGNATURE OF ASSISTANT TWP SOLICITOR* | *DATE* | *FILE NUMBER* |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that reasonable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD | 4/29/2026 |
|---|---|---|---|
| *NAME AND AFFIANT* | *SIGNATURE OF AFFIANT* | *AGENCY - DISTRICT/UNIT - ADDRESS* | *DATE* |

### TO BE COMPLETED BY THE ISSUING AUTHORITY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29 DAY OF April, 2026

| *SIGNATURE OF ISSUING AUTHORITY* | MDJ 38-1-05 | 117 | |
|---|---|---|---|
| | *TITLE* | *OFFICE ADDRESS* | *SEAL* |

### ADMINISTRATIVE SEARCH WARRANT

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found probable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

☑ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than 5/1/26 @ 3:00pm

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than _____

☐ This Warrant shall be returnable to Judicial Officer _____

Issued under my hand this 29 day of April, 2026, at 3:00 .M o'clock. *(Issue time must be stated)*

_____
*Signature of Issuing Authority*    MDJ 38-1-05
*Title (Court of Common Pleas Judge, Municipal Court Judge, Other)*

**EXHIBIT**
**L**

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

I, CHRISTOPHER PLATZ, in my capacity as FIRE MARSHAL for ABINGTON TOWNSHIP, am responsible for the enforcement of applicable building, fire, life safety, and property maintenance codes, including but not limited to PA UCC and adopted Building, Property Maintenance, and Fire Codes.

This application seeks authorization to conduct an inspection of the property located at **490 TYSON AVENUE GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-69140-00-4**) for the purpose of determining compliance with applicable building, property maintenance, fire and life safety regulations, as well as to assess and document the safety of the structure(s) proactively for first responders.

Entry has not been obtained through voluntary means, and an inspection is necessary pursuant to established administrative standards and/or documented conditions as outlined below.

## APPLICABLE ORDINANCES

Under Abington Township's currently adopted ordinances, compliance with a variety of codes and ordinances is required, including but not limited to:

- Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES"
- Abington Township Ordinance 2205: "ORDINANCE REPEALING CHAPTER 98 - "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

These ordinances adopted outline the requirement for the municipality to conduct inspections to confirm compliance with applicable regulations and/or notify appropriate parties of violations found.

Abington Township has adopted a Vacant Property Registry ordinance for "the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof."[1]

## PROPERTY SPECIFIC

On February 12th, 2025, the listed owners of this property, along with dozens of others, received notice via mail that their properties were eligible for and required to be registered in Abington Township's Vacant Property Registry program. Owners were given a 45-day amnesty period to apply to the registry in which the late submittal fee would not be charged as noted in the ordinance. The property owner/representative did not apply within that timeline but submitted on April 11th, 2025.

In accordance with Ordinance 2097 Section §126-4 E. Inspection. *"At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations."*[2]

---

[1] Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES", 1

[2] Ibid , 7

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

The identified property administrator/representative was notified, as part of the process, that an inspection of the premises would be conducted. The premises would be defined as "a tract of land and its component parts (as buildings)"[3], including all buildings and all interior and exterior areas.

Since that time, the administrator/applicant has had multiple discussions with me concerning access to the property and has consistently asserted that the property owners would not permit access to conduct an interior inspection. We further advised that the properties are overdue for their required annual inspection, having not been inspected since 2013. He indicated that the properties are being properly maintained, as stated in a February 18, 2026, email: "The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately."

On March 4, 2026, I completed an exterior evaluation of the property from the public right of way, finding numerous violations. This structure is part of a complex of connected buildings, with this parcel's owners owning 5 of the 6 parcels on this corner. I sought to gain, and was granted, appropriate access from the 6th parcel (2610 Jenkintown Road) owner to determine compliance in areas not readily visible from the public right of way, but visible from the 6th parcel's property. On March 19th, 2026, I conducted an investigation of the parcels and found numerous violations present.

At **490 TYSON AVENUE GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-69140-00-4**), the following was found in violation of applicable codes and ordinances on March 19, 2026:

1. **Significant hole and deterioration on southern metal wall**
   The southern metal exterior wall has a significant hole and is rusting in an expansive portion towards the ground level of the wall. This hole and the associated deterioration leads to significant cause for concern as to the overall conditions of the structure. The deterioration leads to potential negative effects on the structural stability of the wall behind it being exposed to environmental elements, with water potentially rotting/rusting away the structural elements at the bottom of the wall from weather exposure. The large hole also leads to a significant likelihood of rodents harborage within the structure.

   Code Section(s) in Violation:

   - **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*

2. **Weeds overgrowth in rear of property**
   Weeds and trees growing on the rear of structures present a significant risk of dislodging building elements as they grow and expand into the structure. Trees have been known to push up concrete sidewalks as they grow, so dislodging of wooden roofing and similar structural

---

[3] "Premises." Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/premises. Accessed 24 Apr. 2026.

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

elements is highly likely when such growth goes unaddressed. The overgrowth on the ground presents potential insect and rodent harborage locations that should be removed.

Code Section(s) in Violation:

- **2024 IPMC 302.4 Weeds.** *Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.*

3. **Dilapidated fence in rear of property – falling apart, in state of disrepair**
   In the rear of the property, there is a fence in a state of disrepair. It has been overrun with weeds, dislodging it in several locations, and beginning to fall over. It has begun capturing trash in the fence as well. The fence in this condition, should it fall, would potentially fall onto the SEPTA tracks to the rear, presenting a hazard to those on the train as well as those walking by who would be in the vicinity of the fence should it come in contact with a train and potentially become a projectile.

   Code Section(s) in Violation:

   - **2024 IPMC 302.7 Accessory structures.** *Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.*

4. **Holes in eaves and missing fascia of roof**
   Holes in the eaves and missing fascia result in unintended damage to structural elements. Exposure of the rafters will lead to rot and deterioration, as well as potential for animals to find harborage inside of the structure, causing other damages.

   Code Section(s) in Violation:

   - **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*
   - **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

5. **Trash/debris in rear of property**

Throughout the property there is an accumulation of trash/debris, including a significant pile of what appears to be construction debris, in the rear courtyard. Accumulations of trash/debris/garbage/rubbish leads to potential insect and rodent infestations and potential accidental fires among other issues.

Code Section(s) in Violation:

- **2024 IPMC 308.1 Accumulation of rubbish or garbage.** *Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.*

6. **Parking lot in state of disrepair**

The parking lot in the front has significant pot holes, cracks, and other deteriorated conditions. The damaged lot increases the risk of further deterioration while presenting a tripping hazard to those who may be on the property.

Code Section(s) in Violation:

- **2024 IPMC 302.3 Sidewalks and driveways.** *Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.*

7. **Front wall adjacent to door southeast door in state of disrepair**

Adjacent to the front entrance door, there is a small wall with extensive deterioration. There are holes and missing grout, leading to potential intrusion of water and other environmental elements into the structure, as well as potentially compromising the front corner of the structure. The extent to which the structure relies on that wall/it's support is undetermined as it does sit beyond the structure, but potential water inside of this element may have been frozen over years of deterioration resulting in expansion impacts on the structural wall of the building.

Code Section(s) in Violation:

- **2024 IPMC 302.7 Accessory structures.** *Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.*

8. **Property missing address identification numbers**

Property identification is key for emergency response, not only to the specific structures but passersby in the area. Should the building be on fire, delays in properly identifying it could result in catastrophic results from increased exposure to adjacent structures. Also, during incidents like someone collapsing on the sidewalk or a vehicle accident out front, people will be looking for an address to direct emergency services to them. Without proper identification, unnecessary delays can occur.

Code Section(s) in Violation:

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.3 Premises identification.** *Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).*

The administrator/applicant was provided with these violations in a Notice of Violation/Order to Correct dated March 23, 2026, with a date to correct by April 5th, 2026. They were also advised that due to the nature of these violations, an internal inspection was required to evaluate the extent of internal conditions/impacts with completion of such inspection due by April 17th, 2026. Steps were taken to remedy some of the smaller issues, but compliance has not been achieved, and no inspection has been authorized to determine the extent of conditions on the inside. An additional week was provided to schedule the inspection due to improvements made, but the administrator/applicant advised on April 23, 2026, that an internal inspection would not be approved.

One of the additional key reasons for finding and correcting violations at vacant/abandoned properties is due to the public safety risk associated with them. According to National Fire Protection Association (NFPA) Research, between 2011-2015, six (6) percent of structure fires occurred within vacant structures, but 13 percent of firefighter injuries occurred in/at vacant structures[4], showing injuries are more than twice as likely at vacant structures than occupied structures. This demonstrates the increased danger of these structures, and that without rigorously evaluating the risk of these structures through inspections, evaluations, and enforcement of codes, we are placing our first responders at an increased risk of harm.

NFPA's published article *Fire and Life Safety Considerations for Vacant Buildings*[5] highlights the means of which to protect first responders and community members when it comes to vacant buildings through NFPA's Fire & Life Safety Ecosystem. By enforcing codes properly, through steps such as reducing fuel load, restricting access, and maintaining fire protection system, and by creating an informed public and regulatory authority, we can work to mitigate some of the risk associated with vacant structures.

Accordingly, I am seeking an Administrative Search Warrant to conduct full exterior and full interior inspections of the listed property, to

1) Evaluate the overall safety and code compliance of the premises due to the existing violations present,

2) Determine the structural safety and general code compliance of the structure(s) due to the conditions noted,

3) To ensure violations found are and will be remediated, and

---

[4] National Fire Protection Association, Fires in Vacant Buildings (Marty Ahrens ed., 2018), https://content.nfpa.org/-/media/Project/Storefront/Catalog/Files/Research/NFPA-Research/Building-and-life-safety/osvacantbuildings.pdf, 3

[5] National Fire Protection Association, *Vacant buildings* (Mar. 4, 2022)

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

4)    To address potential fire and life safety hazards that may be present which may result in community member and first responder injuries or death through hazard identification and pre-incident planning.

**SUPPORTING DOCUMENTATION:**

Exhibit A:    Property Identification

Exhibit B:    Vacant Property Registration

Exhibit C:    Notice of Violation March 23, 2026

Exhibit D:    Photographs

Exhibit E:    Vacant Property Registry Ordinance

Exhibit F:    Property Maintenance Ordinance

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT A

**Printable page**

PARID: 300069140004

MASSINO JOSEPH JR & MARY R                                                                                         490 TYSON AVE

## Parcel

| | |
|---|---|
| TaxMapID | 30339 012 |
| Parid | 30-00-69140-00-4 |
| Land Use Code | 3320 |
| Land Use Description | I - IND:ONE STORY WHSE/MFG UP TO 15000 S |
| Property Location | 490 TYSON AVE |
| Lot # | |
| Lot Size | 6919 SF |
| Front Feet | 50 |
| Municipality | ABINGTON |
| School District | ABINGTON |
| Utilities | ALL PUBLIC// |

## Owner

| | |
|---|---|
| Name(s) | MASSINO JOSEPH JR & MARY R |
| Name(s) | |
| Mailing Address | 518 CENTRAL AVE |
| Care Of | |
| Mailing Address | |
| Mailing Address | GLENSIDE PA 19038 |

## Current Assessment

| Appraised Value | Assessed Value | Restrict Code |
|---|---|---|
| 132,920 | 132,920 | |

## Estimated Taxes

| | |
|---|---|
| County | **726** |
| Montco Community College | **65** |
| Municipality | **820** |
| School District | **5,124** |
| Total | **6,735** |
| Tax Lien | Tax Claim Bureau Parcel Search |

## Last Sale

| | |
|---|---|
| Sale Date | 22-MAY-2015 |
| Sale Price | $1 |
| Tax Stamps | 0 |
| Deed Book and Page | 5954-02920 |
| Grantor | MASSINO JOSEPH |
| Grantee | MASSINO JOSEPH JR & MARY R |
| Date Recorded | 22-MAY-2015 |

## Sales History

| Sale Date | Sale Price | Tax Stamps | Deed Book and Page | Grantor | Grantee | Date Recorded |
|---|---|---|---|---|---|---|
| 05-22-2015 | $1 | 0 | 5954-02920 | MASSINO JOSEPH | MASSINO JOSEPH JR & MARY R | 05-22-2015 |
| 01-01-1951 | $0 | 0 | - | | MASSINO JOSEPH | |

## Lot Information

| | |
|---|---|
| Lot Size | 6919 SF |
| Lot # | |
| Remarks | L 743-744 |
| Remarks | |
| Remarks | |

## Commercial Parcel Summary

| | |
|---|---|
| No. of Cards | 1 |
| Land Use Code | 332B |
| Gross Building Area (Total of all Cards) | 3,682 |
| Total Living Units | |

## Commercial Parcel Summary

| Use | Area |
|---|---|
| MULTI USE SALES | 3,682 |

## Commercial Card Summary

| | |
|---|---|
| Card | 1 |
| Imp Name | MASSINO'S BEER DISTRIB |
| Structure Code | 398 |
| Structure | WAREHOUSE |
| Sprinkler | |
| Units | |
| Identical Units | 1 |
| Year Built | 1961 |
| Gross Building Area | |
| Elevator/Escalator | |

## Accessory Structures

| Card | Type | Type | Size | Year Built |
|---|---|---|---|---|
| 1 | PA1 | PAVING ASPHALT PARKING | 3000 | 1970 |

## Permits

1 of 3

| | |
|---|---|
| Permit Date | 19-DEC-2008 |
| Permit Number | 200801961-L |
| Amount | 5000 |
| Purpose | RENOVATION/ALTERATIONS |
| Notes | RECONSTRUCT FIRE DAMAGED ROOF STRUCTURE TO INCLUDE NEW PARAPET |
| Notes | |
| Notes | |
| Status | CLOSED |

## Assessment History

| Appraised Value | Assessed Value | Restrict Code | Effective Date | Reason | Notice Date |
|---|---|---|---|---|---|
| 132,920 | 132,920 | | 01-JAN-2004 | REMOVE ASSMT-ASSESSED TWICE | 06-OCT-2004 |
| | 132,920 | | 01-JAN-2004 | REMOVE ASSMT-ASSESSED TWICE | |
| | 136,620 | | 01-JAN-2004 | GARAGE | |
| | 132,920 | | 01-JAN-1998 | REASSESSMENT | |
| | 7,000 | | 01-JAN-1987 | | |

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT B



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

## VACANT PROPERTY REGISTRATION FORM
### NON-RESIDENTIAL PROPERTIES ONLY

In accordance with Ordinance 2156 of the Township of Abington, all information requested below must be provided. Please type or print clearly. Only completed forms will be accepted. *Note that this application applies only to nonresidential properties.* Please complete this form and submit it to the Fire & Code Services Department.

**I.    PROPERTY INFORMATION:**

Full Address of the property: 490 Tyson Ave., Glenside PA 19038

Tax Parcel Number: 30006714004

Date that property was vacated: Unknown U1
NOTE: PLEASE PROVIDE (ATTACH) DOCUMENTATION.

Total number of buildings on parcel: 1

Total number of units on parcel: 1

Square footage of each unit: Unknown

Number of parking spaces available per building on parcel: Parking in front (No spaces)

**II.    CONTACT INFORMATION:**

Owner's Information:

Lorenzo DiNatalo (Administrator)
*NAME*

P.O. Box 673
*ADDRESS:*        **NUMBER + STREET**

Havertown , PA , 19083
         *CITY*          **STATE**          **ZIP**

610 525-4506
**PHONE: LANDLINE**          **CELL**

lorenzo_dinatale@yahoo.com
*E-MAIL*

If the owner is a corporation, LP, LLC, or some other form of partnership, the names, telephone numbers, mailing addresses, and e-mail addresses must be provided for the Chief Executive Officer, the

**1**



TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

Registered Officer(s), and the Managing Partners of the Corporation. Please provide (attach) that information on a separate page. One of the persons listed must reside within the Commonwealth of Pennsylvania.

Designated Agent's Information (THIS SHOULD BE THE EMERGENCY POINT OF CONTACT):

Lorenzo DiNatale
NAME

P.O. Box 673
ADDRESS:              NUMBER + STREET

Havertown , PA , 19083
         CITY          STATE        ZIP

610-525-4506
PHONE: LANDLINE                    CELL

lorenzo_dinatale@yahoo.com
E-MAIL

---

### III.    SUBMISSION:

I hereby attest/swear that the information I have provided on this registration form is accurate and complete to the best of my knowledge.

The Fire & Code Services Department will contact the applicant to schedule mandatory inspections as per the requirements of Ordinance #2156 of the Township of Abington.

Principal Owner's Signature: _Lorenzo DiNatale_

Date: 4/11/25

All checks are required to be made payable to the Township of Abington.

If mailing a check, please mail to:     Abington Township
Attn: Fire & Code Services Department
1176 Old York Road
Abington, PA 19001

2



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

---

### THE FOLLOWING IS FOR INTERNAL USE ONLY:

Received by: _____    **Date:** _____

Permit #: _____    **Permit Fee**: _____

Check # _____    **Receipt #:** _____

---

3

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT C



TOWNSHIP OF ABINGTON

Thomas Hecker *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation. per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board as President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

### 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

| | |
|---|---|
| Owner Name | ESTATE OF MARY MASSINO |
| Care Of | LORENZO DINATALE |
| Address | 518 CENTRAL AVE GLENSIDE, PA 19038 |

### 2) PROPERTY LOCATION

| | |
|---|---|
| Address | 490 TYSON AVE GLENSIDE, PA 19038 |
| Parcel | 30-00-69140-00-4 |

### 3) DESCRIPTION OF VIOLATION

1) SIGNIFICANT HOLE AND DETERIORATION ON SOUTHERN METAL WALL

*THIS HOLE AND THE DETERIORATION LEADS TO SIGNIFICANT CAUSE FOR CONCERN AS TO THE OVERALL CONDITIONS OF THE STRUCTURE. THE DETERIORATION LEADS TO POTENTIAL NEGATIVE AFFECTS ON THE STRUCTURAL STABILITY OF THE WALL BEHIND BEING EXPOSED TO THE ELEMENTS, AND THE LARGE HOLE LEADS TO A SIGNIFICANT LIKELYHOOD OF RODENTS HARBORAGE WITHIN THE STRUCTURE.

You are therefore ordered to: Repair and/or replace wall materials.

Any replacement/removal of wall/siding requires permits.

Code Section(s) in Violation: **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to: Remove weeds from the property.

Code Section(s) in Violation: **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and



Thomas Hecker  Board President.
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF Abington

gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) DILAPIDATED FENCE IN REAR OF PROPERTY – FALLING APART, IN STATE OF DISREPAIR

You are therefore ordered to:    Repair existing fence.

Any replacement/removal of fence requires permits.

Code Section(s) in Violation.    **2024 IPMC 302.7 Accessory structures.** Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

## 4) HOLES IN EAVES AND MISSING FASCIA OF ROOF

You are therefore ordered to:    Repair and/or replace fascia and eave materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

## 5) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:    Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

## 6) PARKING LOT IN STATE OF DISREPAIR

You are therefore ordered to:   Repair/replace driveway to state of proper repair, no significant holes or damage, creating an area free from hazards.

All driveway replacement/overlays require a permit.

Code Section(s) in Violation:   **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

## 7) FRONT WALL ADJACENT TO DOOR SOUTHEAST DOOR IN STATE OF DISREPAIR

You are therefore ordered to:   Repair/replace the wall and make safe. Extensive wear of grout/general deterioration

Code Section(s) in Violation:   **2024 IPMC 302.7 Accessory structures.** Accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

## 8) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS

You are therefore ordered to:   Install compliant address numbers

Code Section(s) in Violation:   **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

## 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:          04/05/2026

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT D

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Image of deterioration of metal wall from Public Right of Way taken 3/4/2026*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Zoomed in image of deterioration of metal wall from Public Right of Way taken 3/4/2026*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Image of weed overgrowth in rear of property.*

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 3:



*Image of fence in the rear.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Image of exposed eaves and fascia.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 5:



*Image of trash/debris in rear of property.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 6:



*Image of parking lot in state of disrepair.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 7:



*Image of front wall in state of disrepair/deterioration.*

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT E

## TOWNSHIP OF ABINGTON
## MONTGOMERY COUNTY, PENNSYLVANIA

### ORDINANCE NO. 2097

### AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY – VACANT PROPERTIES"

**WHEREAS,** the Township of Abington is a Township of the First Class, duly organized and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

**WHEREAS,** pursuant to section 1502.44 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority to enact and amend provisions of the Abington Township Code ("Code") at any time it deems necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof; and

**WHEREAS,** pursuant to section 1502.10 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority to take all needful means for securing the safety of persons or property within the Township; and

**WHEREAS,** the Board of Commissioners of the Township of Abington has determined that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof.

**NOW, THEREFORE,** the Board of Commissioners of the Township of Abington does hereby **ENACT** and **ORDAIN** as follows:

1. Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in Exhibit "A" attached hereto.

2. All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

3.  This Ordinance shall become effective five (5) days after enactment.

ORDAINED AND ENACTED this __9ᵗʰ__ day of ____July____, 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

Exhibit "A"

### §126-1.    Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings. The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

### §126-2.    Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

A. "Boarded" – A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

B. "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

C. "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same. For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

D. "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E. "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F. "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.    Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.    Registration Statement and Fees; Local Agent

A. Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1. For purposes of this Ordinance, the following shall also be applicable:

    i. If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

    ii. If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

      iii. If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

      iv. If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

      v. If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

      vi. If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2. Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3. Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B. Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C. Registration Fees

{00311254;v4}

1. There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2. A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3. A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4. A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5. For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D. Waiver of Registration Fee.

1. Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

   i. The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

   ii. The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

iii. The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

iv. All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2. The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above. The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3. At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors. It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E. Inspection.  At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

## §126-5.  Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice. On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

## §126-6.  Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

## §126-8.  Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

### §126-9.    Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

### §126-10.    Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable. This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

### §126-11.    Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

### §126-12.    Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT F



**TOWNSHIP OF ABINGTON**
**Ordinance No. 2205**

## ORDINANCE REPEALING CHAPTER 98 – "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

**WHEREAS**, the Township of Abington is charged with the responsibility of protecting the health, safety, and welfare of its residents; and

**WHEREAS**, the Township has adopted a property maintenance code that governs the maintenance requirements of all properties within the Township; and

**WHEREAS**, the Board of Commissioners has determined that it is in the best interests of the health, safety and welfare of its residents to update the property maintenance requirements and modify certain standard provisions.

### NOW, THEREFORE, BE IT AND IT IS HEREBY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON AS FOLLOWS:

**Section 1.**    **Repeal of existing provisions.** Chapter 98 "Housing Standards," is amended to repeal all provisions therein in their entirety.

**Section 2.**    **Amendment of Chapter 98.** Chapter 98 – "Housing Standards," is amended to enact the provisions set forth in Exhibit "A" hereto.

**Section 3.**    **Severability.** Should any section, paragraph, clause or phrase of this Ordinance be declared unconstitutional or invalid by legislation or a court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, and shall remain in full force and effect.

**Section 4.**    **Inconsistencies.** All prior ordinances, resolutions and/or other official acts or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistencies.

**Section 5.**    **Effective Date.** This Ordinance shall take effect five (5) days after enactment

**DULY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON THIS ⌐ DAY OF ⌐ , 2023.**

ABINGTON TOWNSHIP

*Thomas Hecker*

Thomas Hecker, President
Board of Commissioners

ATTEST:

*Richard J. Manfredi*

Richard J. Manfredi,
Township Manager & Secretary
{01584884;v3}

## Exhibit "A"

### § 98-1  Adoption of Standards

The Board of Commissioners of the Township of Abington does hereby enact and ordain by adoption the International Property Maintenance Code of 2021, or the latest version thereof as approved and released by the International Code Council, and the whole thereof, except such portions as are deleted, modified, amended or added by this chapter. The same is hereby adopted and incorporated as fully as if set out at length herein, and from the date on which this chapter takes effect, the provisions thereof shall be controlling within the limits of the Township of Abington.

### § 98-2  Amendments to Standards

The International Property Maintenance Code of 2021 is amended as set forth herein. Such amendments shall be incorporated into any subsequent version of the International Property Maintenance Code as approved and released by the International Code Council without further action by the Board of Commissioners of the Township of Abington.

A.  Section 101.1 shall be amended to reference the "Township of Abington."

B.  Section 103.1 shall be amended to reference the "Code Enforcement Division of the Township of Abington."

C.  Section 110.4 shall be amended to read as follows:

110.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine of not less than $500.00 dollars or more than $1,000.00 dollars.

D.  Section 302.4 shall be amended to include a maximum height of ten (10) inches.

E.  Section 302.4.1 shall be added and shall read as follows:

302.4.1 Prohibited Use of Defoliants and Herbicides: The use of defoliants, herbicides or similar chemicals to completely or substantially defoliate a parcel, property or lot, whether to avoid having to maintain that parcel, property or lot by mowing, pulling of weeds, etc., or for any other reason, is prohibited. For the purposes of this section, the term "substantially" shall mean 20% or more of any parcel, property or lot, except any greater area as may be approved by the Abington Township Code Enforcement Department. Any such approval shall be in writing, and shall be granted prior to the application of the defoliant, herbicide, or similar chemical.

F.  Section 302.8 shall be amended read as follows:

302.8 Motor vehicles. Except as provided for in other regulations, inoperative, unlicensed or uninsured motor vehicles shall not be parked, kept or stored on any premises, and vehicles shall not at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an approved spray booth. Storage, parking, abandonment or keeping of any licensed or unlicensed motor vehicle, vehicle, watercraft, trailer, or any parts thereof shall not be permitted on any lawn or grass area.

{01584884;v3}



Exception: A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and approved for such purposes.

G. Section 302.8.1 shall be added, and shall read as follows:

302.8.1 Residential property: No residential property is permitted to keep or store any truck more than 18 feet in length, 80 inches in width or more than 8,200 pounds in gross vehicle weight (GVWR) or motor-driven trucks and truck tractors designed to carry personal property or vehicle-servicing equipment, including but not limited to hoists, ladders or towing mechanisms. On streets of residential zoning no commercial vehicles may be parked, kept or stored if more than 80 inches in width and/or more than 11,000 pounds in gross vehicle weight (GVWR). Exception: If making a legitimate delivery to a residential property and the truck is properly and safely parked, the delivery may be completed.

Exception: Vehicles may be repaired in certain districts where repairs are permitted by district regulations.

H. Section 304.14 shall be amended to read as follows:

304.14 Insect screens. During the period from May 15 to October 15, every door, window and other outside opening required for ventilation of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with approved tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

Exception: Screens shall not be required where other approved means, such as air curtains or insect repellent fans, are employed.

I. Section 602.3 shall be amended to

602.3 Heat supply. Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 15 to May 15 to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.

Exceptions:

1. When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.

2. In areas where the average monthly temperature is above 30°F (-1°C), a minimum temperature of 65°F (18°C) shall be maintained.

J. Section 602.4 shall be amended to read as follows:

{01584884;v3}

602.4 Occupiable work spaces. Indoor occupiable work spaces shall be supplied with heat during the period from October 15 to May 15 to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.

Exceptions:

1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.

K. Section 606.2 shall read as follows:

606.2 Elevators. In buildings equipped with passenger elevators, not less than ½ of the total number of elevators, rounded up to the next whole number of total elevators, shall be maintained in operation at all times when the building is occupied.

Exception: Buildings equipped with only one elevator shall be permitted to have the elevator temporarily out of service for testing or servicing.

L. Sections 704.8 and 704.9 shall be added and shall read as follows:

704.8  Fire extinguishers in living units. A portable fire extinguisher having a minimum rating of 1-A:10-B:C shall be installed within each dwelling unit. For multi-family dwelling units, compliance with this Section shall be as follows: 25% of all living units on or before December 31, 2023; 50% of all living units on or before December 31, 2024; 75% of all living units on or before December 31, 2025; 100% of all living units on or before December 2026.

704.9 Smoke alarms in rental units. Smoke alarms shall be installed and maintained in accordance with 704.6.1.1 through 704.7 in all living units used for rental purposes.

M. Section 705.1.1 shall be added and shall read as follows:

705.1.1 Carbon monoxide alarms in rental units. Carbon monoxide alarms and carbon monoxide detection systems shall be installed and maintained in all living units used for rental purposes.

{01584884;v3}

| APPLICATION DATE | **Commonwealth of Pennsylvania** COUNTY OF MONTGOMERY | WARRANT CONTROL NO |
|---|---|---|
| DOCKET NO. | **Application for Administrative Search Warrant and Authorization** | ISSUED TO DISTRICT/UNIT |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD ABINGTON, PA | 267-536-1089 |
|---|---|---|---|
| NAME AND AFFIANT | IDENTIFICATION NO. | AGENCY - DISTRICT/UNIT - ADDRESS | PHONE NUMBER |

STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED | BRT/OPA #
2602 JENKINTOWN ROAD GLENSIDE, PA 19038  (MONTGOMERY COUNTY PARCEL 30-00-33404-00-1)

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED. PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE. (Be specific)

## VACANT PROPERTY AND STRUCTURE TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY (If proper name is unknown, give alias and/or description):
ESTATE OF JOSEPH JR & MARY R MASSINO

VIOLATION OF STATUTE OR ORDINANCE. (Describe conduct or specify statute): | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED

## ABINGTON TOWNSHIP ORDINANCE 2097 & 2205

### PROBABLE CAUSE AFFIDAVIT
PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

## FAILURE TO COMPLETE INSPECTION AS REQUIRED UNDER VACANT PROPERTY REGISTRATION AND MULTIPLE SIGNIFICANT PROPERTY MAINTENANCE VIOLATIONS.

## ATTACHED PAGES DESCRIBE VIOLATIONS AND SUPPORTING CODE.

[✓] 44 ___ ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 04/29/2026

_SIGNATURE OF AFFIANT_

APPROVED BY TOWNSHIP SOLICITOR

| Melissa A. Osborne | *Melissa A. Osborne* | 4/29/2026 | |
|---|---|---|---|
| NAME OF ASSISTANT TWP SOLICITOR | SIGNATURE OF ASSISTANT TWP SOLICITOR | DATE | FILE NUMBER |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that probable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD | 4/29/2026 |
|---|---|---|---|
| NAME AND AFFIANT | SIGNATURE OF AFFIANT | AGENCY - DISTRICT/UNIT - ADDRESS | DATE |

### TO BE COMPLETED BY THE ISSUING AUTHORITY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29 DAY OF April, 20 26

MDJ 38-1-05    117 York Road, Jenkintown

| SIGNATURE OF ISSUING AUTHORITY | TITLE | OFFICE ADDRESS | SEAL |
|---|---|---|---|

### ADMINISTRATIVE SEARCH WARRANT

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found probable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

[✓] This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than ___ 5/1/26

[✓] This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than ___ @3:00pm

[ ] This Warrant shall be returnable to Judicial Officer ___

Issued under my hand this 29 day of April, 20 26, at 3:00 .M o'clock. (Issue time must be stated)

MDJ 38-1-05    1/2030

| Signature of Issuing Authority | Title (Court of Common Pleas Judge, Municipal Court Judge, Other) | Date Commission Expires |
|---|---|---|

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

I, CHRISTOPHER PLATZ, in my capacity as FIRE MARSHAL for ABINGTON TOWNSHIP, am responsible for the enforcement of applicable building, fire, life safety, and property maintenance codes, including but not limited to PA UCC and adopted Building, Property Maintenance, and Fire Codes.

This application seeks authorization to conduct an inspection of the property located at **2602 JENKINTOWN ROAD GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-33404-00-1**) for the purpose of determining compliance with applicable building, property maintenance, fire and life safety regulations, as well as to assess and document the safety of the structure(s) proactively for first responders.

Entry has not been obtained through voluntary means, and an inspection is necessary pursuant to established administrative standards and/or documented conditions as outlined below.

### APPLICABLE ORDINANCES

Under Abington Township's currently adopted ordinances, compliance with a variety of codes and ordinances is required, including but not limited to:

- Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES"
- Abington Township Ordinance 2205: "ORDINANCE REPEALING CHAPTER 98 - "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

These ordinances adopted outline the requirement for the municipality to conduct inspections to confirm compliance with applicable regulations and/or notify appropriate parties of violations found.

Abington Township has adopted a Vacant Property Registry ordinance for "the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof."[1]

### PROPERTY SPECIFIC

On February 12th, 2025, the listed owners of this property, along with dozens of others, received notice via mail that their properties were eligible for and required to be registered in Abington Township's Vacant Property Registry program. Owners were given a 45-day amnesty period to apply to the registry in which the late submittal fee would not be charged as noted in the ordinance. The property owner/representative did not apply within that timeline but submitted on April 11th, 2025.

In accordance with Ordinance 2097 Section §126-4 E. Inspection, "*At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate*

---

[1] Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES", 1

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

*the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations."*[2]

The identified property administrator/representative was notified, as part of the process, that an inspection of the premises would be conducted. The premises would be defined as "a tract of land and its component parts (as buildings)"[3], including all buildings and all interior and exterior areas.

Since that time, the administrator/applicant has had multiple discussions with me concerning access to the property and has consistently asserted that the property owners would not permit access to conduct an interior inspection. We further advised that the properties are overdue for their required annual inspection, having not been inspected since 2013. He indicated that the properties are being properly maintained, as stated in a February 18, 2026, email: "The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately."

On March 4, 2026, I completed an exterior evaluation of the property from the public right of way, finding numerous violations. This structure is part of a complex of connected buildings, with this parcel's owners owning 5 of the 6 parcels on this corner. I sought to gain, and was granted, appropriate access from the 6th parcel (2610 Jenkintown Road) owner to determine compliance in areas not readily visible from the public right of way, but visible from the 6th parcel's property. On March 19th, 2026, I conducted an investigation of the parcels and found numerous violations present.

At **2602 JENKINTOWN ROAD GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-33404-00-1**), the following was found in violation of applicable codes and ordinances on March 19, 2026:

### 1. Missing roof flashing on front of structure

The front of the structure has missing roof flashing across the entire frontage. Missing roof flashing can lead to the entrance of rain and other environmental factors, leading to significant cause for concern as to the overall conditions of the structure. Rain entrance over time leads to rot, mold, and potential dislodgement of structural elements due to water freezing.

Code Section(s) in Violation:

- **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*
- **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and*

---

[2] Ibid., 7

[3] "Premises." Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/premises. Accessed 24 Apr. 2026.

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

*downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

- **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:*

  ...

  *7.    Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of deterioration, fatigue or without proper anchorage and incapable of supporting all nominal loads and resisting all load effects.*

### 2. Weeds overgrowth in rear of property and on roof

Weeds and trees growing on the roof of structure present a significant risk of dislodging building elements as they grow and expand into the structure. Trees have been known to push up concrete sidewalks as they grow, so dislodging of wooden roofing and similar structural elements is highly likely when such growth goes unaddressed. The overgrowth on the ground presents potential insect and rodent harborage locations that should be removed.

Code Section(s) in Violation:

- **2024 IPMC 302.4 Weeds.** *Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.*

### 3. Trash/debris in rear of property

Throughout the property there is an accumulation of trash/debris, including a significant pile of what appears to be construction debris, in the rear courtyard. Accumulations of trash/debris/garbage/rubbish leads to potential insect and rodent infestations and potential accidental fires among other issues.

Code Section(s) in Violation:

- **2024 IPMC 308.1 Accumulation of rubbish or garbage.** *Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

4. **Parking lot in state of disrepair**

The parking lot in the front has significant pot holes, cracks, and other deteriorating conditions. The damaged lot increases the risk of further deterioration while presenting a tripping hazard to those who may be on the property.

Code Section(s) in Violation:

- **2024 IPMC 302.3 Sidewalks and driveways.** *Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.*

5. **Jenkintown Road side-door brick grout missing, paint peeling**

There is a door along the Jenkintown Road side of the structure that has not only peeling paint across it and overhead, but significant grout deterioration. This presents a hazard of falling bricks due to missing grout support, but the peeling paint is a health hazard to those who may come in contact with it. These deteriorations of exterior treatments also leads to weather infiltration potential into the structure.

Code Section(s) in Violation:

- **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:*

    ...

    *4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.*

- **2024 IPMC 304.6 Exterior walls.** *Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.*

- **2024 IPMC 304.2 Protective treatment.** *Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

### 6. Jenkintown Road side window damaged causing injury hazard

Along the Jenkintown Road side of the structure, there are two windowpanes that are damaged with jagged glass within reach of those walking by. This presents a health and safety hazard as those who accidentally come in contact with it may suffer an injury.

Code Section(s) in Violation:

- **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

### 7. Basement access doors with uneven surfaces – tripping hazard, rodent access

The basement access doors have uneven surfaces, as well as opening, presenting a tripping hazard to those walking by/on the property. The openings/uneven surfaces also present a space for weather and other environmental factors to enter the structure, along with potential rodents.

Code Section(s) in Violation:

- **2024 IPMC 302.3 Sidewalks and driveways.** *Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.*
- **2024 IPMC 304.16 Basement hatchways.** *Every basement hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.*

### 8. Property missing address identification numbers

Property identification is key for emergency response, not only to the specific structures but passersby in the area. Should the building be on fire, delays in properly identifying it could result in catastrophic results from increased exposure to adjacent structures. Also, during incidents like someone collapsing on the sidewalk or a vehicle accident out front, people will be looking for an address to direct emergency services to them. Without proper identification, unnecessary delays can occur.

Code Section(s) in Violation:

- **2024 IPMC 304.3 Premises identification.** *Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).*

The administrator/applicant was provided with these violations in a Notice of Violation/Order to Correct dated March 23, 2026, with a date to correct by April 5th, 2026. They were also advised that due to the nature of these violations, an internal inspection was required to evaluate the extent of internal conditions/impacts with completion of such inspection due by April 17th, 2026. Steps were taken to remedy some of the smaller issues, but compliance has not been achieved, and no inspection has been

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

authorized to determine the extent of conditions on the inside. An additional week was provided to schedule the inspection due to improvements made, but the administrator/applicant advised on April 23, 2026, that an internal inspection would not be approved.

One of the additional key reasons for finding and correcting violations at vacant/abandoned properties is due to the public safety risk associated with them. According to National Fire Protection Association (NFPA) Research, between 2011-2015, six (6) percent of structure fires occurred within vacant structures, but 13 percent of firefighter injuries occurred in/at vacant structures[4], showing injuries are more than twice as likely at vacant structures than occupied structures. This demonstrates the increased danger of these structures, and that without rigorously evaluating the risk of these structures through inspections, evaluations, and enforcement of codes, we are placing our first responders at an increased risk of harm.

NFPA's published article *Fire and Life Safety Considerations for Vacant Buildings*[5] highlights the means of which to protect first responders and community members when it comes to vacant buildings through NFPA's Fire & Life Safety Ecosystem. By enforcing codes properly, through steps such as reducing fuel load, restricting access, and maintaining fire protection system, and by creating an informed public and regulatory authority, we can work to mitigate some of the risk associated with vacant structures.

Accordingly, I am seeking an Administrative Search Warrant to conduct full exterior and full interior inspections of the listed property, to

1)    Evaluate the overall safety and code compliance of the premises due to the existing violations present,

2)    Determine the structural safety and general code compliance of the structure(s) due to the conditions noted,

3)    To ensure violations found are and will be remediated, and

4)    To address potential fire and life safety hazards that may be present which may result in community member and first responder injuries or death through hazard identification and pre-incident planning.

## SUPPORTING DOCUMENTATION:

Exhibit A:    Property Identification

Exhibit B:    Vacant Property Registration

Exhibit C:    Notice of Violation March 23, 2026

Exhibit D:    Photographs

---

[4] National Fire Protection Association, Fires in Vacant Buildings (Marty Ahrens ed., 2018), https://content.nfpa.org/-/media/Project/Storefront/Catalog/Files/Research/NFPA-Research/Building-and-life-safety/osvacantbuildings.pdf, 3
[5] National Fire Protection Association, *Vacant buildings* (Mar. 4, 2022)

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

Exhibit E:    Vacant Property Registry Ordinance

Exhibit F:    Property Maintenance Ordinance

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT A

## Printable page

PARID: 300033404001

MASSINO JOSEPH JR & MARY R                                                          2602 JENKINTOWN RD

### Parcel

| | |
|---|---|
| TaxMapID | 30339 013 |
| Parid | 30-00-33404-00-1 |
| Land Use Code | 4100 |
| Land Use Description | C - RETAIL, OFFICE, APTS. - MULTI-USE |
| Property Location | 2602 JENKINTOWN RD |
| Lot # | |
| Lot Size | 3875 SF |
| Front Feet | 74 |
| Municipality | ABINGTON |
| School District | ABINGTON |
| Utilities | ALL PUBLIC// |

### Owner

| | |
|---|---|
| Name(s) | MASSINO JOSEPH JR & MARY R |
| Name(s) | |
| Mailing Address | 518 CENTRAL AVE |
| Care Of | |
| Mailing Address | |
| Mailing Address | GLENSIDE PA 19038 |

### Current Assessment

| Appraised Value | Assessed Value | Restrict Code |
|---|---|---|
| 48,120 | 48,120 | |

### Estimated Taxes

| | |
|---|---|
| County | 263 |
| Montco Community College | 24 |
| Municipality | 297 |
| School District | 1,855 |
| Total | 2,439 |
| Tax Lien | Tax Claim Bureau Parcel Search |

### Last Sale

| | |
|---|---|
| Sale Date | 22-MAY-2015 |
| Sale Price | $1 |
| Tax Stamps | 0 |
| Deed Book and Page | 5954-02944 |
| Grantor | MASSINO JOSEPH JR |
| Grantee | MASSINO JOSEPH JR & MARY R |
| Date Recorded | 22-MAY-2015 |

### Sales History

| Sale Date | Sale Price | Tax Stamps | Deed Book and Page | Grantor | Grantee | Date Recorded |
|---|---|---|---|---|---|---|
| 05-22-2015 | $1 | 0 | 5954-02944 | MASSINO JOSEPH JR | MASSINO JOSEPH JR & MARY R | 05-22-2015 |
| 10-15-1979 | $1 | 0 | - | | MASSINO JOSEPH JR | |

## Lot Information

| | |
|---|---|
| Lot Size | 3875 SF |
| Lot # | |
| Remarks | L PT 745 |
| Remarks | |
| Remarks | |

## Commercial Parcel Summary

| | |
|---|---|
| No. of Cards | 1 |
| Land Use Code | 4100 |
| Gross Building Area (Total of all Cards) | 2,396 |
| Total Living Units | |

## Commercial Parcel Summary

| Use | Area |
|---|---|
| MULTI USE SALES | 1,334 |
| SUPPORT AREA | 1,062 |

## Commercial Card Summary

| | |
|---|---|
| Card | 1 |
| Imp Name | MASSINO'S BEER DISTRIB |
| Structure Code | 398 |
| Structure | WAREHOUSE |
| Sprinkler | |
| Units | |
| Identical Units | 1 |
| Year Built | 1961 |
| Gross Building Area | |
| Elevator/Escalator | |

## Accessory Structures

| Card | Type | Type | Size | Year Built |
|---|---|---|---|---|
| 1 | PA1 | PAVING ASPHALT PARKING | 800 | 1970 |

## Assessment History

| Appraised Value | Assessed Value | Restrict Code | Effective Date | Reason | Notice Date |
|---|---|---|---|---|---|
| 48,120 | 48,120 | | | 7.1 VALIDATION | 29-AUG-1997 |
| | 48,120 | | 01-JAN-1998 | REASSESSMENT | |
| | 4,900 | | 01-JAN-1987 | | |

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT B



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY. PENNSYLVANIA

### VACANT PROPERTY REGISTRATION FORM
### NON-RESIDENTIAL PROPERTIES ONLY

In accordance with Ordinance 2156 of the Township of Abington, all information requested below must be provided. Please type or print clearly. Only completed forms will be accepted. *Note that this application applies only to nonresidential properties.* Please complete this form and submit it to the Fire & Code Services Department.

**I.    PROPERTY INFORMATION:**

Full Address of the property: 2602 Jenkintown Rd, Glenside PA 19038

Tax Parcel Number: 3000 33404001

Date that property was vacated: Unknown
NOTE: PLEASE PROVIDE (ATTACH) DOCUMENTATION

Total number of buildings on parcel: 1

Total number of units on parcel: 2

Square footage of each unit: Unknown

Number of parking spaces available per building on parcel: O

**II.    CONTACT INFORMATION:**

Owner's Information:

Lorenzo DiNatale (Administrator)
NAME

P.O. Box 673
ADDRESS:                    NUMBER + STREET

Havertown, PA, 19083
CITY            STATE            ZIP

610 525-4506
PHONE: LANDLINE                    CELL

lorenzo.dinatale@yahoo.com
E-MAIL

If the owner is a corporation, LP, LLC, or some other form of partnership, the names, telephone numbers, mailing addresses, and e-mail addresses must be provided for the Chief Executive Officer, the

1



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

Registered Officer(s), and the Managing Partners of the Corporation. Please provide (attach) that information on a separate page. One of the persons listed must reside within the Commonwealth of Pennsylvania.

Designated Agent's Information (THIS SHOULD BE THE EMERGENCY POINT OF CONTACT):

Lorenzo DiNatale
**NAME**

P.O. Box 673
**ADDRESS:**          **NUMBER + STREET**

Havertown , PA , 19083
      **CITY**          **STATE**          **ZIP**

610-525-4506
**PHONE: LANDLINE**               **CELL**

lorenzo_dinatale@yahoo.com
**E-MAIL**

---

### III.   SUBMISSION:

I hereby attest/swear that the information I have provided on this registration form is accurate and complete to the best of my knowledge.

The Fire & Code Services Department will contact the applicant to schedule mandatory inspections as per the requirements of Ordinance #2156 of the Township of Abington.

Principal Owner's Signature: _Lorenzo D. Natale_

Date: 4/11/25

All checks are required to be made payable to the Township of Abington

If mailing a check, please mail to:     Abington Township
                                        Attn: Fire & Code Services Department
                                        1176 Old York Road
                                        Abington, PA 19001

2



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

---

THE FOLLOWING IS FOR INTERNAL USE ONLY:

Received by: _____    Date: _____

Permit #: _____    Permit Fee: _____

Check # _____    Receipt #: _____

---

1176 Old York Road, Abington PA 19001 | www.abington.org | 267 536 1000 | (TTY) TT31      | Fax 1 5 55 5 571

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT C



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

### 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**    ESTATE OF MARY MASSINO

**Care Of**    LORENZO DINATALE

**Address**    518 CENTRAL AVE GLENSIDE, PA 19038

### 2) PROPERTY LOCATION

**Address**    2602 JENKINTOWN ROAD GLENSIDE, PA 19038

**Parcel**    30-00-33404-00-1

### 3) DESCRIPTION OF VIOLATION

1) MISSING ROOF FLASHING ON FRONT OF STRUCTURE

*MISSING ROOF FLASHING CAN LEAD TO THE ENTRANCE OF RAIN AND OTHER ENVIRONMENTAL FACTORS, LEADING TO SIGNIFICANT CAUSE FOR CONCERN AS TO THE OVERALL CONDITIONS OF THE STRUCTURE. RAIN ENTRANCE OVER TIME LEADS TO ROT, MOLD, AND POTENTIAL DISLODGEMENT OF STRUCTURAL ELEMENTS DUE TO WATER FREEZING.

You are therefore ordered to:    Repair and/or replace roof materials.

Any replacement/removal of roofing materials requires permits.

Code Section(s) in Violation:    **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

**2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

### TOWNSHIP OF ABINGTON

Existing Building Code, the International Residential Code or the International Building Code:

...

7.    Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of deterioration, fatigue or without proper anchorage and incapable of supporting all nominal loads and resisting all load effects.

### 2) WEEDS OVERGROWTH IN REAR OF PROPERTY AND ON ROOF

You are therefore ordered to:    Remove weeds from the property.

Code Section(s) in Violation    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

### 3) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:    Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

### 4) PARKING LOT IN STATE OF DISREPAIR

You are therefore ordered to:    Repair/replace driveway to state of proper repair, no significant holes or damage, creating an area free from hazards.

All driveway replacement/overlays require a permit.

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

Code Section(s) in Violation: **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

## 5) JENKINTOWN ROAD SIDE-DOOR BRICK GROUT MISSING, PAINT PEELING

You are therefore ordered to:    Repair/replace wall elements that are worn/damaged/missing.

Apply proper sealant/protective treatments.

Code Section(s) in Violation: **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

**2024 IPMC 304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

## 6) JENKINTOWN ROAD SIDE WINDOW DAMAGED CAUSING INJURY HAZARD

You are therefore ordered to:    Repair/replace damaged window.

Alterations to window size/dimensions/structure requires a permit.



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

## TOWNSHIP OF ABINGTON

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

**7) BASEMENT ACCESS DOORS WITH UNEVEN SURFACES – TRIPPING HAZARD, RODENT ACCESS**

You are therefore ordered to: Repair/replace basement access doorway.

Alterations to door size/dimensions/structure requires a permit.

Code Section(s) in Violation: **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

**2024 IPMC 304.16 Basement hatchways.** Every basement hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.

**8) PROPERTY MISSING ADDRESS IDENTIFICATION NUMBERS**

You are therefore ordered to: Install compliant address numbers

Code Section(s) in Violation: **2024 IPMC 304.3 Premises identification.** Buildings shall have approved address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be not less than 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

**4) REQUIRED DATE OF COMPLIANCE/CORRECTION:**         04/05/2026

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT D

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Image of the missing roof flashing along the top of the structure.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Image of the missing roof flashing along the top of the structure.*

Case 2:26-cv-03216    Document 1-1    Filed 05/12/26    Page 263 of 398

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Image of weed overgrowth in rear of property.*

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Aerial image of weed overgrowth from ground level over and onto the roof.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 3:



*Image of trash in the rear including a dilapidated trailer.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Image of parking lot in state of disrepair.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 5:



*Image of deteriorated door and surrounding wall elements.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 6:



*Image of broken window panes.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 7:



*Image of front wall in state of disrepair/deterioration.*

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT E

TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

ORDINANCE NO. 2097

AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY –
VACANT PROPERTIES"

WHEREAS, the Township of Abington is a Township of the First Class, duly organized

and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

WHEREAS, pursuant to section 1502.44 of the First Class Township Code of the

Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority

to enact and amend provisions of the Abington Township Code ("Code") at any time it deems

necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and

comfort of the Township and the inhabitants thereof; and

WHEREAS, pursuant to section 1502.10 of the First Class Township Code of the

Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority

to take all needful means for securing the safety of persons or property within the Township; and

WHEREAS, the Board of Commissioners of the Township of Abington has determined

that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health,

safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and

the inhabitants thereof.

NOW, THEREFORE, the Board of Commissioners of the Township of Abington does

hereby ENACT and ORDAIN as follows:

1. Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in
   Exhibit "A" attached hereto.

2. All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

3.  This Ordinance shall become effective five (5) days after enactment.

ORDAINED AND ENACTED this _9ᵗʰ_ day of _July_ , 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

Exhibit "A"

§126-1.    Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings. The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

§126-2.    Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

A.  "Boarded" -- A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

B.  "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

C.  "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same. For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

D.  "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E. "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F. "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.     Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.     Registration Statement and Fees; Local Agent

A. Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1. For purposes of this Ordinance, the following shall also be applicable:

   i. If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

   ii. If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

      iii. If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

      iv. If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

      v. If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

      vi. If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2. Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3. Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B. Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C. Registration Fees

{00311254;v4}

1. There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2. A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3. A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4. A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5. For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D. Waiver of Registration Fee.

1. Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

   i. The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

   ii. The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

iii.   The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

iv.   All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2.   The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above.  The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3.   At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors.  It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E.   Inspection.     At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

### §126-5.     Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice.  On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

### §126-6.     Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

### §126-8.     Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

### §126-9.    Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

### §126-10.    Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable. This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

### §126-11.    Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

### §126-12.    Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT F



**TOWNSHIP OF ABINGTON**
**Ordinance No. 2205**

## ORDINANCE REPEALING CHAPTER 98 – "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

WHEREAS, the Township of Abington is charged with the responsibility of protecting the health, safety, and welfare of its residents; and

WHEREAS, the Township has adopted a property maintenance code that governs the maintenance requirements of all properties within the Township; and

WHEREAS, the Board of Commissioners has determined that it is in the best interests of the health, safety and welfare of its residents to update the property maintenance requirements and modify certain standard provisions.

NOW, THEREFORE, BE IT AND IT IS HEREBY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON AS FOLLOWS:

**Section 1.**    **Repeal of existing provisions.** Chapter 98 "Housing Standards," is amended to repeal all provisions therein in their entirety.

**Section 2.**    **Amendment of Chapter 98.** Chapter 98 – "Housing Standards," is amended to enact the provisions set forth in Exhibit "A" hereto.

**Section 3.**    **Severability.** Should any section, paragraph, clause or phrase of this Ordinance be declared unconstitutional or invalid by legislation or a court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, and shall remain in full force and effect.

**Section 4.**    **Inconsistencies.** All prior ordinances, resolutions and/or other official acts or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistencies.

**Section 5.**    **Effective Date.** This Ordinance shall take effect five (5) days after enactment.

DULY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON THIS ___ DAY OF _____, 2023.

ABINGTON TOWNSHIP

Thomas Hecker, President
Board of Commissioners

ATTEST:

Richard J. Manfredi,
Township Manager & Secretary
{01584884;v3}

## Exhibit "A"

### § 98-1  Adoption of Standards

The Board of Commissioners of the Township of Abington does hereby enact and ordain by adoption the International Property Maintenance Code of 2021, or the latest version thereof as approved and released by the International Code Council, and the whole thereof, except such portions as are deleted, modified, amended or added by this chapter. The same is hereby adopted and incorporated as fully as if set out at length herein, and from the date on which this chapter takes effect, the provisions thereof shall be controlling within the limits of the Township of Abington.

### § 98-2  Amendments to Standards

The International Property Maintenance Code of 2021 is amended as set forth herein. Such amendments shall be incorporated into any subsequent version of the International Property Maintenance Code as approved and released by the International Code Council without further action by the Board of Commissioners of the Township of Abington.

A. Section 101.1 shall be amended to reference the "Township of Abington."

B. Section 103.1 shall be amended to reference the "Code Enforcement Division of the Township of Abington."

C. Section 110.4 shall be amended to read as follows:

110.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine of not less than $500.00 dollars or more than $1,000.00 dollars.

D. Section 302.4 shall be amended to include a maximum height of ten (10) inches.

E. Section 302.4.1 shall be added and shall read as follows:

302.4.1 Prohibited Use of Defoliants and Herbicides. The use of defoliants, herbicides or similar chemicals to completely or substantially defoliate a parcel, property or lot, whether to avoid having to maintain that parcel, property or lot by mowing, pulling of weeds, etc., or for any other reason, is prohibited. For the purposes of this section, the term "substantially" shall mean 20% or more of any parcel, property or lot, except any greater area as may be approved by the Abington Township Code Enforcement Department. Any such approval shall be in writing, and shall be granted prior to the application of the defoliant, herbicide, or similar chemical.

F. Section 302.8 shall be amended read as follows:

302.8 Motor vehicles. Except as provided for in other regulations, inoperative, unlicensed or uninsured motor vehicles shall not be parked, kept or stored on any premises, and vehicles shall not at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an approved spray booth. Storage, parking, abandonment or keeping of any licensed or unlicensed motor vehicle, vehicle, watercraft, trailer, or any parts thereof shall not be permitted on any lawn or grass area.



{01584884;v3}

Exception: A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and approved for such purposes.

G. Section 302.8.1 shall be added, and shall read as follows:

302.8.1 Residential property: No residential property is permitted to keep or store any truck more than 18 feet in length, 80 inches in width or more than 8,200 pounds in gross vehicle weight (GVWR) or motor-driven trucks and truck tractors designed to carry personal property or vehicle-servicing equipment, including but not limited to hoists, ladders or towing mechanisms. On streets of residential zoning no commercial vehicles may be parked, kept or stored if more than 80 inches in width and/or more than 11,000 pounds in gross vehicle weight (GVWR). Exception: If making a legitimate delivery to a residential property and the truck is properly and safely parked, the delivery may be completed.

Exception: Vehicles may be repaired in certain districts where repairs are permitted by district regulations

H. Section 304.14 shall be amended to read as follows:

304.14 Insect screens. During the period from May 15 to October 15, every door, window and other outside opening required for ventilation of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with approved tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

Exception: Screens shall not be required where other approved means, such as air curtains or insect repellent fans, are employed.

I. Section 602.3 shall be amended to

602.3 Heat supply. Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 15 to Mayh 15 to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.

Exceptions:

1. When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.

2. In areas where the average monthly temperature is above 30°F (-1°C), a minimum temperature of 65°F (18°C) shall be maintained.

J. Section 602.4 shall be amended to read as follows:

(01584884;v3)

602.4 Occupiable work spaces. Indoor occupiable work spaces shall be supplied with heat during the period from October 15 to May 15 to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.

Exceptions:

1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.

K.  Section 606.2 shall read as follows:

606.2 Elevators. In buildings equipped with passenger elevators, not less than ½ of the total number of elevators, rounded up to the next whole number of total elevators, shall be maintained in operation at all times when the building is occupied.

Exception: Buildings equipped with only one elevator shall be permitted to have the elevator temporarily out of service for testing or servicing.

L.  Sections 704.8 and 704.9 shall be added and shall read as follows:

704.8  Fire extinguishers in living units.  A portable fire extinguisher having a minimum rating of 1-A:10-B:C shall be installed within each dwelling unit.  For multi-family dwelling units, compliance with this Section shall be as follows: 25% of all living units on or before December 31, 2023; 50% of all living units on or before December 31, 2024; 75% of all living units on or before December 31, 2025; 100% of all living units on or before December 2026.

704.9 Smoke alarms in rental units. Smoke alarms shall be installed and maintained in accordance with 704.6.1.1 through 704.7 in all living units used for rental purposes.

M. Section 705.1.1 shall be added and shall read as follows:

705.1.1 Carbon monoxide alarms in rental units. Carbon monoxide alarms and carbon monoxide detection systems shall be installed and maintained in all living units used for rental purposes.



| APPLICATION DATE | **Commonwealth of Pennsylvania** | WARRANT CONTROL NO. |
|---|---|---|
| | COUNTY OF MONTGOMERY | |
| DOCKET NO. | **Application for Administrative Search Warrant and Authorization** | ISSUED TO DISTRICT/UNIT |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & CODE SERVICES - 1176 OLD YORK RD ABINGTON PA  267-536-1089 |
|---|---|---|
| **NAME AND AFFIANT** | **IDENTIFICATION NO.** | **AGENCY - DISTRICT/UNIT - ADDRESS**    **PHONE NUMBER** |

STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED                BRT/OPA #
2606 JENKINTOWN ROAD GLENSIDE, PA 19038  (MONTGOMERY COUNTY PARCEL 30-00-33408-00-6)

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED. PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE. *(Be specific)*

## VACANT PROPERTY AND STRUCTURE TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY *(If proper name is unknown, give alias and/or description)*
ESTATE OF JOSEPH JR & MARY R MASSINO

VIOLATION OF STATUTE OR ORDINANCE. *(Describe conduct or specify statute)*          PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED

## ABINGTON TOWNSHIP ORDINANCE 2097 & 2205

### PROBABLE CAUSE AFFIDAVIT
PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

## FAILURE TO COMPLETE INSPECTION AS REQUIRED UNDER VACANT PROPERTY REGISTRATION AND MULTIPLE SIGNIFICANT PROPERTY MAINTENANCE VIOLATIONS.

## ATTACHED PAGES DESCRIBE VIOLATIONS AND SUPPORTING CODE.

[✓] 45 ___ ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 04/29/2026

**SIGNATURE OF AFFIANT**

**APPROVED BY TOWNSHIP SOLICITOR**

| Melissa A. Osborne | *Melissa A. Osborne* | 4/29/2026 | |
|---|---|---|---|
| **NAME OF ASSISTANT TWP SOLICITOR** | **SIGNATURE OF ASSISTANT TWP SOLICITOR** | **DATE** | **FILE NUMBER** |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that probable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP  FIRE & EMERGENCY MANAGEMENT  1176 OLD YORK RD. | 4/29/2026 |
|---|---|---|---|
| **NAME AND AFFIANT** | **SIGNATURE OF AFFIANT** | **AGENCY - DISTRICT/UNIT - ADDRESS** | **DATE** |

### TO BE COMPLETED BY THE ISSUING AUTHORITY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29 DAY OF April , 20 26

| | MDJ 38-1-05 | 117 Lunch Road Beau |
|---|---|---|
| **SIGNATURE OF ISSUING AUTHORITY** | **TITLE** | **OFFICE ADDRESS** |

### ADMINISTRATIVE SEARCH WARRANT

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found probable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

[ ] This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than __5/1/26__

[✓] This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than _____  @3:00pm

[ ] This Warrant shall be returnable to Judicial Officer _____

Issued under my hand this 29 day of April , 20 26 , at 3:00 .M o'clock. *(Issue time must be stated)*

| | MDJ 38-1-05 | 1/20/30 |
|---|---|---|
| **Signature of Issuing Authority** | **Title** (Court of Common Pleas Judge, Municipal Court Judge, Other) | **Date Commission Expires** |

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

I, CHRISTOPHER PLATZ, in my capacity as FIRE MARSHAL for ABINGTON TOWNSHIP, am responsible for the enforcement of applicable building, fire, life safety, and property maintenance codes, including but not limited to PA UCC and adopted Building, Property Maintenance, and Fire Codes.

This application seeks authorization to conduct an inspection of the property located at **2606 JENKINTOWN ROAD GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-33408-00-6**) for the purpose of determining compliance with applicable building, property maintenance, fire and life safety regulations, as well as to assess and document the safety of the structure(s) proactively for first responders.

Entry has not been obtained through voluntary means, and an inspection is necessary pursuant to established administrative standards and/or documented conditions as outlined below.

## APPLICABLE ORDINANCES

Under Abington Township's currently adopted ordinances, compliance with a variety of codes and ordinances is required, including but not limited to:

- Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES"
- Abington Township Ordinance 2205: "ORDINANCE REPEALING CHAPTER 98 - "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

These ordinances adopted outline the requirement for the municipality to conduct inspections to confirm compliance with applicable regulations and/or notify appropriate parties of violations found.

Abington Township has adopted a Vacant Property Registry ordinance for "the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof."[1]

## PROPERTY SPECIFIC

On February 12th, 2025, the listed owners of this property, along with dozens of others, received notice via mail that their properties were eligible for and required to be registered in Abington Township's Vacant Property Registry program. Owners were given a 45-day amnesty period to apply to the registry in which the late submittal fee would not be charged as noted in the ordinance. The property owner/representative did not apply within that timeline but submitted on April 11th, 2025.

In accordance with Ordinance 2097 Section §126-4 E. Inspection, "*At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate*

---

[1] Abington Township Ordinance 2097 "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES", 1

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

*the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations."*[2]

The identified property administrator/representative was notified, as part of the process, that an inspection of the premises would be conducted. The premises would be defined as "a tract of land and its component parts (as buildings)"[3], including all buildings and all interior and exterior areas.

Since that time, the administrator/applicant has had multiple discussions with me concerning access to the property and has consistently asserted that the property owners would not permit access to conduct an interior inspection. We further advised that the properties are overdue for their required annual inspection, having not been inspected since 2013. He indicated that the properties are being properly maintained, as stated in a February 18, 2026, email: "The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately."

On March 4, 2026, I completed an exterior evaluation of the property from the public right of way, finding numerous violations. This structure is part of a complex of connected buildings, with this parcel's owners owning 5 of the 6 parcels on this corner. I sought to gain, and was granted, appropriate access from the 6th parcel (2610 Jenkintown Road) owner to determine compliance in areas not readily visible from the public right of way, but visible from the 6th parcel's property. On March 19th, 2026, I conducted an investigation of the parcels and found numerous violations present

At **2606 JENKINTOWN ROAD GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-33408-00-6**), the following was found in violation of applicable codes and ordinances on March 19, 2026:

### 1. Open window in rear of structure

The property has been reported as vacant with no listed occupants. There are two doors and/or windows that have been boarded up, however there is an open window in the rear of the property. With the graffiti present, there are indications that the property is not secure, and is an attractive nuisance to the public. This raises concerns as to whether there is illegal occupancy within the structure and/or if the conditions within the structure are suitable for habitation.

Code Section(s) in Violation:

- **2024 IPMC 301.3 Vacant structures and land.** *Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.*

---

[2] Ibid., 7

[3] "Premises." Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/premises. Accessed 24 Apr. 2026.

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

2. **Weeds overgrowth in rear of property and on roof**
Weeds and trees growing on the roof of structure present a significant risk of dislodging building elements as they grow and expand into the structure. Trees have been known to push up concrete sidewalks as they grow, so dislodging of wooden roofing and similar structural elements is highly likely when such growth goes unaddressed. The overgrowth on the ground presents potential insect and rodent harborage locations that should be removed.

Code Section(s) in Violation:

- **2024 IPMC 302.4 Weeds.** *Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.*

3. **Trash/debris in rear of property**
Throughout the property there is an accumulation of trash/debris, including a significant pile of what appears to be construction debris, in the rear courtyard. Accumulations of trash/debris/garbage/rubbish leads to potential insect and rodent infestations and potential accidental fires among other issues.

Code Section(s) in Violation:

- **2024 IPMC 308.1 Accumulation of rubbish or garbage.** *Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.*

4. **Rear south west wall brick grout significantly missing**
The rear wall has extensive grout deterioration throughout it, leading to concerns of water and other environmental infiltration into the structure, along with stability concerns.

Code Section(s) in Violation:

- **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:*

  ...

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

*Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.*

- **2024 IPMC 304.6 Exterior walls.** *Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.*

### 5. Rear wall has large graffiti drawing on it

The rear wall of the property has a large graffiti drawing on it, which while not only not permitted, leads to concerns of unpermitted access to the property. Such unpermitted access may have other defacement/damage within the structure that could lead to additional hazards.

Code Section(s) in Violation:

- **2024 IPMC 302.9 Defacement of property.** *A person shall not willfully or wantonly damage, mutilate or deface any exterior surface of any structure or building on any private or public property by placing thereon any marking, carving or graffiti.*
  *It shall be the responsibility of the owner to restore said surface to an approved state of maintenance and repair.*

### 6. Rear fascia of roof significantly rotted/deteriorated

Rear fascia of roof is significantly deteriorated/rotted leading to concerns of rain and other environmental elements entering the building. This entrance over time can lead to rot, mold, mildew, and structural damage.

Code Section(s) in Violation:

- **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*
- **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

### 7. REAR WINDOW AND DOOR BOARDED

The rear of the property has a door and window that are boarded. While boarding can be a temporary solution, the code requires every window and door to be kept in sound condition and weathertight. Boarding would prevent the window and door, if in place, from being weathertight and sealing properly.

Code Section(s) in Violation:

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.13 Window, skylight and door frames.** *Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.*

## 8. REAR WINDOW FRAMES DETERIORATED

The rear window frames are showing extensive deterioration, leading to environmental damage to the window itself and potential structural elements. Such damage can lead to rot, mold, mildew, and other issues.

Code Section(s) in Violation:

- **2024 IPMC 304.13 Window, skylight and door frames.** *Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.*

## 9. REAR LADDER SECURED TO WALL THAT IS DEEMED POTENTIALLY UNSAFE

The rear has a ladder which would appear to be an emergency egress element for the upper level of the structure. This ladder does not appear secure, as it is secured to a wall that has missing grout and appears deteriorated.

Code Section(s) in Violation:

- **2024 IPMC 304.10 Stairways, decks, porches and balconies.** *Every exterior stairway, deck, porch and balcony, and all appurtenances attached thereto, shall be maintained structurally sound, in good repair, with proper anchorage and capable of supporting the imposed loads.*
- **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:*

   ...

   *4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight*

## 10. REAR LADDER AND WALKWAY BLOCKED BY SIGNIFICANT WEEDS AND DEBRIS

The rear ladder that appears to be an emergency egress element is blocked by large weeds and debris in the rear courtyard, rendering it unsafe to utilize this as an egress element. The pathway would need to be clear and accessible at all times.

Code Section(s) in Violation:

- **2024 IPMC 702.1 General.** *A safe, continuous and unobstructed path of travel shall be provided from any point in a building or structure to the public way. Means of egress shall comply with the code under which the building was constructed.*

## 11. FRONT OF STRUCTURE HAS EXPOSED WIRING

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

On the front of the structure there is exposed wiring. This presents a fire hazard should these wires not be properly secured, and may harm those that come in contact with them.

Code Section(s) in Violation:

- **2024 IPMC 605.1 Installation.** *Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.*

The administrator/applicant was provided with these violations in a Notice of Violation/Order to Correct dated March 23, 2026, with a date to correct by April 5th, 2026. They were also advised that due to the nature of these violations, an internal inspection was required to evaluate the extent of internal conditions/impacts with completion of such inspection due by April 17th, 2026. Steps were taken to remedy some of the smaller issues, but compliance has not been achieved, and no inspection has been authorized to determine the extent of conditions on the inside. An additional week was provided to schedule the inspection due to improvements made, but the administrator/applicant advised on April 23, 2026, that an internal inspection would not be approved.

One of the additional key reasons for finding and correcting violations at vacant/abandoned properties is due to the public safety risk associated with them. According to National Fire Protection Association (NFPA) Research, between 2011-2015, six (6) percent of structure fires occurred within vacant structures, but 13 percent of firefighter injuries occurred in/at vacant structures[4], showing injuries are more than twice as likely at vacant structures than occupied structures. This demonstrates the increased danger of these structures, and that without rigorously evaluating the risk of these structures through inspections, evaluations, and enforcement of codes, we are placing our first responders at an increased risk of harm.

NFPA's published article *Fire and Life Safety Considerations for Vacant Buildings*[5] highlights the means of which to protect first responders and community members when it comes to vacant buildings through NFPA's Fire & Life Safety Ecosystem. By enforcing codes properly, through steps such as reducing fuel load, restricting access, and maintaining fire protection system, and by creating an informed public and regulatory authority, we can work to mitigate some of the risk associated with vacant structures.

Accordingly, I am seeking an Administrative Search Warrant to conduct full exterior and full interior inspections of the listed property, to

1) Evaluate the overall safety and code compliance of the premises due to the existing violations present,

2) Determine the structural safety and general code compliance of the structure(s) due to the conditions noted,

3) To ensure violations found are and will be remediated, and

---

[4] National Fire Protection Association, Fires in Vacant Buildings (Marty Ahrens ed., 2018), https://content.nfpa.org/-/media/Project/Storefront/Catalog/Files/Research/NFPA-Research/Building-and-life-safety/osvacantbuildings.pdf, 3

[5] National Fire Protection Association, *Vacant buildings* (Mar. 4, 2022)

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

4)    To address potential fire and life safety hazards that may be present which may result in community member and first responder injuries or death through hazard identification and pre-incident planning.

**SUPPORTING DOCUMENTATION:**

Exhibit A:    Property Identification

Exhibit B:    Vacant Property Registration

Exhibit C:    Notice of Violation March 23, 2026

Exhibit D:    Photographs

Exhibit E:    Vacant Property Registry Ordinance

Exhibit F:    Property Maintenance Ordinance

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT A

## Printable page

PARID: 300033408006

MASSINO JOSEPH JR & MARY R                                                      2606 JENKINTOWN RD

### Parcel

| | |
|---|---|
| TaxMapID | 30339 014 |
| Parid | 30-00-33408-00-6 |
| Land Use Code | 4241 |
| Land Use Description | C - BAR OR TAPROOM |
| Property Location | 2606 JENKINTOWN RD |
| Lot # | |
| Lot Size | 1528 SF |
| Front Feet | 22 |
| Municipality | ABINGTON |
| School District | ABINGTON |
| Utilities | ALL PUBLIC// |

### Owner

| | |
|---|---|
| Name(s) | MASSINO JOSEPH JR & MARY R |
| Name(s) | |
| Mailing Address | 518 CENTRAL AVE |
| Care Of | |
| Mailing Address | |
| Mailing Address | GLENSIDE PA 19038 |

### Current Assessment

| Appraised Value | Assessed Value | Restrict Code |
|---|---|---|
| 65,470 | 65,470 | |

### Estimated Taxes

| | |
|---|---|
| County | 358 |
| Montco Community College | 32 |
| Municipality | 404 |
| School District | 2,524 |
| Total | 3,318 |
| Tax Lien | Tax Claim Bureau Parcel Search |

### Last Sale

| | |
|---|---|
| Sale Date | 22-MAY-2015 |
| Sale Price | $1 |
| Tax Stamps | 0 |
| Deed Book and Page | 5954-02936 |
| Grantor | MASSINO JOSEPH JR |
| Grantee | MASSINO JOSEPH JR & MARY R |
| Date Recorded | 22-MAY-2015 |

### Sales History

| Sale Date | Sale Price | Tax Stamps | Deed Book and Page | Grantor | Grantee | Date Recorded |
|---|---|---|---|---|---|---|
| 05-22-2015 | $1 | 0 | 5954-02936 | MASSINO JOSEPH JR | MASSINO JOSEPH JR & MARY R | 05-22-2015 |
| 08-14-1989 | $1 | 0 | 4931-00632 | | MASSINO JOSEPH JR | 12-01-1989 |
| 10-15-1979 | $1 | 0 | - | | MASSINO MILDRED G | |

## Lot Information

| | |
|---|---|
| Lot Size | 1528 SF |
| Lot # | |
| Remarks | L PT 745 |
| Remarks | |
| Remarks | |

## Commercial Parcel Summary

| | |
|---|---|
| No. of Cards | 1 |
| Land Use Code | 4241 |
| Gross Building Area (Total of all Cards) | 3,347 |
| Total Living Units | 1 |

## Commercial Parcel Summary

| Use | Area |
|---|---|
| DWELLING | 1,057 |
| TAVERN/BAR | 1,145 |
| UNFIN RES BSMT | 1,145 |

## Commercial Card Summary

| | |
|---|---|
| Card | 1 |
| Imp Name | (VACANT TAVERN & APT(S)) |
| Structure Code | 105 |
| Structure | MIXED RESIDENTIAL/COMMERCIAL |
| Sprinkler | |
| Units | |
| Identical Units | 1 |
| Year Built | 1925 |
| Gross Building Area | |
| Elevator/Escalator | |

## Assessment History

| Appraised Value | Assessed Value | Restrict Code | Effective Date | Reason | Notice Date |
|---|---|---|---|---|---|
| 65,470 | 65,470 | | | O | 16-MAY-1997 |
| | 65,470 | | 01-JAN-1998 | REASSESSMENT | |
| | 6,800 | | 01-JAN-1987 | | |

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT B



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

## VACANT PROPERTY REGISTRATION FORM
### NON-RESIDENTIAL PROPERTIES ONLY

In accordance with Ordinance 2156 of the Township of Abington, all information requested below must be provided. Please type or print clearly. Only completed forms will be accepted. *Note that this application applies only to nonresidential properties.* Please complete this form and submit it to the Fire & Code Services Department.

### I.    PROPERTY INFORMATION:

Full Address of the property: _____

Tax Parcel Number: _____

Date that property was vacated: _____
NOTE: PLEASE PROVIDE (ATTACH) DOCUMENTATION.

Total number of buildings on parcel: _____

Total number of units on parcel: _____

Square footage of each unit: _____

Number of parking spaces available per building on parcel: _____

---

### II.    CONTACT INFORMATION:

Owner's Information

_____
*NAME*

_____
*ADDRESS:*            **NUMBER + STREET**

_____
            **CITY**            **STATE**            **ZIP**

_____
*PHONE:* **LANDLINE**                    **CELL**

_____
*E-MAIL*

If the owner is a corporation, LP, LLC, or some other form of partnership, the names, telephone numbers, mailing addresses, and e-mail addresses must be provided for the Chief Executive Officer, the

**1**



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

Registered Officer(s), and the Managing Partners of the Corporation. Please provide (attach) that information on a separate page. One of the persons listed must reside within the Commonwealth of Pennsylvania.

Designated Agent's Information (THIS SHOULD BE THE EMERGENCY POINT OF CONTACT):

_____
**NAME**

_____
**ADDRESS:**              **NUMBER + STREET**

_____
          **CITY**              **STATE**              **ZIP**

_____
**PHONE:** LANDLINE                    **CELL**

_____
**E-MAIL**

---

### III.    SUBMISSION:

I hereby attest/swear that the information I have provided on this registration form is accurate and complete to the best of my knowledge.

The Fire & Code Services Department will contact the applicant to schedule mandatory inspections as per the requirements of Ordinance #2156 of the Township of Abington.

**Principal Owner's Signature:** _____

**Date:** _____

All checks are required to be made payable to the Township of Abington.

If mailing a check, please mail to:     Abington Township
                                        Attn: Fire & Code Services Department
                                        1176 Old York Road
                                        Abington, PA 19001

**2**



TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

**THE FOLLOWING IS FOR INTERNAL USE ONLY:**

Received by:_____    Date:_____

Permit #:_____    Permit Fee:_____

Check #_____    Receipt #:_____

1570 Old York Road, Jenkintown PA 19001 | www.abington.org | Tax (000) 000-0000 | Fax 215-884-8271

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT C



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

**Owner Name**    ESTATE OF MARY MASSINO

**Care Of**    LORENZO DINATALE

**Address**    518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

**Address**    2606 JENKINTOWN ROAD GLENSIDE, PA 19038

**Parcel**    30-00-33408-00-6

## 3) DESCRIPTION OF VIOLATION

1) OPEN WINDOWN IN REAR OF STRUCTURE

*THE PROPERTY HAS BEEN REPORTED AS VACANT WITH NO LISTED OCCUPANTS. THERE ARE TWO DOORS AND/OR WINDOWS THAT HAVE BEEN BOARDED UP, HOWEVER THERE IS AN OPEN WINDOW IN THE REAR OF THE PROPERTY. WITH THE GRAFFITI PRESENT, THERE ARE INDICATIONS THAT THE PROPERTY IS NOT SECURE, AND IS AN ATTRACTIVE NUSIANCE TO THE PUBLIC. THIS RAISES CONCERNS AS TO IF THERE IS ILLEGAL OCCUPANCY WITHIN THE STRUCTURE AND/OR IF THE CONDITIONS WITHIN THE STRUCTURE ARE SUITABLE FOR HABITATION.

You are therefore ordered to:    Properly secure property in accordance with International Property Maintenance Code.

Code Section(s) in Violation:    **2024 IPMC 301.3 Vacant structures and land.** Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.

2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to:    Remove weeds from the property.

Code Section(s) in Violation:    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

provided; however, this term shall not include cultivated flowers and gardens  Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:    Remove all trash/debris from the rear courtyard area.

Code Section(s) In Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

## 4) REAR SOUTH WEST WALL BRICK GROUT SIGNIFICANTLY MISSING

You are therefore ordered to:    Repair/replace wall elements that are worn/damaged/missing.

Apply proper sealant/protective treatments.

Code Section(s) in Violation:    **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

## 5) REAR WALL HAS LARGE GRAFFITI DRAWING ON IT

You are therefore ordered to:    Remove graffiti from wall

Code Section(s) in Violation:    **2024 IPMC 302.9 Defacement of property.** A person shall not willfully or wantonly damage, mutilate or deface any exterior surface of any structure or building on any private or public property by placing thereon any marking, carving or graffiti.



Thomas Hecker *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

## TOWNSHIP OF ABINGTON

It shall be the responsibility of the owner to restore said surface to an approved state of maintenance and repair.

### 6) REAR FASCIA OF ROOF SIGNIFICANTLY ROTTED/DETERIORATED

You are therefore ordered to: Repair and/or replace fascia materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation: **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

### 7) REAR WINDOW AND DOOR BOARDED

You are therefore ordered to: Remove boarding and secure window and door properly to prevent unwanted access.

If door/window itself or supporting materials are damaged/deteriorated, replace as appropriate.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

### 8) REAR WINDOW FRAMES DETERIORATED

You are therefore ordered to: Repair/replace window frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation: **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

### 9) REAR LADDER SECURED TO WALL THAT IS DEEMED POTENTIALLY UNSAFE

You are therefore ordered to: Repair/replace wall to ensure that ladder is properly secure to wall to ensure safe operations.

Code Section(s) in Violation: **2024 IPMC 304.10 Stairways, decks, porches and balconies.** Every exterior stairway, deck, porch and balcony, and all appurtenances



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

**TOWNSHIP OF ABINGTON**

attached thereto, shall be maintained structurally sound, in good repair, with proper anchorage and capable of supporting the imposed loads.

**2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight

## 10) REAR LADDER AND WALKWAY BLOCKED BY SIGNIFICANT WEEDS AND DEBRIS

You are therefore ordered to:    Remove all obstructions to ensure proper egress.

Code Section(s) in Violation:    **2024 IPMC 702.1 General.** A safe, continuous and unobstructed path of travel shall be provided from any point in a building or structure to the public way. Means of egress shall comply with the code under which the building was constructed.

## 11) FRONT OF STRUCTURE HAS EXPOSED WIRING

You are therefore ordered to:    Remove/repair/make safe the exposed electrical wiring. Any modifications to or removal of electrical wiring/equipment will require a permit.

Code Section(s) in Violation:    **2024 IPMC 605.1 Installation.** Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.

## 4) REQUIRED DATE OF COMPLIANCE/CORRECTION:          04/05/2026

Case 2:26-cv-03216    Document 1-1    Filed 05/12/26    Page 305 of 398

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT D

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Image of open window* in the rear.

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Image of weed overgrowth in rear of property.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 3:



*Image of trash/debris in rear of property.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Rear wall with significant grout missing.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 5:



*Image of rear wall with graffiti.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 6:



*Image of deteriorated rear fascia.*

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 7:



*Image of boarded rear window and door.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 8:



*Image of deteriorated rear window frames.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 9/10:



*Image of rear ladder attached to unsafe wall and blocked by debris/weeds.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 11:



Image of exposed wiring in front.

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT E

## TOWNSHIP OF ABINGTON
## MONTGOMERY COUNTY, PENNSYLVANIA

### ORDINANCE NO. 2097

### AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY – VACANT PROPERTIES"

**WHEREAS**, the Township of Abington is a Township of the First Class, duly organized and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

**WHEREAS**, pursuant to section 1502.44 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority to enact and amend provisions of the Abington Township Code ("Code") at any time it deems necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof; and

**WHEREAS**, pursuant to section 1502.10 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority to take all needful means for securing the safety of persons or property within the Township; and

**WHEREAS**, the Board of Commissioners of the Township of Abington has determined that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof.

**NOW, THEREFORE**, the Board of Commissioners of the Township of Abington does hereby **ENACT** and **ORDAIN** as follows:

1. Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in Exhibit "A" attached hereto.

2. All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

3. This Ordinance shall become effective five (5) days after enactment.

ORDAINED AND ENACTED this _9 ᵗʰ_ day of _July_ , 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

Exhibit "A"

§126-1.    Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings. The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

§126-2.    Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

A. "Boarded" – A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

B. "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

C. "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same. For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

D. "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E. "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F. "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.    Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.    Registration Statement and Fees; Local Agent

A. Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1. For purposes of this Ordinance, the following shall also be applicable:

    i. If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

    ii. If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

    iii.  If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

    iv.  If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

    v.  If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

    vi.  If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2. Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3. Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B. Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C. Registration Fees

{00311254;v4}

1. There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2. A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3. A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4. A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5. For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D. Waiver of Registration Fee.

1. Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

   i. The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

   ii. The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

      iii.   The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

      iv.   All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2. The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above. The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3. At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors. It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E. Inspection.   At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

## §126-5.    Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice. On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

## §126-6.    Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

## §126-8.    Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

### §126-9.   Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

### §126-10.   Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable.  This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

### §126-11.   Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

### §126-12.   Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT F



### TOWNSHIP OF ABINGTON
### Ordinance No. 2205

### ORDINANCE REPEALING CHAPTER 98 – "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

**WHEREAS**, the Township of Abington is charged with the responsibility of protecting the health, safety, and welfare of its residents; and

**WHEREAS**, the Township has adopted a property maintenance code that governs the maintenance requirements of all properties within the Township; and

**WHEREAS**, the Board of Commissioners has determined that it is in the best interests of the health, safety and welfare of its residents to update the property maintenance requirements and modify certain standard provisions.

**NOW, THEREFORE, BE IT AND IT IS HEREBY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON AS FOLLOWS:**

**Section 1.** Repeal of existing provisions. Chapter 98 "Housing Standards," is amended to repeal all provisions therein in their entirety.

**Section 2.** Amendment of Chapter 98. Chapter 98 – "Housing Standards," is amended to enact the provisions set forth in Exhibit "A" hereto.

**Section 3.** Severability. Should any section, paragraph, clause or phrase of this Ordinance be declared unconstitutional or invalid by legislation or a court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, and shall remain in full force and effect.

**Section 4.** Inconsistencies. All prior ordinances, resolutions and/or other official acts or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistencies.

**Section 5.** Effective Date. This Ordinance shall take effect five (5) days after enactment.

**DULY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON THIS** ⎿²⏌ **DAY OF** ⎿ ⏌ **, 2023.**

ABINGTON TOWNSHIP

Thomas Hecker, President
Board of Commissioners

ATTEST:

Richard J. Manfredi,
Township Manager & Secretary
{01584884;v3}



Exhibit "A"

### § 98-1 Adoption of Standards

The Board of Commissioners of the Township of Abington does hereby enact and ordain by adoption the International Property Maintenance Code of 2021, or the latest version thereof as approved and released by the International Code Council, and the whole thereof, except such portions as are deleted, modified, amended or added by this chapter. The same is hereby adopted and incorporated as fully as if set out at length herein, and from the date on which this chapter takes effect, the provisions thereof shall be controlling within the limits of the Township of Abington.

### § 98-2 Amendments to Standards

The International Property Maintenance Code of 2021 is amended as set forth herein. Such amendments shall be incorporated into any subsequent version of the International Property Maintenance Code as approved and released by the International Code Council without further action by the Board of Commissioners of the Township of Abington.

A. Section 101.1 shall be amended to reference the "Township of Abington."

B. Section 103.1 shall be amended to reference the "Code Enforcement Division of the Township of Abington."

C. Section 110.4 shall be amended to read as follows:

110.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine of not less than $500.00 dollars or more than $1,000.00 dollars.

D. Section 302.4 shall be amended to include a maximum height of ten (10) inches.

E. Section 302.4.1 shall be added and shall read as follows:

302.4.1 Prohibited Use of Defoliants and Herbicides: The use of defoliants, herbicides or similar chemicals to completely or substantially defoliate a parcel, property or lot, whether to avoid having to maintain that parcel, property or lot by mowing, pulling of weeds, etc., or for any other reason, is prohibited. For the purposes of this section, the term "substantially" shall mean 20% or more of any parcel, property or lot, except any greater area as may be approved by the Abington Township Code Enforcement Department. Any such approval shall be in writing, and shall be granted prior to the application of the defoliant, herbicide, or similar chemical.

F. Section 302.8 shall be amended read as follows:

302.8 Motor vehicles. Except as provided for in other regulations, inoperative, unlicensed or uninsured motor vehicles shall not be parked, kept or stored on any premises, and vehicles shall not at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an approved spray booth. Storage, parking, abandonment or keeping of any licensed or unlicensed motor vehicle, vehicle, watercraft, trailer, or any parts thereof shall not be permitted on any lawn or grass area.

(01584884:v3)

Exception: A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and approved for such purposes.

G. Section 302.8.1 shall be added, and shall read as follows:

302.8.1 Residential property: No residential property is permitted to keep or store any truck more than 18 feet in length, 80 inches in width or more than 8,200 pounds in gross vehicle weight (GVWR) or motor-driven trucks and truck tractors designed to carry personal property or vehicle-servicing equipment, including but not limited to hoists, ladders or towing mechanisms. On streets of residential zoning no commercial vehicles may be parked, kept or stored if more than 80 inches in width and/or more than 11,000 pounds in gross vehicle weight (GVWR). Exception: If making a legitimate delivery to a residential property and the truck is properly and safely parked, the delivery may be completed.

Exception: Vehicles may be repaired in certain districts where repairs are permitted by district regulations.

H. Section 304.14 shall be amended to read as follows:

304.14 Insect screens. During the period from May 15 to October 15, every door, window and other outside opening required for ventilation of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with approved tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

Exception: Screens shall not be required where other approved means, such as air curtains or insect repellent fans, are employed.

I. Section 602.3 shall be amended to

602.3 Heat supply. Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 15 to Mayh 15 to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.

Exceptions:

1. When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.

2. In areas where the average monthly temperature is above 30°F (-1°C), a minimum temperature of 65°F (18°C) shall be maintained.

J. Section 602.4 shall be amended to read as follows:

{01584884;v3}

602.4 Occupiable work spaces. Indoor occupiable work spaces shall be supplied with heat during the period from October 15 to May 15 to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.

Exceptions:

1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.

K. Section 606.2 shall read as follows:

606.2 Elevators. In buildings equipped with passenger elevators, not less than ½ of the total number of elevators, rounded up to the next whole number of total elevators, shall be maintained in operation at all times when the building is occupied.

Exception: Buildings equipped with only one elevator shall be permitted to have the elevator temporarily out of service for testing or servicing.

L. Sections 704.8 and 704.9 shall be added and shall read as follows:

704.8 Fire extinguishers in living units. A portable fire extinguisher having a minimum rating of 1-A:10-B:C shall be installed within each dwelling unit. For multi-family dwelling units, compliance with this Section shall be as follows: 25% of all living units on or before December 31, 2023; 50% of all living units on or before December 31, 2024; 75% of all living units on or before December 31, 2025; 100% of all living units on or before December 2026.

704.9 Smoke alarms in rental units. Smoke alarms shall be installed and maintained in accordance with 704.6.1.1 through 704.7 in all living units used for rental purposes.

M. Section 705.1.1 shall be added and shall read as follows:

705.1.1 Carbon monoxide alarms in rental units. Carbon monoxide alarms and carbon monoxide detection systems shall be installed and maintained in all living units used for rental purposes.

| APPLICATION DATE | Commonwealth of Pennsylvania | WARRANT CONTROL NO. |
| --- | --- | --- |
| | COUNTY OF MONTGOMERY | |
| DOCKET NO. | | ISSUED TO DISTRICT/UNIT |
| | Application for Administrative Search Warrant and Authorization | |

| CHRISTOPHER PLATZ | FM29 | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD ABINGTON PA | 267-536-1089 |
| --- | --- | --- | --- |
| NAME AND AFFIANT | IDENTIFICATION NO. | AGENCY - DISTRICT/UNIT - ADDRESS | PHONE NUMBER |

| STREET ADDRESS OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED | BRT/OPA # |
| --- | --- |
| 2608 JENKINTOWN ROAD GLENSIDE, PA 19038  (MONTGOMERY COUNTY PARCEL 30-00-33412-00-2) | |

DESCRIPTION OF PROPERTY TO BE ENTERED/INSPECTED/SEARCHED/ITEMS TO BE SEIZED. PROVIDE APARTMENT OR SUITE NUMBER IF APPROPRIATE. *(Be specific)*

VACANT PROPERTY AND STRUCTURE TO BE ENTERED AND INSPECTED FOR CODE COMPLIANCE.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PROPERTY *(If proper name is unknown, give alias and/or description)*:
ESTATE OF JOSEPH JR & MARY R MASSINO

| VIOLATION OF STATUTE OR ORDINANCE. *(Describe conduct or specify statute)*: | PROVIDE CODE VIOLATION COMPLAINT NO. IF ISSUED |
| --- | --- |
| ABINGTON TOWNSHIP ORDINANCE 2097 & 2205 | |

**PROBABLE CAUSE AFFIDAVIT**

PROBABLE CAUSE BELIEF TO ENTER AND/OR SEARCH THE SAID PROPERTY IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

FAILURE TO COMPLETE INSPECTION AS REQUIRED UNDER VACANT PROPERTY REGISTRATION AND MULTIPLE SIGNIFICANT PROPERTY MAINTENANCE VIOLATIONS.

ATTACHED PAGES DESCRIBE VIOLATIONS AND SUPPORTING CODE.

[✓] 47 ADDITIONAL PAGES ARE ATTACHED

I verify that the statements contained herein are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Date 04/29/2026

SIGNATURE OF AFFIANT

**APPROVED BY TOWNSHIP SOLICITOR**

| Melissa A. Osborne | *Melissa A. Osborne* | 4/29/2026 | |
| --- | --- | --- | --- |
| NAME OF ASSISTANT TWP SOLICITOR | SIGNATURE OF ASSISTANT TWP SOLICITOR | DATE | FILE NUMBER |

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that the above property has not been recently inspected, may be in violation of the Township Code, and that probable cause exists for the issuance of an Administrative Search Warrant to enter the property and to inspect and/or search same as described above.

| CHRISTOPHER PLATZ | | ABINGTON TOWNSHIP - FIRE & EMERGENCY MANAGEMENT - 1176 OLD YORK RD | 4/29/2026 |
| --- | --- | --- | --- |
| NAME AND AFFIANT | SIGNATURE OF AFFIANT | AGENCY - DISTRICT/UNIT - ADDRESS | DATE |

**TO BE COMPLETED BY THE ISSUING AUTHORITY**

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29 DAY OF April , 20 26

SIGNATURE OF ISSUING AUTHORITY    TITLE MDJ-38-1-05    OFFICE ADDRESS 117    SEAL

**ADMINISTRATIVE SEARCH WARRANT**

TO AFFIANT/CODE ENFORCEMENT OFFICIAL: upon consideration of the facts which have been sworn to or affirmed before me I have found probable cause to enter the above property as requested and I do authorize you to inspect and search the above described property.

[✓] This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than 5/1/26

[ ] This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than _____

[ ] This Warrant shall be returnable to Judicial Officer _____

Issued under my hand this 29 day of April , 20 26 , at 3:04 .M o'clock. *(Issue time must be stated)*

Signature of Issuing Authority    Title MDJ-38-1-05 (Court of Common Pleas Judge, Municipal Court Judge, Other)    Date Commission Expires 1/2030

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

I, CHRISTOPHER PLATZ, in my capacity as FIRE MARSHAL for ABINGTON TOWNSHIP, am responsible for the enforcement of applicable building, fire, life safety, and property maintenance codes, including but not limited to PA UCC and adopted Building, Property Maintenance, and Fire Codes.

This application seeks authorization to conduct an inspection of the property located at **2608 JENKINTOWN ROAD GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-33412-00-2**) for the purpose of determining compliance with applicable building, property maintenance, fire and life safety regulations, as well as to assess and document the safety of the structure(s) proactively for first responders.

Entry has not been obtained through voluntary means, and an inspection is necessary pursuant to established administrative standards and/or documented conditions as outlined below.

## APPLICABLE ORDINANCES

Under Abington Township's currently adopted ordinances, compliance with a variety of codes and ordinances is required, including but not limited to:

- Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES"
- Abington Township Ordinance 2205: "ORDINANCE REPEALING CHAPTER 98 - "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

These ordinances adopted outline the requirement for the municipality to conduct inspections to confirm compliance with applicable regulations and/or notify appropriate parties of violations found.

Abington Township has adopted a Vacant Property Registry ordinance for "the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof."[1]

## PROPERTY SPECIFIC

On February 12th, 2025, the listed owners of this property, along with dozens of others, received notice via mail that their properties were eligible for and required to be registered in Abington Township's Vacant Property Registry program. Owners were given a 45-day amnesty period to apply to the registry in which the late submittal fee would not be charged as noted in the ordinance. The property owner/representative did not apply within that timeline but submitted on April 11th, 2025.

In accordance with Ordinance 2097 Section §126-4 E. Inspection, *"At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate*

---

[1] Abington Township Ordinance 2097: "AN ORDINANCE ENACTING CHAPTER 126 - "REAL ESTATE REGISTRY - VACANT PROPERTIES", 1

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

*the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations."*[2]

The identified property administrator/representative was notified, as part of the process, that an inspection of the premises would be conducted. The premises would be defined as "a tract of land and its component parts (as buildings)"[3], including all buildings and all interior and exterior areas.

Since that time, the administrator/applicant has had multiple discussions with me concerning access to the property and has consistently asserted that the property owners would not permit access to conduct an interior inspection. We further advised that the properties are overdue for their required annual inspection, having not been inspected since 2013. He indicated that the properties are being properly maintained, as stated in a February 18, 2026, email: "The properties are maintained (the last code violation was May of 2024 and addressed within 5 days). The properties are secure. The properties are lawfully registered as vacant. No parking/ trespassing signs clearly posted. All taxes and utilities are paid up to date. A working fire sprinkler system with direct monitored alarm to authorities is present. All snow cleared immediately."

On March 4, 2026, I completed an exterior evaluation of the property from the public right of way, finding numerous violations. This structure is part of a complex of connected buildings, with this parcel's owners owning 5 of the 6 parcels on this corner. I sought to gain, and was granted, appropriate access from the 6th parcel (2610 Jenkintown Road) owner to determine compliance in areas not readily visible from the public right of way, but visible from the 6th parcel's property. On March 19th, 2026, I conducted an investigation of the parcels and found numerous violations present.

At **2608 JENKINTOWN ROAD GLENSIDE, PA 19038** (Montgomery County Parcel: **30-00-33412-00-2**), the following was found in violation of applicable codes and ordinances on March 19, 2026:

### 1. Demolition without permits – Rear 2nd story deck

A rear deck was removed without permits sometime between June 28, 2022, and March 7, 2023, as verified by aerial imaging. There have been no permits submitted or inspections conducted. The structure now lacks a second-floor rear exit, resulting in a significant life safety hazard, specifically in situations of fire response. Additionally, the removal appears incomplete/non-compliant as there are significant holes left in the wall leading to deterioration of the grout in the wall and potential structural damage from exposure.

Code Section(s) in Violation:

- **34 Pa. Code § 403.42. Permit requirements and exemptions.** *(a) An owner or authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a commercial building, structure and facility or to erect, install, enlarge, alter, repair, remove, convert or replace any electrical, gas, mechanical, or plumbing system regulated by the Uniform*

---

[2] Ibid., 7

[3] "Premises." Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/premises. Accessed 24 Apr. 2026.

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

*Construction Code shall first apply to the building code official and obtain the required permit under § 403.42a (relating to permit application).*

- **2024 IPMC 301.3 Vacant structures and land.** *Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.*

### 2.  Weeds overgrowth in rear of property and on roof

Extensive weed growth throughout the rear of the property leads to the potential harborage and infestation of insects and rodents, and needs to be removed and kept in compliance accordingly.

Code Section(s) in Violation:

- **2024 IPMC 302.4 Weeds.** *Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.*

### 3.  Trash/debris in rear of property

Throughout the property there is an accumulation of trash/debris, including a significant pile of what appears to be construction debris, in the rear courtyard. Accumulations of trash/debris/garbage/rubbish leads to potential insect and rodent infestations and potential accidental fires among other issues.

Code Section(s) in Violation:

- **2024 IPMC 308.1 Accumulation of rubbish or garbage.** *Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.*

### 4.  Rear wall brick grout significantly missing

The rear wall has extensive grout deterioration throughout it, leading to concerns of water and other environmental infiltration into the structure, along with stability concerns.

Code Section(s) in Violation:

- **2024 IPMC 304.1.1 Potentially unsafe conditions.** *The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

*4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.*

- **2024 IPMC 304.6 Exterior walls.** *Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.*
- **2024 IPMC 304.2 Protective treatment.** *Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.*

5. **Basement access doors with uneven surfaces and rust – tripping hazard, rodent access**
   The front basement access door has uneven surfaces and openings leading to a safety hazard from the potential for passerby's to trip, but openings from rust and separation also lead to weather infiltration and potential rodent harborage.

   Code Section(s) in Violation:

   - **2024 IPMC 302.3 Sidewalks and driveways.** *Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.*
   - **2024 IPMC 304.16 Basement hatchways.** *Every basement hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.*

6. **Rear fascia of roof significantly rotted/deteriorated**
   Rear fascia of roof is significantly deteriorated/rotted leading to concerns of rain and other environmental elements entering the building. This entrance over time can lead to rot, mold, mildew, and structural damage.

   Code Section(s) in Violation:

   - **2024 IPMC 304.1 General.** *The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.7 Roofs and drainage.** *The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.*

7. <u>Rear window frames and door/door frame deteriorated</u>

   The rear window frames and door frames are showing extensive deterioration, leading to environmental damage to the window itself and potential structural elements. Such damage can lead to rot, mold, mildew, and other issues.

   Code Section(s) in Violation:

   - **2024 IPMC 304.13 Window, skylight and door frames.** *Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.*

8. <u>Rear bump out structure/doorway deteriorated</u>

   The rear has a small bump out structure that is severally deteriorated and showing extensive wear. This leads to potential rot and exposure to weather and other environmental impacts.

   Code Section(s) in Violation:

   - **2024 IPMC 304.6 Exterior walls.** *Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.*
   - **2024 IPMC 304.2 Protective treatment.** *Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.*

9. <u>Rear basement window deteriorated/exposed</u>

   The rear basement window is deteriorated and exposed to the exterior environment as it appears to be open. This leads to significant concerns of weather infiltration along with rodent harborage. Longterm exposure to the elements, particularly in basements, can lead to rot, mold, mildew, and structural damage.

   Code Section(s) in Violation:

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

- **2024 IPMC 304.13 Window, skylight and door frames.** *Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.*
- **2024 IPMC 304.6 Exterior walls.** *Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.*
- **2024 IPMC 304.17 Guards for basement windows.** *Every basement window that is openable shall be supplied with rodent shields, storm windows or other approved protection against the entry of rodents.*

## 10. FRONT OF STRUCTURE HAS EXPOSED WIRING

On the front of the structure there is exposed wiring. This presents a fire hazard should these wires not be properly secured and may harm those that come in contact with them.

Code Section(s) in Violation:

- **2024 IPMC 605.1 Installation.** *Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.*

The administrator/applicant was provided with these violations in a Notice of Violation/Order to Correct dated March 23, 2026, with a date to correct by April 5th, 2026. They were also advised that due to the nature of these violations, an internal inspection was required to evaluate the extent of internal conditions/impacts with completion of such inspection due by April 17th, 2026. Steps were taken to remedy some of the smaller issues, but compliance has not been achieved, and no inspection has been authorized to determine the extent of conditions on the inside. An additional week was provided to schedule the inspection due to improvements made, but the administrator/applicant advised on April 23, 2026, that an internal inspection would not be approved.

One of the additional key reasons for finding and correcting violations at vacant/abandoned properties is due to the public safety risk associated with them. According to National Fire Protection Association (NFPA) Research, between 2011-2015, six (6) percent of structure fires occurred within vacant structures, but 13 percent of firefighter injuries occurred in/at vacant structures[4], showing injuries are more than twice as likely at vacant structures than occupied structures. This demonstrates the increased danger of these structures, and that without rigorously evaluating the risk of these structures through inspections, evaluations, and enforcement of codes, we are placing our first responders at an increased risk of harm.

NFPA's published article *Fire and Life Safety Considerations for Vacant Buildings*[5] highlights the means of which to protect first responders and community members when it comes to vacant buildings through NFPA's Fire & Life Safety Ecosystem. By enforcing codes properly, through steps such as reducing fuel

---

[4] National Fire Protection Association, Fires in Vacant Buildings (Marty Ahrens ed., 2018), https://content.nfpa.org/-/media/Project/Storefront/Catalog/Files/Research/NFPA-Research/Building-and-life-safety/osvacantbuildings.pdf, 3

[5] National Fire Protection Association, *Vacant buildings* (Mar. 4, 2022)

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

load, restricting access, and maintaining fire protection system, and by creating an informed public and regulatory authority, we can work to mitigate some of the risk associated with vacant structures.

Accordingly, I am seeking an Administrative Search Warrant to conduct full exterior and full interior inspections of the listed property, to

1)  Evaluate the overall safety and code compliance of the premises due to the existing violations present,

2)  Determine the structural safety and general code compliance of the structure(s) due to the conditions noted,

3)  To ensure violations found are and will be remediated, and

4)  To address potential fire and life safety hazards that may be present which may result in community member and first responder injuries or death through hazard identification and pre-incident planning.

### SUPPORTING DOCUMENTATION:

Exhibit A:     Property Identification

Exhibit B:     Vacant Property Registration

Exhibit C:     Notice of Violation March 23, 2026

Exhibit D:     Photographs

Exhibit E:     Vacant Property Registry Ordinance

Exhibit F:     Property Maintenance Ordinance

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT A

## Printable page

### PARID: 300033412002

MASSINO JOSEPH JR & MARY R                                                                2608 JENKINTOWN RD

### Parcel

| | |
|---|---|
| TaxMapID | 30339 015 |
| Parid | 30-00-33412-00-2 |
| Land Use Code | 4100 |
| Land Use Description | C - RETAIL, OFFICE, APTS. - MULTI-USE |
| Property Location | 2608 JENKINTOWN RD |
| Lot # | |
| Lot Size | 1641 SF |
| Front Feet | 22 |
| Municipality | ABINGTON |
| School District | ABINGTON |
| Utilities | ALL PUBLIC// |

### Owner

| | |
|---|---|
| Name(s) | MASSINO JOSEPH JR & MARY R |
| Name(s) | |
| Mailing Address | 518 CENTRAL AVE |
| Care Of | |
| Mailing Address | |
| Mailing Address | GLENSIDE PA 19038 |

### Current Assessment

| Appraised Value | Assessed Value | Restrict Code |
|---|---|---|
| 55,300 | 55,300 | |

### Estimated Taxes

| | |
|---|---|
| County | 302 |
| Montco Community College | 27 |
| Municipality | 341 |
| School District | 2,132 |
| Total | 2,802 |
| Tax Lien | Tax Claim Bureau Parcel Search |

### Last Sale

| | |
|---|---|
| Sale Date | 22-MAY-2015 |
| Sale Price | $1 |
| Tax Stamps | 0 |
| Deed Book and Page | 5954-02928 |
| Grantor | MASSINO JOSEPH JR |
| Grantee | MASSINO JOSEPH JR & MARY R |
| Date Recorded | 22-MAY-2015 |

### Sales History

| Sale Date | Sale Price | Tax Stamps | Deed Book and Page | Grantor | Grantee | Date Recorded |
|---|---|---|---|---|---|---|
| 05-22-2015 | $1 | 0 | 5954-02928 | MASSINO JOSEPH JR | MASSINO JOSEPH JR & MARY R | 05-22-2015 |
| 08-14-1989 | $1 | 0 | 4931-00626 | | MASSINO JOSEPH JR | 12-01-1989 |
| 10-15-1979 | $1 | 0 | - | | MASSINO MILDRED G | |

Case 2:26-cv-03216    Document 1-1    Filed 05/12/26    Page 340 of 398

## Lot Information

| | |
|---|---|
| Lot Size | 1641 SF |
| Lot # | |
| Remarks | L PT 745 |
| Remarks | |
| Remarks | |

## Commercial Parcel Summary

| | |
|---|---|
| No. of Cards | 1 |
| Land Use Code | 4100 |
| Gross Building Area (Total of all Cards) | 2,592 |
| Total Living Units | 1 |

## Commercial Parcel Summary

| Use | Area |
|---|---|
| DWG CONV-SALES | 864 |
| DWELLING | 864 |
| UNFIN RES BSMT | 864 |

## Commercial Card Summary

| | |
|---|---|
| Card | 1 |
| Imp Name | PARRA'S ELECTRONIC REPAIR |
| Structure Code | 105 |
| Structure | MIXED RESIDENTIAL/COMMERCIAL |
| Sprinkler | N |
| Units | |
| Identical Units | 1 |
| Year Built | 1935 |
| Gross Building Area | |
| Elevator/Escalator | N |

## Assessment History

| Appraised Value | Assessed Value | Restrict Code | Effective Date | Reason | Notice Date |
|---|---|---|---|---|---|
| 55,300 | 55,300 | | | O | 16-MAY-1997 |
| | 55,300 | | 01-JAN-1998 | REASSESSMENT | |
| | 3,500 | | 01-JAN-1997 | | |

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT B



**TOWNSHIP OF ABINGTON**
MONTGOMERY COUNTY, PENNSYLVANIA

## VACANT PROPERTY REGISTRATION FORM
### NON-RESIDENTIAL PROPERTIES ONLY

In accordance with Ordinance 2156 of the Township of Abington, all information requested below must be provided. Please type or print clearly. Only completed forms will be accepted. *Note that this application applies only to nonresidential properties.* Please complete this form and submit it to the Fire & Code Services Department.

**I.    PROPERTY INFORMATION:**

Full Address of the property: 2608 Jenkintown Rd, Glenside PA 19038.

Tax Parcel Number: 30003341300 2

Date that property was vacated: Unknown
NOTE: PLEASE PROVIDE (ATTACH) DOCUMENTATION.

Total number of buildings on parcel: 1

Total number of units on parcel: 2

Square footage of each unit: Unknown

Number of parking spaces available per building on parcel: 0

**II.    CONTACT INFORMATION:**

Owner's Information:

Lorenzo D. Natale (Administrator)
NAME

P.O. Box 673
ADDRESS:          NUMBER + STREET

Havertown, PA, 19085
CITY          STATE          ZIP

610 - 525 - 4506
PHONE: LANDLINE                    CELL

lorenzo-dinatale@yahoo.com
E-MAIL

If the owner is a corporation, LP, LLC, or some other form of partnership, the names, telephone numbers, mailing addresses, and e-mail addresses must be provided for the Chief Executive Officer, the

1



TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

Registered Officer(s), and the Managing Partners of the Corporation. Please provide (attach) that information on a separate page. One of the persons listed must reside within the Commonwealth of Pennsylvania.

Designated Agent's Information (THIS SHOULD BE THE EMERGENCY POINT OF CONTACT):

Lorenzo Di Natale
NAME

P.O. Box 673
ADDRESS:                    NUMBER + STREET

Havertown, PA        19083
CITY             STATE        ZIP

610-525-4506
PHONE: LANDLINE                    CELL

E-MAIL

---

### III.   SUBMISSION:

I hereby attest/swear that the information I have provided on this registration form is accurate and complete to the best of my knowledge.

The Fire & Code Services Department will contact the applicant to schedule mandatory inspections as per the requirements of Ordinance #2156 of the Township of Abington.

Principal Owner's Signature: _Lorenzo Di Natale_

Date: 4/11/25

All checks are required to be made payable to the Township of Abington.

If mailing a check, please mail to:    Abington Township
Attn: Fire & Code Services Department
1176 Old York Road
Abington, PA 19001

2



TOWNSHIP OF ABINGTON
MONTGOMERY COUNTY, PENNSYLVANIA

---

### THE FOLLOWING IS FOR INTERNAL USE ONLY:

Received by:_____    Date: _____

Permit #: _____    Permit Fee: _____

Check # _____    Receipt #: _____

---

**3**

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT C



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

March 23rd, 2026

ESTATE OF MARY MASSINO
CARE OF: LORENZO DINATALE
518 CENTRAL AVE
GLENSIDE, PA 19038

RE: NOTICE OF VIOLATION AND ORDER TO CORRECT

Dear Sir or Madam,

Enclosed, please find a Notice of Violation regarding your property located in Abington Township, PA. Please read it carefully.

Compliance or correction of the violation is the goal of this Notice of Violation, however, failure to remedy the violation by the date noted on the last page under "Required Date of Compliance/Correction" constitutes a civil offense which could be subject to the following:

1. You may be adjudged liable and, upon judgment, subject to a fine not exceeding $1,000.00 per violation, per day, plus applicable court costs, enforcement costs, and solicitors' fees.

2. If liability is established, the District Justice shall determine the date on which the violation commenced and may enter judgment in favor of the Township in an amount not exceeding $1,000.00 per day, per violation, plus all applicable costs.

3. The Abington Township Board of Commissioners may authorize the commencement of legal action against you in the Montgomery County Court of Common Pleas.

If you have any questions concerning the requirements noted, please contact the Code Enforcement office at 267-536-1000 or by email at CodeEnforcement@AbingtonPA.gov.

Chris Platz
Fire Marshal
Abington Township Fire Department &
Abington Township Code Enforcement Division

Method of Service: Emailed 03/23/2026



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

# NOTICE OF VIOLATION AND ORDER TO CORRECT

## 1) ACTION IS BEING TAKEN AGAINST THE FOLLOWING:

Owner Name    ESTATE OF MARY MASSINO

Care Of    LORENZO DINATALE

Address    518 CENTRAL AVE GLENSIDE, PA 19038

## 2) PROPERTY LOCATION

Address    2608 JENKINTOWN ROAD GLENSIDE, PA 19038

Parcel    30-00-33412-00-2

## 3) DESCRIPTION OF VIOLATION

1) DEMOLITION WITHOUT PERMITS – REAR 2ND STORY DECK

*A REAR DECK WAS REMOVED WITHOUT PERMITS SOMETIME BETWEEN JUNE 28, 2022 AND MARCH 7, 2023, AS VERIFIED BY AERIAL IMAGING. THERE HAVE BEEN NO PERMITS SUBMITTED OR INSPECTIONS CONDUCTED. THE STRUCTURE NOW LACKS A SECOND FLOOR REAR EXIT, RESULTING IN A SIGNIFICANT LIFE SAFETY HAZARD, SPECIFICALLY IN SITUATIONS OF FIRE RESPONSE. ADDITIONALLY, THE REMOVAL APPEARS INCOMPLETE/NON-COMPLIANT AS THERE ARE SIGNIFICANT HOLES LEFT IN THE WALL LEADING TO DETERIORATION OF THE GROUT IN THE WALL AND POTENTIAL STRUCTURAL DAMAGE FROM EXPOSURE.

You are therefore ordered to:    Properly secure property in accordance with International Property Maintenance Code.

Code Section(s) in Violation:    **34 Pa. Code § 403.42. Permit requirements and exemptions.** (a) An owner or authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a commercial building, structure and facility or to erect, install, enlarge, alter, repair, remove, convert or replace any electrical, gas, mechanical, or plumbing system regulated by the Uniform Construction Code shall first apply to the building code official and obtain the required permit under § 403.42a (relating to permit application).

**2024 IPMC 301.3 Vacant structures and land.** Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe,

**CODE ENFORCEMENT DIVION**
1176 Old York Road, Abington, PA 19001
www.AbingtonPA.gov | 267-536-1000



Thomas Hecker, *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Manager*

TOWNSHIP OF ABINGTON

secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.

## 2) WEEDS OVERGROWTH IN REAR OF PROPERTY

You are therefore ordered to:    Remove weeds from the property.

Code Section(s) in Violation:    **2024 IPMC 302.4 Weeds.** Premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 INCHES. Noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon failure of the owner or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 107.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of violation, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the owner or agent responsible for the property.

## 3) TRASH/DEBRIS IN REAR OF PROPERTY

You are therefore ordered to:    Remove all trash/debris from the rear courtyard area.

Code Section(s) in Violation:    **2024 IPMC 308.1 Accumulation of rubbish or garbage.** Exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

## 4) REAR WALL BRICK GROUT MISSING

You are therefore ordered to:    Repair/replace wall elements that are worn/damaged/missing.

Apply proper sealant/protective treatments.

Code Section(s) in Violation:    **2024 IPMC 304.1.1 Potentially unsafe conditions.** The following conditions shall be considered to be potentially unsafe, shall be assessed and shall be addressed in compliance with the International Existing Building Code, the International Residential Code or the International Building Code:

...

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or watertight.



Thomas Hecker *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman, *Township Mana.*

## TOWNSHIP OF ABINGTON

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

**2024 IPMC 304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

5) BASEMENT ACCESS DOORS WITH UNEVEN SURFACES AND RUST – TRIPPING HAZARD, RODENT ACCESS

You are therefore ordered to:   Repair/replace basement access doorway.

Alterations to door size/dimensions/structure requires a permit.

Code Section(s) in Violation:   **2024 IPMC 302.3 Sidewalks and driveways.** Sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

**2024 IPMC 304.16 Basement hatchways.** Every basement hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.

6) REAR FASCIA OF ROOF SIGNIFICANTLY ROTTED/DETERIORATED

You are therefore ordered to:   Repair and/or replace fascia materials.

Any replacement/removal of roof/siding requires permits.

Code Section(s) in Violation:   **2024 IPMC 304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**2024 IPMC 304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.



Thomas Hecker, Board President
Matthew Vahey, Board Vice President
Christopher Christman, Township Manager

TOWNSHIP OF ABINGTON

## 7) REAR WINDOW FRAMES AND DOOR/DOOR FRAME DETERIORATED

You are therefore ordered to:    Repair/replace window and door frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation:    **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

## 8) REAR BUMP OUT STRUCTURE/DOORWAY DETERIORATED

You are therefore ordered to:    Repair/replace window and door frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation    **2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

**2024 IPMC 304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. Siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. Metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

## 9) REAR BASEMENT WINDOW DETERIORATED/EXPOSED

You are therefore ordered to:    Repair/replace window and door frame/supporting structures. Modifications other than direct replacement will require a permit.

Code Section(s) in Violation:    **2024 IPMC 304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weathertight.

**2024 IPMC 304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.



Thomas Hecker. *Board President*
Matthew Vahey, *Board Vice President*
Christopher Christman. *Township Manager*

TOWNSHIP OF ABINGTON

**2024 IPMC 304.17 Guards for basement windows.** Every basement window that is openable shall be supplied with rodent shields, storm windows or other approved protection against the entry of rodents.

10) FRONT OF STRUCTURE HAS EXPOSED WIRING

You are therefore ordered to: Remove/repair/make safe the exposed electrical wiring. Any modifications to or removal of electrical wiring/equipment will require a permit.

Code Section(s) in Violation: **2024 IPMC 605.1 Installation.** Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.

**4) REQUIRED DATE OF COMPLIANCE/CORRECTION:**        **04/05/2026**

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT D

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Image of rear deck that was demolished without a permit leading to unsafe egress and exposure of wall elements.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 1:



*Image of rear deck that was demolished without a permit leading to unsafe egress and exposure of wall elements.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 2:



*Image of weed overgrowth in rear of property.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 3:



*Image of trash/debris in rear of property.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 4:



*Rear wall with significant grout missing.*

Case 2:26-cv-03216    Document 1-1    Filed 05/12/26    Page 358 of 398

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 5:



*Image of front basement doorway.*

# ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 6:



Image of deteriorated rear fascia.

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 7:



*Image of rear lower window and upper door deteriorated.*

# ADMINISTRATIVE SEARCH WARRANT
# SUPPLEMENTAL DOCUMENTATION

VIOLATION 8:



*Image of deteriorated rear bump out structure.*

## ADMINISTRATIVE SEARCH WARRANT
## SUPPLEMENTAL DOCUMENTATION

VIOLATION 9:



Image of rear basement window open and exposed wall elements.

VIOLATION 10:

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION



Image of exposed wiring in front.

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT E

## TOWNSHIP OF ABINGTON
### MONTGOMERY COUNTY, PENNSYLVANIA

### ORDINANCE NO. 2097

### AN ORDINANCE ENACTING CHAPTER 126 – "REAL ESTATE REGISTRY – VACANT PROPERTIES"

**WHEREAS,** the Township of Abington is a Township of the First Class, duly organized and existing pursuant to the applicable laws of the Commonwealth of Pennsylvania; and

**WHEREAS,** pursuant to section 1502.44 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56544, the Board of Commissioners has the authority to enact and amend provisions of the Abington Township Code ("Code") at any time it deems necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof; and

**WHEREAS,** pursuant to section 1502.10 of the First Class Township Code of the Commonwealth of Pennsylvania, 53 P.S. §56510, the Board of Commissioners has the authority to take all needful means for securing the safety of persons or property within the Township; and

**WHEREAS,** the Board of Commissioners of the Township of Abington has determined that Chapter 126 – "Real Estate Registry – Vacant Properties," should be enacted for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the Township and the inhabitants thereof.

**NOW, THEREFORE,** the Board of Commissioners of the Township of Abington does hereby **ENACT** and **ORDAIN** as follows:

1. Chapter 126 – "Real Estate Registry – Vacant Properties" is hereby enacted as reflected in Exhibit "A" attached hereto.

2. All other ordinances, portions of ordinances, or any section of the Code inconsistent with

{00311254;v4}

this Ordinance are hereby repealed.

3. This Ordinance shall become effective five (5) days after enactment.

**ORDAINED AND ENACTED** this ___9 ᵗʰ___ day of ___July___, 2015.

TOWNSHIP OF ABINGTON
BOARD OF COMMISSIONERS

Attest:

_____
Michael LeFevre, Secretary

By: _____
Wayne Luker, President

{00311254;v4}

Exhibit "A"

## §126-1.    Purpose.

The purpose of this Ordinance requiring registration of all vacant non-residential buildings is to assist the Township, and in particular the Code Enforcement Department, in protecting the public health, safety and welfare by monitoring the number of vacant non-residential buildings in the Township, to assess the effects of the condition of those buildings on nearby businesses and on the neighborhoods in which they are located, particularly in light of fire safety hazards and to promote substantial efforts to rehabilitate, rent or sell such vacant buildings. The provisions of this Ordinance are applicable to the owners of such vacant buildings as set forth herein and are in addition to and not in lieu of any and all other applicable provisions of the Township of Abington Code.

## §126-2.    Definitions.

As used in this ordinance, the following terms shall have the meaning indicated, unless a different meaning clearly appears from the context:

A. "Boarded" – A building or structure, if in place of one or more exterior doors, other than a storm door, or of one or more windows, there is a sheet or sheets of plywood or similar material covering the space for such door or window.

B. "Exterior and Major Systems Maintenance" – The safe and lawful maintenance of the façade, windows, doors, roof and all other parts of the exterior of the building and the maintenance of its major systems consisting of the roof, the electrical and plumbing systems, the water supply system, the sewer system, and the sidewalk, driveway, if any, and/or area of the lot, as applicable, in a manner consistent with the requirements of the codes of the Township of Abington, including, without limitation, the 1996 BOCA Property Maintenance Code.

C. "Occupied" – As applied to a building or structure subject to the provisions of this Ordinance, where one or more persons actually conducts a lawful business or resides in all or any part of the building as the licensed business occupant, or as the legal or equitable owner/occupant(s) or tenant(s) on a permanent, non-transient basis, or any combination of the same. For purposes of this Ordinance, evidence offered to prove that a building is so occupied may include, but shall not be limited to, the regular receipt of delivery of regular mail through the U.S. Postal Service; proof of continual telephone, electric, gas, heating, water and sewer services; a valid Township of Abington business license, or the most recent federal, state or Township of Abington income tax statements indicating that the subject property is the official business or residence address of the person or business claiming occupancy.

D. "Open" – A building, structure or dwelling unit subject to the provisions of this Ordinance that has one or more exterior doors, other than a storm door, broken or open, or that lack properly functioning locks to secure them; and/or a building, structure or dwelling unit

{00311254;v4}

subject to the provisions of this Ordinance that has one or more broken windows, or one or more windows that are not able to be locked and secured from intrusion, or any combination of the foregoing.

E. "Owner" – Any person, agent, operator, firm or corporation having legal or equitable interest in the property; or recorded in the official records of the County of Montgomery or the Township of Abington as holding title to the property; or otherwise having control of the property, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession of real property by a court.

F. "Vacant" – A building or structure subject to the provisions of this Ordinance in which no person or persons actually, currently conducts a lawfully licensed business, or lawfully resides or lives in any part of the building as the legal or equitable owner(s) or tenant-occupant(s) or owner-occupant(s), or tenant(s) on a permanent non-transient basis. For purposes of this Chapter, properties or buildings that can accommodate more than one use shall not be considered vacant if 60% or more of the available square footage of the building is occupied.

## §126-3.    Applicability.

The requirements of this Ordinance shall be applicable to the owner of any non-residential building that has been vacant for more than 45 consecutive days. Each such owner shall cause to be filed a registration statement as outlined herein.

## §126-4.    Registration Statement and Fees; Local Agent

A. Registration Statement.

The owner of any building that has been vacant for more than 45 consecutive days shall file a registration statement with the Abington Township Code Enforcement Department. The registration statement shall include the street address and tax map parcel number of each such vacant building, the names and addresses of all owners, working telephone numbers, and any other information deemed necessary by the Code Enforcement Department. All owners and/or agents are required to supply a point of contact or an emergency contact person(s) and a working telephone number that has service 24 hours a day and 7 days a week.

1. For purposes of this Ordinance, the following shall also be applicable:

   i. If the owner is a corporation, the registration statement shall provide the names and resident addresses of all officers and directors of the corporation and shall be accompanied by a copy of the most recent relevant filing with the secretary of state;

   ii. If the owner is an estate, the registration statement shall provide the name and business address of the executor of the estate;

{00311254;v4}

iii. If the owner is a trust, the registration statement shall provide the name and business address of all trustees, grantors and beneficiaries;

iv. If the owner is a partnership, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

v. If the owner is any other form of unincorporated association, the registration statement shall provide the names and residence addresses of all partners with an ownership interest in the property of ten percent or greater;

vi. If the owner is an individual, the registration statement shall provide the name and residence address of that person.

2. Registration shall be required for all vacant buildings, whether vacant and secure, vacant and open, or vacant and boarded, and shall be required whenever any building has remained vacant for 45 consecutive days or more. In no instance shall the registration of a vacant building be construed to exonerate the owner, agent or responsible party from responsibility for compliance with any other building code or housing code requirement. One registration statement may be filed to include all vacant buildings of the owner so registering, but the payment of all fees described herein are required for each property so registered.

3. Each registration statement shall be valid for a period of one (1) year. If the property remains vacant upon the expiration of the registration statement, the owner of the building shall be required to submit a new registration statement to the Code Enforcement Department.

B. Local Agent.

If none of the persons identified in the registration statement as an owner or agent thereof is shown on the registration statement to have an address within the Commonwealth of Pennsylvania, the registration statement shall also provide the name and address of a person who resides within the Commonwealth of Pennsylvania who is authorized to accept service of process on behalf of the owners and who shall be designated as a responsible local party or agent, both for purposes of notification in the event of an emergency affecting the public health, safety or welfare, and for purposes of service of any and all notices or registration statements as herein authorized and in connection herewith.

C. Registration Fees

{00311254;v4}

1.  There shall be no registration fee imposed for any registration filed within forty-five (45) days of the property first becoming vacant.

2.  A non-refundable fee of Five Hundred Dollars ($500.00) shall be imposed for any building registered more than forty-five (45) days after first becoming vacant, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township.

3.  A non-refundable fee of One Thousand Dollars ($1,000.00) shall be imposed for any building that has been vacant for at least six (6) months, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fee as indicated in Section C(2) above.

4.  A non-refundable fee of One Thousand Five Hundred Dollars ($1,500.00) shall be imposed for any building that has been vacant for at least one (1) year, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2) and C(3) above.

5.  For each successive six (6) month period that a building remains vacant, an additional fee of Five Hundred Dollars ($500.00) shall be imposed, regardless of whether the owner voluntarily registers such property or the vacancy is discovered by the Township. This fee shall apply regardless of whether the owner of the building registered the property and paid the applicable fees as indicated in Sections C(2), C(3) and C(4) above.

D.  Waiver of Registration Fee.

1.  Upon written application of the owner and upon satisfaction of the requirements set forth below, the Board of Commissioners may grant a waiver of the Five Hundred Dollar ($500.00) registration fee referenced in paragraph C(2) above. The waiver shall automatically expire after six (6) months from the date the property first becomes vacant. Upon expiration of the waiver, all provisions of this Chapter shall apply. No more than four (4) waivers shall be granted per property. The waiver shall be granted if the owner satisfactorily demonstrates the following:

    i.   The owner is in the process of demolition, rehabilitation, or other substantial repair of the vacant building; and

    ii.  The anticipated length of time for the demolition, rehabilitation or other substantial repair of the vacant building; and

{00311254;v4}

iii.  The owner is actively attempting to sell or lease the property at reasonable terms, including price, during the vacancy period; and

iv.  All past due vacant registration fees, if any, an all other financial obligations and/or debts owed to the Township in connection with the vacant property have been paid.

2.  The initial application shall be submitted to the Township Manager, or his/her designee, who shall review the application and make a recommendation to the Board of Commissioners based on the criteria set forth above.  The Board of Commissioners shall consider the Township Manager's recommendation within sixty (60) days of the date of receipt of the written application.

3.  At all times, the burden of proof shall remain upon the owner of the building to demonstrate that the waiver is appropriate in light of the above factors.  It is recommended that the owner submit any available photos, plot plan, layout plan, price, agent and information with the application for fee waiver to demonstrate the active marketing of the property.

E.  Inspection.    At the time of registration, the Township shall conduct an inspection of the premises, and advise the owner of any conditions that violate the Township property maintenance code or similar codes, and shall advise the owner of the actions necessary to abate such violation or violations.

## §126-5.    Appeal Rights.

Upon notification from the Code Enforcement Department that a property is vacant and requires registration, the owner shall have the right to appeal the imposition of the registration fees to the Board of Commissioners, upon filing an application in writing accompanied by a Fifty Dollar ($50.00) non-refundable filing fee to the Code Enforcement Department no later than thirty (30) calendar days from the date of the notice. On appeal, the owner shall bear the burden of providing satisfactory objective proof that the property is occupied, per the definition of the term "occupied" set forth in Section 2(c).

## §126-6.    Delinquent Registration Fee as a Lien.

After the owner is given notice that the registration fee(s) referenced in §126-4 above is due, and the owner fails to pay the amount due, said amount shall constitute a debt due and owing to the Township, and the Township may file a municipal lien against the property as provided for by law, as well as take all other available legal action in order to collect such debt.

## §126-8.    Duty to Amend Registration Statement.

If the status of the registration information changes during the course of any calendar year, it is the responsibility of the owner, or the responsible person or agent of the owner, to contact the Code

{00311254;v4}

Enforcement Department within thirty (30) days of the change and advise the department in writing of those changes.

### §126-9.     Exceptions.

This section shall not apply to any building owned by the United States, the Commonwealth, the Township, nor any of their respective agencies or political subdivisions.

### §126-10.     Violations and Penalties.

The failure or refusal for any reason of any owner, or agent of an owner acting on behalf of the owner, to register a vacant building or to pay the registration fee(s) required in this Chapter, or to otherwise fail to comply with the provisions of this Chapter shall constitute a summary offense punishable upon conviction thereof by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) for each failure or refusal to register, or for each failure or refusal to pay a required vacant building fee, as applicable. This penalty shall be in addition to the Five Hundred Dollar ($500.00) Registration fee.

### §126-11.     Repealer.

All prior ordinances or parts of prior ordinances which are inconsistent with this Ordinance are hereby repealed to the extent of such inconsistency.

### §126-12.     Severability.

In the even that any section, sentence, clause or word of this Ordinance shall be declared illegal, invalid or unconstitutional by any Court of competent jurisdiction, such declaration shall not prevent, preclude or otherwise foreclose the validity of the remaining portions of this Ordinance.

{00311254;v4}

ADMINISTRATIVE SEARCH WARRANT
SUPPLEMENTAL DOCUMENTATION

# EXHIBIT F



## TOWNSHIP OF ABINGTON
### Ordinance No. 2205

## ORDINANCE REPEALING CHAPTER 98 – "HOUSING STANDARDS," IN ITS ENTIRETY AND REPLACING IT AND REPEALING ALL INCONSISTENT ORDINANCES

**WHEREAS,** the Township of Abington is charged with the responsibility of protecting the health, safety, and welfare of its residents; and

**WHEREAS,** the Township has adopted a property maintenance code that governs the maintenance requirements of all properties within the Township; and

**WHEREAS,** the Board of Commissioners has determined that it is in the best interests of the health, safety and welfare of its residents to update the property maintenance requirements and modify certain standard provisions.

**NOW, THEREFORE, BE IT AND IT IS HEREBY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON AS FOLLOWS:**

**Section 1.**    **Repeal of existing provisions.** Chapter 98 "Housing Standards," is amended to repeal all provisions therein in their entirety.

**Section 2.**    **Amendment of Chapter 98.** Chapter 98 – "Housing Standards," is amended to enact the provisions set forth in Exhibit "A" hereto.

**Section 3.**    **Severability.** Should any section, paragraph, clause or phrase of this Ordinance be declared unconstitutional or invalid by legislation or a court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, and shall remain in full force and effect.

**Section 4.**    **Inconsistencies.** All prior ordinances, resolutions and/or other official acts or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistencies.

**Section 5.**    **Effective Date.** This Ordinance shall take effect five (5) days after enactment.

**DULY ORDAINED, ENACTED AND ADOPTED BY THE BOARD OF COMMISSIONERS OF TOWNSHIP OF ABINGTON THIS ___ DAY OF _____, 2023.**

ABINGTON TOWNSHIP

Thomas Hecker, President
Board of Commissioners

ATTEST:

Richard J. Manfredi,
Township Manager & Secretary
{01584884;v3}



## Exhibit "A"

### § 98-1  Adoption of Standards

The Board of Commissioners of the Township of Abington does hereby enact and ordain by adoption the International Property Maintenance Code of 2021, or the latest version thereof as approved and released by the International Code Council, and the whole thereof, except such portions as are deleted, modified, amended or added by this chapter. The same is hereby adopted and incorporated as fully as if set out at length herein, and from the date on which this chapter takes effect, the provisions thereof shall be controlling within the limits of the Township of Abington.

### § 98-2  Amendments to Standards

The International Property Maintenance Code of 2021 is amended as set forth herein. Such amendments shall be incorporated into any subsequent version of the International Property Maintenance Code as approved and released by the International Code Council without further action by the Board of Commissioners of the Township of Abington.

A. Section 101.1 shall be amended to reference the "Township of Abington."

B. Section 103.1 shall be amended to reference the "Code Enforcement Division of the Township of Abington."

C. Section 110.4 shall be amended to read as follows:

110.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine of not less than $500.00 dollars or more than $1,000.00 dollars.

D. Section 302.4 shall be amended to include a maximum height of ten (10) inches.

E. Section 302.4.1 shall be added and shall read as follows:

302.4.1 Prohibited Use of Defoliants and Herbicides: The use of defoliants, herbicides or similar chemicals to completely or substantially defoliate a parcel, property or lot, whether to avoid having to maintain that parcel, property or lot by mowing, pulling of weeds, etc., or for any other reason, is prohibited. For the purposes of this section, the term "substantially" shall mean 20% or more of any parcel, property or lot, except any greater area as may be approved by the Abington Township Code Enforcement Department. Any such approval shall be in writing, and shall be granted prior to the application of the defoliant, herbicide, or similar chemical

F. Section 302.8 shall be amended read as follows:

302.8 Motor vehicles. Except as provided for in other regulations, inoperative, unlicensed or uninsured motor vehicles shall not be parked, kept or stored on any premises, and vehicles shall not at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an approved spray booth. Storage, parking, abandonment or keeping of any licensed or unlicensed motor vehicle, vehicle, watercraft, trailer, or any parts thereof shall not be permitted on any lawn or grass area.

{01584884;v3}

Exception: A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and approved for such purposes.

G. Section 302.8.1 shall be added, and shall read as follows:

302.8.1 Residential property: No residential property is permitted to keep or store any truck more than 18 feet in length, 80 inches in width or more than 8,200 pounds in gross vehicle weight (GVWR) or motor-driven trucks and truck tractors designed to carry personal property or vehicle-servicing equipment, including but not limited to hoists, ladders or towing mechanisms. On streets of residential zoning no commercial vehicles may be parked, kept or stored if more than 80 inches in width and/or more than 11,000 pounds in gross vehicle weight (GVWR). Exception: If making a legitimate delivery to a residential property and the truck is properly and safely parked, the delivery may be completed.

Exception: Vehicles may be repaired in certain districts where repairs are permitted by district regulations.

H. Section 304.14 shall be amended to read as follows:

304.14 Insect screens. During the period from May 15 to October 15, every door, window and other outside opening required for ventilation of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with approved tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

Exception: Screens shall not be required where other approved means, such as air curtains or insect repellent fans, are employed.

I. Section 602.3 shall be amended to

602.3 Heat supply. Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 15 to May h 15 to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.

Exceptions:

1. When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.

2. In areas where the average monthly temperature is above 30°F (-1°C), a minimum temperature of 65°F (18°C) shall be maintained.

J. Section 602.4 shall be amended to read as follows:

(01584884;v3)

602.4 Occupiable work spaces. Indoor occupiable work spaces shall be supplied with heat during the period from October 15 to May 15 to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.

Exceptions:

1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.

K. Section 606.2 shall read as follows:

606.2 Elevators. In buildings equipped with passenger elevators, not less than ½ of the total number of elevators, rounded up to the next whole number of total elevators, shall be maintained in operation at all times when the building is occupied.

Exception: Buildings equipped with only one elevator shall be permitted to have the elevator temporarily out of service for testing or servicing.

L. Sections 704.8 and 704.9 shall be added and shall read as follows:

704.8  Fire extinguishers in living units. A portable fire extinguisher having a minimum rating of 1-A:10-B:C shall be installed within each dwelling unit. For multi-family dwelling units, compliance with this Section shall be as follows: 25% of all living units on or before December 31, 2023; 50% of all living units on or before December 31, 2024; 75% of all living units on or before December 31, 2025; 100% of all living units on or before December 2026.

704.9 Smoke alarms in rental units. Smoke alarms shall be installed and maintained in accordance with 704.6.1.1 through 704.7 in all living units used for rental purposes.

M. Section 705.1.1 shall be added and shall read as follows:

705.1.1 Carbon monoxide alarms in rental units. Carbon monoxide alarms and carbon monoxide detection systems shall be installed and maintained in all living units used for rental purposes.

{01584884;v3}

Case 2:26-cv-03216   Document 1-1   Filed 05/12/26   Page 378 of 398

# EXHIBIT "M"

4/29/26, 8:19 PM

PXL_20260417_160245987.jpg (3000×4000)

file:///C:/Users/penpublic/Desktop/PXL_20260417_160245987.jpg

1/1







4/29/26, 8:18 PM



PXL_20260417_160343476.MP.jpg (3000×4000)





4/29/26, 8:22 PM

PXL_20260423_154156739.jpg (4000×3000)

file:///C:/Users/penpublic/Desktop/PXL_20260423_154156739.jpg

1/1











PXL_20260425_181804139.jpg (4000×3000)



4/30/26, 9:35 AM

PXL_20260417_160536556.MP.jpg (3000×4000)

file:///C:/Users/UDPPublic/Desktop/PXL_20260417_160536556.MP.jpg

1/1




**STRUCTURED**

April 13, 2026

Estate of Mary Massino
Care of: Lorenzo DiNatale
518 Central Avenue
Glenside, PA 19038

**RE:   Notice of Violation and Order To Correct**
**2608 Jenkintown Road**
**Glenside, PA 19038**

Dear Lorenzo:

On March 23, 2026, the Township of Abington issued a Notice of Violation and Order to Correct for the property at 2608 Jenkintown Road in Glenside. Structured visited the property on April 7, 2026, to observe the items noted in the violation that pertain to the structure of the building only and perform an engineering assessment of these same items. This report contains the results of the engineering assessment for the items in the Notice of Violation that pertain to structure and provides recommended repairs if warranted.

## EXISTING BUILDING CONSTRUCTION

The existing building is a two-story, attached residential building with a basement and two residential floors above grade. Although the structure is concealed by finishes, given the age of the existing building, the structure most likely consists of double-wythe brick bearing, exterior, and party walls supporting vintage wood floor and roof joists. The double-wythe brick walls are most likely supported by rubble stone basement walls.

## STRUCTURAL VIOLATIONS AND ENGINEERING ASSESSMENT

The Notice of Violation stated that the following conditions that pertain to the structure of the building are in violation:

1. ***Rear 2ⁿᵈ story deck*** *– The removal appears incomplete/non-compliant as there are significant holes left in the wall leading to deterioration of the grout in the wall and potential structural damage from exposure.*
4. ***Rear wall brick grout missing*** *– Repair/replace wall elements that are worn/damaged/missing. Apply proper sealant/protective treatment.*
8. ***Rear bump out structure/doorway deteriorated*** *– Repair/replace window and door frame supporting structures.*

2608 Jenkintown Road                         Engineer's Report                              Page 1 of 3

A second floor deck was observed to have been previously removed. Prior to the site visit, the Client provided a photo showing empty beam pockets in the rear exterior double-wythe brick wall where deck beams were previously supported. This photo also shows significant paint wearing on the first floor wood vestibule providing entry through the rear exterior wall.

At the time of the site visit, empty beam pockets had been filled with grout. The remaining rear exterior brick wall can be considered in fair condition. Bricks and mortar joints are intact with no visible cracking, and there is no indication that the structural integrity of the rear exterior brick wall is compromised. Therefore, the rear exterior brick wall can be expected to function properly when considering structural strength and serviceability. The wood vestibule was observed to have been cleaned and painted and returned to a state of good repair. No significant wood checks or splits, deterioration, or rotting was observed. Therefore, the wood vestibule can be expected to function properly when considering structural strength and serviceability.

 

Photo 1: Rear Brick Wall and Wood Vestibule Prior To Site Visit and Repairs

Photo 2: Rear Brick Wall and Wood Vestibule During Site Visit After Completed Repairs

Recommended Repairs: Repairs addressing the structural deficiencies were completed prior to the site visit, therefore no further structural repairs are recommended.

## REPORT LIMITATIONS

This report has been prepared in response to a specific Notice of Violation and Order To Correct. Only items related to that specific violation pertaining to structure have been reviewed and addressed. No other existing conditions were observed. This report makes no warranty, either written or implied, that all other existing conditions are satisfactory. If additional structural deficiencies are discovered, notify the engineer of and await direction prior to proceeding.

Please feel free to contact me if you have any further questions.

Thanks,



Ed Cahan, P.E., S.E.
PE081318
Structured, LLC



**STRUCTURED**

April 13, 2026

Estate of Mary Massino
Care of: Lorenzo DiNatale
518 Central Avenue
Glenside, PA 19038

**RE:    Notice of Violation and Order To Correct**
**490 Tyson Avenue**
**Glenside, PA 19038**

Dear Lorenzo:

On March 23, 2026, the Township of Abington issued a Notice of Violation and Order to Correct for the property at 490 Tyson Avenue in Glenside. Structured visited the property on April 7, 2026, to observe the items noted in the violation that pertain to the structure of the building only and perform an engineering assessment of these same items. This report contains the results of the engineering assessment for the items in the Notice of Violation that pertain to structure and provides recommended repairs if warranted.

## EXISTING BUILDING CONSTRUCTION

The existing building is a single-story, semi-detached commercial building with large roll-up garage doors and a low-slope roof. A portion of the building at the south-west corner of the property consists of two stories with a gable roof. The existing building is constructed with CMU bearing walls around the perimeter of the structure and steel beams or steel bar joists providing the roof framing.

## STRUCTURAL VIOLATIONS AND ENGINEERING ASSESSMENT

The Notice of Violation stated that the following conditions that pertain to the structure of the building are in violation:

1. *Significant hole and deterioration on the southern metal wall – This hole and the deterioration lead to significant cause for concern as to the overall conditions of the structure. The deterioration leads to potential negative effects on the structural stability of the wall behind being exposed to the elements.*

The metal wall enclosing the south side of the building was observed to have minor dents, dings, and some missing section, particularly at east corner of the base of the wall. However, the metal wall was observed to be a non-load-bearing exterior wall that only serves to clad the building and make the space north of the wall an interior space. The roof structure inboard of the metal wall

490 Tyson Avenue                     Engineer's Report                     Page 1 of 4

was observed to consist of metal deck supported by steel bar joists spanning in the east-west direction between CMU bearing walls. Lateral loads are resisted by the CMU walls supporting the steel bar joists. Therefore, the condition of the metal wall has no impact on the structural integrity of the building.



Photo 1.1 – Non-Load-Bearing Metal Wall Cladding



Photo 1.2 – Interior View of Cladding Wall Showing the Wall Is Non-Load-Bearing

Photo 1.3 – Roof Structure Supported By CMU Walls

Recommended Repairs: As it relates to the structural integrity of the metal wall and the overall building, no repairs are recommended.

7. ***Front wall adjacent to south-east door in state of disrepair*** *– Repair/replace the wall and make safe. Extensive wear of grout/general deterioration.*

The south CMU wall adjacent to the south-east door was observed to have a layer of cementitious parging partially covering the wall with the remaining portions of cementitious parging missing. Mortar joints between the individual CMU blocks were observed to be present and in fair condition. The CMU blocks themselves were observed to be in good condition. The cementitious parging is not critical to structural integrity or serviceability of the CMU wall.



Photo 7.1 South CMU Wall

Recommended Repairs: As it relates to the structural integrity and serviceability of the CMU wall and the overall building, no repairs are recommended. The current condition of the wall does not warrant structural repair or replacement.

## REPORT LIMITATIONS

This report has been prepared in response to a specific Notice of Violation and Order To Correct. Only items related to that specific violation pertaining to structure have been reviewed and addressed. No other existing conditions were observed. This report makes no warranty, either written or implied, that all other existing conditions are satisfactory. If additional structural deficiencies are discovered, notify the engineer of and await direction prior to proceeding.

Please feel free to contact me if you have any further questions.

Thanks,



Ed Cahan, P.E., S.E.
PE081318
Structured, LLC